```
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------X
SYNCHRONY BANK,                                              Index No. CV-005361-23/BX
                          Plaintiff,
        -against-                                            DECISION & ORDER

ERIKA N. WILSON,                                             Present:
                          Defendant.                         Hon. Lauren L. Esposito
                                                             Judge of the Civil Court
----------------------------------------------------------X
```

As required by CPLR 2219(a), the following papers were considered in reviewing the underlying motion:

| PAPERS | NUMBERED |
|---|---|
| Defendant's Notice of Motion, Affidavits in Support with Exhibits | 1 |
| Plaintiff's Affidavit in Opposition | 2 |
| Defendant's Reply Affidavit | 3 |

The plaintiff Synchrony Bank (the plaintiff) commenced this consumer credit action by summons and complaint on or about May 30, 2023. The defendant Erika N. Wilson (the defendant) filed an answer, on or about September 18, 2023, asserting general denials and several affirmative defenses, including that the court lacks personal jurisdiction over the defendant because she was not properly served with the summons and complaint.

Currently before the court is the defendant's motion to dismiss the complaint, dated October 13, 2023, arguing that pursuant to CPLR 3211(a)(8) the court lacks personal jurisdiction over the defendant or alternatively requesting the court hold a traverse hearing to determine whether service of process was proper. On March 7, 2024, the parties appeared by counsel and the court heard argument on the fully briefed motion and reserved decision. For the reasons that follow, the court grants the defendant's motion to the extent of ordering a traverse hearing.

In support of her motion, the defendant submits a personal affidavit and an affidavit of her mother, Shemin Wilson, rebutting that service was made in the manner described in the affidavit of service. The affidavit of service states that on June 8, 2023 at 3:16 p.m. process server Benjamin Lamb effectuated substituted service on Chante Wilson, a co-resident and a person of suitable age and discretion at the defendants' address at 3540 Decatur Avenue, Apt 1G in the Bronx. The affidavit describes the individual as female, with black skin and hair, 25 years old, 131-160 pounds, and 5'4" to 5'6" tall. Affidavits of both defendant and her mother aver that they were only the only adults living in the apartment at that time and that they were not home on that day and time and were instead at the hospital because the defendant gave birth to a baby girl a few days earlier on June 6, 2023 who was immediately admitted to the NICU and remained there until her release on June 10, 2023.

The motion papers also include an attorney affirmation with several supporting exhibits including all affidavits of service signed by Benjamin Lamb for which he states he served papers on June 8, 2023, the same date stated in the affidavit of service for this action. The defendant's

counsel contends that based on a google maps search, which is attached, it is inconceivable that Lamb could have served papers at the defendant's residence given that he also served papers before and after that time within minutes.[1]

By affirmation dated January 10, 2024, the plaintiff opposed the motion, arguing, that the defendant's conclusory denial of receipt of the summons and complaint is insufficient to raise any issue of fact to rebut the affidavit of the process server. The plaintiff further states that the statements that it was not conceivable that the process server could not have served the defendant and others within the time frames provided should not be considered, because the defendant's counsel is not an expert.

When an issue of fact is raised as to the whether the plaintiff validly served the defendant, a traverse hearing should be held (see Noah Bank v. Hudson Produce, Inc., 161 AD3d 573 [1st Dept 2018]; Kim v Coleman, 56 AD3d 259, 259-60 [1st Dept 2008] ["traverse hearing was properly ordered in light of the conflicting accounts provided by plaintiff's process server, and defendant and his office manager, regarding how and whether service was properly effectuated upon defendant"] Inv'rs Bank v Copio Inc. [N.Y. Sup Ct, Kings County 2022]["[i]n light of the conflicting affidavits as to whether service was properly effectuated upon defendant guarantor, the defendants' motion pursuant to CPLR 3211 (a)(8) to the dismiss the action insofar as asserted against the defendant guarantor is granted to the extent of setting this matter down for a traverse hearing before a special referee"]). Here, given the conflicting affidavits as to whether service was properly effectuated upon the defendant, the defendant's motion is granted to the extent of setting this matter down for a traverse hearing.

Accordingly, it is hereby,

**ORDERED** that the defendant's motion is granted to the extent of ordering a traverse hearing, to be held on June 5, 2024 at 2:15 p.m., Room 504, 851 Grand Concourse, Bronx, NY; and it is further,

**ORDERED**, the plaintiff is directed to produce its process server as a witness and the defendant shall produce any witnesses she intends to have testify on her behalf, all parties shall also bring three copies of any documentary evidence that intend to rely upon at the traverse hearing.

---

[1] The defendant also contends, citing a federal court action, that process server Benjamin Lamb has a history of lying about service. In that action, which eventually settled, "Plaintiffs allege that Defendants — a debt-buying company, a law firm, a process service company, and affiliated entities and individuals — engaged in abusive debt collection practices to obtain default judgments against hundreds of thousands of consumers in state court. Plaintiffs allege that Defendants did so by engaging in "sewer service," the practice of filing fraudulent affidavits attesting to service of a summons and complaint when service was not in fact made" (Sykes v Harris, 09 CIV. 8486 (DC), 2016 WL 3030156, at *1 [SDNY May 24, 2016]). The defendant provides the affidavit of an expert provided to the federal court who had reviewed 16,539 affidavits of service signed by Lamb, finding that in over 90% of them Lamb claimed to have performed substituted service. The plaintiff contends that the court should disregard the information provided by the defendant about the process server in the federal case, because the defendant was not a party to that action. In light of the court's finding that the defendant rebutted the presumption of service, the court need not address these arguments.

Index No. CV-00...

The clerk is directed to mail a copy of this order to all parties.

This constitutes the decision and order of the Court.

Dated: April 25, 2024
Bronx, New York

Hon. Lauren L. Esposito, J.C.C.

**ENTERED**
APR 26 2024
CIVIL COURT
BRONX COUNTY