*TO: DCA*
*From: Benjamin Lamb*

 **Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

Under New York City law, licensed process servers and process serving agencies must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice. See Title 6, Rules of the City of New York § 2-236(c). Licensees may use Part I of this form to report the hearing. See the back for submission methods.

> *Note:* The licensed process server individual and the process serving agency for whom the individual serves process must each submit a completed Traverse Report Form.

## PART I – REPORT OF HEARING

| | |
|---|---|
| **Date of Hearing** 4/1/13 | |
| **Court** Civil | **County** New York |
| **Part** C | **Index No.** 13 N052815 |
| **Judge** N/A | |
| **Petitioner/Plaintiff** Nadir Benoit Elsied | **Petitioner/Plaintiff's Attorney** *(include firm's name)* Michael B. Palillo |
| **Respondent/Defendant** David Berk | **Respondent/Defendant's Attorney** *(include firm's name)* N/A |
| **Date of Service** 2/8/13 | |
| **Process Server Name** Benjamin Lamb | **DCA License No.** 1071492 |
| **Process Serving Agency Assigning Service** Supreme Judicial Services, Inc License # 1092373 | |

**IMPORTANT:** Licensed process servers must report the result of the traverse hearing to DCA within 10 days of learning it. Licensees may use Part II of this form, located on the back, to report the result by e-mail, fax, or certified mail.

To: DCA
From: Benjamin Lamb - Lic#1071492



**Department of
Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

## PART II – REPORT OF RESULT

The licensed process server individual and the process serving agency must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by mail or e-mail to learn the result of the traverse hearing.

If the licensee does not receive a response within 60 days, the licensee must search the court records a minimum of two occasions for the result of the traverse hearing.

Within 100 days of the hearing date, the licensee must report to DCA either the result of the traverse hearing OR that he/she made the required attempt to learn the result without success. See Title 6, Rules of the City of New York § 2-236(c) (2011).

**Result (Check ONE box only.)**

Traverse was:

☒ Sustained (improper service)
☐ Overruled (proper service)
☐ Decision Reserved
☐ Settled
☐ Did Not Learn Result

**Comments**

I was not able to attend the traverse Hearing.

Signature _____   Date 5/31/13

Please use ONE of the following methods to submit this form and attachments to DCA:
- E-mail    TraverseReports@dca.nyc.gov OR
- Fax    (212) 487-4390 OR
- Mail to:    Department of Consumer Affairs
    Legal Division
    42 Broadway, 9th Floor
    New York, NY 10004

 **Department of
Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES WHO SIGNED A CONSENT ORDER

Process servers and process serving agencies both must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice that such a hearing has been scheduled. See Title 6, Rules of the City of New York 2-236(ad). Use Part I of this form to report the scheduled hearing. Submit this form and any attachments to DCA by emailing TraverseReports@dca.nyc.gov .

> *Note: Both process server and the process serving agency must **each** submit a complete Traverse Report Form.*

## PART I – REPORT OF HEARING

| | |
|---|---|
| **Date of Hearing** 6/20/2019 | |
| **Court** Civil | **County** Bronx |
| **Part** E | **Index No.** 4713-18 |
| **Judge** Diane E. Lutwak | |
| **Petitioner/Plaintiff** 245 E 207 operating corp | **Petitioner/Plaintiff's Attorney** *(include firm's name)* Goldberg Lustig · Steckler |
| **Respondent/Defendant** Idil Haner | **Respondent/Defendant's Attorney** *(include firm's name)* |
| **Date of Service** 2/28/2018 | |
| **Process Server Name** Benjamin Lamb | **DCA License No.** 1071492 |
| **Process Serving Agency Name/DCA License No.** Keithway DBA Kenco Process Serving MS1622 | |
| **I am submitting this form as:** | ☐ A process server individual<br>☒ An authorized representative of the process serving agency |

**Signature** _____   **Date** 6/17/19

**IMPORTANT** Process servers and process serving agencies both must report the final result of the traverse hearing to DCA within 10 days of learning the final result. See Title 6, Rules of the City of New York 2-236(c). Use Part II of this form to report the final result of the traverse hearing.

 **Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

### PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is not a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

| Final Result (*Check ONE box only.*) |
|---|
| Traverse was: |
| ☐ Sustained (improper service) |
| ☐ Overruled (proper service) |
| ☐ Settled (Please provide details below.) |
| ☑ I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result. |
| ☐ Other (Provide details below, including any reason(s) that the traverse hearing was not held.) |

| Comments |
|---|
|  |

Signature _____     Date 8/16/19

Print Name ___Keith Wool___

 **Department of
Consumer Affairs**

TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is not a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

**Final Result (Check ONE box only.)**

Traverse was:
- ☒ Sustained (improper service)
- ☐ Overruled (proper service)
- ☐ Settled (Please provide details below.)
- ☐ I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result.
- ☐ Other (Provide details below, including any reason(s) that the traverse hearing was not held.)

**Comments**



Signature _____    Date 11/4/19

Print Name _____ Keith Won DBA Kenco _____

Civil Court of the City of New York
County of Bronx

Index No: **CV-073546-06/BX**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

LR CREDIT 10, LLC

                                 Plaintiff(s)
          -against-
MARY CORTI

                                 Defendant(s)

**REPORT OF A TRAVERSE
HEARING**

To:  New York City Department of Consumer Affairs
     Attn: Legal Division
     42 Broadway, 9th Floor
     New York, NY 10004

From: Hon. **DONALD A. MILES**
      **JUDGE, CIVIL COURT**
      Civil Court , City of New York
      County of Bronx

A traverse hearing was held before me in Part ___39___ on ___August 13, 2014.___

on the sufficiency of service on index number **CV-073546-06/BX**.

The name of the process server is ___Benjamin Lamb___

The license of the process server is ___107149 2___

Traverse was: ___✓___ Sustained ( Service was improper)

                _____ Overruled ( Service was proper)

Comments: ( was based on default of plaintiff/ plaintiff process server) other ___No Log,___
___No GPY Device, No GPS Records.___

See copy of the decision attached

Date: ___8/13/2014.___                      _____
                                            Judge, Civil Court

Civ GP 30 (Dec 2005)

Page 1 of 2

# Civil Court of the City of New York

County of BRONX

Part

Index Number 073546-06

LR Credit 19, LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Mary Carti,

Defendant(s)/Respondent(s)

# DECISION/ORDER

Defendant's Traverse challenge is sustained. Plaintiff's witness, process server, did not have a log (which is no longer required); however, said witness, _to me_, They submitted a GPS device and recording therefrom. Additionally, witness could not actually remember service, subsequent to being refreshed by affidavit of service. It is the burden of plaintiff to prove, through a fair or reasonable preponderance of credible evidence, that defendant was properly served.

Defendant denies the service and specifically refutes the identity of the person who allegedly received substituted

_____          _____
Date                                              Judge, Civil Court

CIV-GP-41 (January, 1998)

Page 2 of 2

# Civil Court of the City of New York

County of ___Bronx___
Part

Index Number ___073548 - 06___

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Defendant(s)/Respondent(s)

## DECISION/ORDER

Service, Hence, plaintiff cannot
sustain its burden, Therefore burden never
shifted to defendant.
　　Accordingly, Plaintiff's case is
dismissed.
　　This constitutes The Decision and
Order of the court.

Civil Court
of the
City of New York

AUG 13 2014

ENTERED
BRONX COUNTY

___8-13-14___
Date

_____
Judge, Civil Court

DONALD A. MILES
JUDGE, CIVIL COURT

CIV-GP-41 (January, 1998)

 **Department of
Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

Process servers and process serving agencies both must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice that such a hearing has been scheduled. See Title 6, Rules of the City of New York § 2-236(a). Use Part I of this form to report the scheduled hearing. Submit this form and any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov.

> *Note: Both the process server and the process serving agency must each submit a completed Traverse Report Form.*

## PART I – REPORT OF HEARING

| | | |
|---|---|---|
| Date of Hearing 8/21/2019 | | |
| Court Civil | County Bronx | |
| Part J Room 490 | Index No. 21516/19 | |
| Judge N/A | | |
| Petitioner/Plaintiff Samaritan Daytop Village inc | Petitioner/Plaintiff's Attorney *(include firm's name)* Goldberg Lustig & Steckler | |
| Respondent/Defendant Chandler Boswell John Doe Jane Doe | Respondent/Defendant's Attorney *(include firm's name)* | |
| Date of Service 5/4/2019 | | |
| Process Server Name Benjamin Lamb | DCA License No. 1071492 | |
| Process Serving Agency Name/DCA License No. Renco Process Serving | | |
| I am submitting this form as: ☐ A process server individual | | |
| ☑ An authorized representative for the process serving agency | | |

Signature _____    Date 8/19/19

**IMPORTANT:** Process servers and process serving agencies both must report the final result of the traverse hearing to DCA within 10 days of learning the final result. See Title 6, Rules of the City of New York § 2-236(c). Use Part II of this form to report the final result of the traverse hearing.

 Department of
Consumer Affairs

TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is not a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

**Final Result (Check ONE box only)**

Traverse was:

☐ Sustained (improper service)
☐ Overruled (proper service)
☐ Settled (Please provide details below.)
☐ I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result.
☒ Other (Provide details below, including any reason(s) that the traverse hearing was not held.)

**Comments**

Case Dismissed
No Log Book    Proess Server
              Benjamin Lany

Signature: _____    Date: 2/18/20

Print Name: Keith wohl

Civil Court of the City of New York
County of Bronx

Index No: **CV-046199-08/BX**

|||||| barcode ||||||

LR CREDIT 17, LLC

                    Plaintiff(s)

      -against-

AMERICO SANTIAGO

                    Defendant(s)

**REPORT OF A TRAVERSE
HEARING**

To: New York City Department of Consumer Affairs
    Attn: Legal Division
    42 Broadway, 9th Floor
    New York, NY 10004

**PAUL L. ALPERT
JUDGE, CIVIL COURT**

From: Hon. _____
      Civil Court , City of New York
      County of Bronx

A traverse hearing was held before me in Part **39** on **September 11, 2014**

on the sufficiency of service on index number **CV-046199-08/BX**.

The name of the process server is **Benjamin Lamb**

The license of the process server is **1071492**

Traverse was: __**X**__ Sustained ( Service was improper)

          _____ Overruled ( Service was proper)

Comments: ( was based on default of plaintiff/ plaintiff process server) other **Decision based on
default of plaintiff and plaintiff's process server**

See copy of the decision attached

Date: **9/11/14** _____

                                   Judge, Civil Court _____

                                   **PAUL L. ALPERT
                                   JUDGE, CIVIL COURT**

Civ GP 30 (Dec 2005)

**Civil Court
of the
City of New York
SEP 11 2014
ENTERED
BRONX COUNTY**

**Civil Court of the City of New York**

County of ___BRONX___

Part 39

Index Number __CV-046199-08__

LR Credit 17, LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Americo Santiago

Defendant(s)/Respondent(s)

**DECISION/ORDER**

This matter having been set for a Traverse hearing today by a previous order of the court is hereby dismissed based upon plaintiff's default. Defendant has appeared but Plaintiff + Plaintiff's process server has failed to appear. The traverse is sustained, and the action is dismissed for lack of personal jurisdiction over defendant. The default judgment is hereby vacated and all bank account restraints, wage garnishments and other levies/liens are also vacated. Plaintiff is directed to return any/all funds collected in connection with the default judgment to Defendant. This constitutes the decision/order of the court.

9|11|14

Date

Civil Court of the City of New York

SEP 11 2014

**ENTERED**
**BRONX COUNTY**

Judge, Civil Court
PAUL L. ALPERT
JUDGE, CIVIL COURT

CIV-GP-41 (January, 1998)