CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
SYNCHRONY BANK

PLAINTIFF,

-AGAINST-

ERIKA N WILSON

DEFENDANT.
-----------------------------------------------------------X

INDEX NUMBER  **CV-05361-23/BX**

FILE NO. G1756067

**AFFIRMATION IN OPPOSITION
TO THE MOTION TO DISMISS**

Christopher Pavlik, Esq., hereby subscribes and affirms that:

1.      I am an attorney with Selip & Stylianou, LLP, attorneys for  Synchrony Bank (hereinafter the "Plaintiff") herein, and as such, I am fully familiar with the facts and circumstances of this matter, based upon my review of the file maintained by this office, which contents I believe to be true and accurate.

2.      Plaintiff submits this Affirmation in Opposition to the Motion to Dismiss of ERIKA N WILSON (hereinafter the "Defendant") currently returnable January 11, 2024, which seeks to dismiss this court action.

## PROCEDURAL HISTORY

3.      This action was commenced by Plaintiff in an effort to collect monies owed by Defendant as further detailed in the Complaint. Copies of the Summons and Complaint are annexed hereto as **Exhibit "A"**. A copy of the Affidavit of Service of the process server (hereinafter the "Affidavit of Service") is annexed hereto as **Exhibit "B"**.

4.      Defendant joined this issue by filing an answer with the court that was dated August 21, 2023. A copy of the answer is annexed hereto as **Exhibit "C".**

## STANDARD FOR A MOTION TO DISMISS

5.    "A Motion to Dismiss may not be made on just any ground at all; it must find

authority somewhere.  CPLR 3211(a) is the principal somewhere, listing the various grounds on

which a dismissal motion may be predicated." David D. Siegel, New York Practice  §258 (5th ed.

2011).

6.    It should be noted, that a Motion to Dismiss a Case pursuant to CPLR § 3211 (a) has

certain provisions that set forth the basis of filing such a motion:

NY CPLR § 3211: "(a)  Motion to dismiss cause of action.  A party may move for judgment
dismissing one or more causes of action asserted against him on the ground that:

> 1. a defense is founded upon documentary evidence;  or
> 2. the court has not jurisdiction of the subject matter of the cause of action;  or
> 3. the party asserting the cause of action has not legal capacity to sue;  or
> 4. there is another action pending between the same parties for the same cause of action in a court of any state or the United States;  the court need not dismiss upon this ground but may make such order as justice requires;  or
> 5. the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds;  or
> 6. with respect to a counterclaim, it may not properly be interposed in the action;  or
> 7. the pleading fails to state a cause of action;  or
> 8. the court has not jurisdiction of the person of the defendant;  or
> 9. the court has not jurisdiction in an action where service was made under section 314 or 315;  or
> 10. the court should not proceed in the absence of a person who should be a party.
> 11. the party is immune from liability pursuant to section seven hundred twenty-a of the not-for-profit corporation law.  Presumptive evidence of the status of the corporation, association, organization or trust under section 501(c)(3) of the internal revenue code may consist of production of a letter from the United States internal revenue service reciting such determination on a preliminary or final basis or production of an official publication of the internal revenue service listing the corporation, association, organization or trust as an organization described in such section, and presumptive evidence of uncompensated status of the defendant may consist of an affidavit of the chief financial officer of the corporation, association, organization or trust.  On a motion by a defendant based upon this paragraph the court shall determine whether such defendant is entitled to the benefit of section seven hundred twenty-a of the not-for-profit corporation law or subdivision six of section 20.09 of the arts and cultural affairs law and, if it so finds, whether there is a reasonable probability that the specific conduct of such defendant alleged

constitutes gross negligence or was intended to cause the resulting harm. If the court finds that the defendant is entitled to the benefits of that section and does not find reasonable probability of gross negligence or intentional harm, it shall dismiss the cause of action as to such defendant." Please see NY CPLR § 3211(a).

#### Defendant was Served in accordance with CPLR 308(2)

7.    Defendant claims that she was not served in this instant matter and therefore she is seeking to have this matter dismissed pursuant to CPLR § 3211(a)(8). Nevertheless, this Motion should be denied, because the Defendant has not demonstrated that this Court lacks jurisdiction over this matter.

8.    **The process server's Affidavit constitutes prima facie evidence of proper service and the movant's conclusory denial of receipt of the summons and complaint is insufficient to raise any issue of fact.** Sando Realty Corp. v. Aris, 209 A.D.2d 682, 619 N.Y.S.2d 140 (2d Dept. 1994).

9.    New York Courts have found that a party that wishes to challenge the affidavit of Plaintiff's service, she must do so by providing evidence noting its deficiency with specificity since a process server's sworn affidavit of service constitutes *prima facie* evidence of proper service. Bidetti v. Salter, 108 A.D.2d 890, 485 N.Y.S.2d 772 (2nd Dept. 1985). To rebut the prima facie evidence, the Defendant must meet his burden of proof. A mere claim of improper service without specifically stating the particulars of why service is improper is insufficient to rebut an affidavit of service. Doe v. Zeder, 5 Misc.3d 574, 782 N.Y.S.2d 349 (2004); Kaywood v. Cigpak, 258 A.D.2d 623, 685 N.Y.S.2d 770 (2nd Dept. 1998); Manhattan Savings Bank v. Kohen, 231 A.D.2d 499, 647 N.Y.S.2d 256 (2nd Dept. 1996).

10.    Service of process pursuant to NY CPLR § 308(2) may be deemed proper when the summons and complaint is delivered to a person of suitable age and discretion when that individual

answers the door of the Defendant's residence, but does not reside at that premises themselves. See Bank of N.Y. v. Espejo, 92 AD3d 707 (2nd Dept 2012); and U.S. Bank N.A. v. Olatunji, 189 AD3d 494 (1st Dept 2020).

11.     Plaintiff respectfully points out that, attached hereto is an Affidavit of Service from a process server attesting to service on the Defendant pursuant to CPLR § 308 (2) by **substituted service**. Valid service of process pursuant to NY CPLR § 308(2) does not require that the summons and complaint be *personally* delivered to the defendant.    Additionally, CPLR § 308(2) does not mandate that the process server verify and/or demand proof of the identity of the individual being delivered the summons and complaint pursuant to this type of service of process.

12.     As previously mentioned, the Defendant denies that she was ever served with the summons and complaint in this matter. Defendant also seems to provide an affidavit for her mother whereby defendant's mother claims that the summons and complaint was not delivered to her. Defendant's affidavit as well as her mother's affidavit indicate that she could not have been present at the residence *at the time* the summons and complaint was actually delivered - due a very personal issue. Plaintiff's counsel does sincerely and respectfully hope that the this personal issue has since resolved and hopes that the Defendant and her child are doing Well.

13.     However, service of process was effectuated in this matter by substituted service upon an individual that answered the door. New York Courts have determined that the summons and complaint can be delivered to a non-resident who answers the door. Also, Defendant does not deny she resides at the address where service of process was effectuated.

### Discussion of the Process Server

14.     Defendant's motion to dismiss contains a Declaration from a third party that appears

to be and allegedly is an expert witness. Defendant asserts this declaration was part of Case for the a federal case known as Sykes v. Mel Harris and Associates, LLC, 285 F.R.D. 279 (S.D.N.Y 2012). Said declaration is affixed as Exhibit "D" to the Defendant's motion to dismiss. Plaintiff respectfully submits that as asserted by the Defendant this Declaration is part of the aforementioned federal case, but this Declaration and the information contained within same is simply not relevant to this instant matter *even though* the process server is connected to that particular federal case. Upon information and belief, it does not appear that the Defendant was a party to the aforementioned federal case. Plus, the aforementioned federal case was decided more than *10 years ago* and the service of the summons and complaint in this instant matter is not related to this previous federal matter.

15.     Additionally, it should be noted, this Declaration appears to have been submitted in further support of that particular federal plaintiff's motion/action in the aforementioned federal case. Therefore, it may be implied that this declarant has a bias in favor of that federal plaintiff - which cannot be challenged or examined by this Plaintiff and/or Plaintiff's counsel.

16.     Furthermore, process server attests that on June 8, 2023, the summons and complaint for this case was delivered on June 8, 2023 @ 3:16 PM at the defendant's residence. See Exhibit "C".

17.     Defendant apparently raises an issue in terms of the process server conducting his business as a process server by suggesting that the process server could not have delivered the summons and complaint for an unrelated matter on June 8, 2023 to an address of 640 Adee Ave, Bronx, New York and thereafter delivered a summons and complaint for another unrelated matter on the same day to an address of 2304 Matthews Ave, Bronx, New York within time frames as set by those affidavits of service. Defendant also raises an issue with the summons and complaint being

delivered for a different unrelated matter to an address on June 17, 2023 to 4356 Grace Ave, Bronx, New York and thereafter delivery of a summons and complaint for yet another unrelated matter on the same day to an address of 3916 Harper Ave, Bronx, New York within time frames as set by those particular affidavits of service.

18.    The Affirmant respectfully and humbly submits that he is Not an expert in terms of the business of being a process server. It should be noted, that Plaintiff's counsel is unaware if defense counsel is himself an expert in terms of the business of being a process server. Defendant relies on Google maps to bolster the defendant's position, however, it can be implied that the travel times between certain addresses as provided by Google maps are not always going to reflect the same travel time for each and every day *especially* since travel time can be effected by several factors such as weather, construction, traffic or lack thereof, etc.

19.    It also seems the Defendant has made certain implications as well as assumptions about the manner in which the process server conducts his business of being a process server. An example of an implication and/or assumption by the Defendant is that the process server would need to locate the correct apartment/unit in order to deliver the summons and complaint, however, Defendant cannot say for certain that the process server is completely unfamiliar with the building(s)/residence(s) that he is attempting to effectuate service of process for those unrelated matters.

20.    Plaintiff respectfully submits that only the process server knows the exact way and manner in which he conducts his business of being a process server in this instant matter as well as the other unrelated matters. It may be implied that as this process server has been engaged in the business of being a process server for several years, that said process server has developed certain methods and processes in order to better perfect the way he engages in the business of being a

process server.

21.     It should also be noted, the Defendant does not *definitely* deny that this is her credit account in her affidavit affixed to this instant application. Plaintiff does appreciate the zeal and diligence of the Defendant in this instant motion, however, based upon the foregoing, the defendant's motion to dismiss should be denied.

**WHEREFORE**, Defendant's Motion should be denied in its entirety, and that the Plaintiff be granted such other, further and different relief as this Court may deem just and proper.

I affirm this 10 day of January , 10th, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document will be filed in an action in a court of law.

Dated: Woodbury, New York
       January 10, 2024

Christopher Pavlik, Esq.
Selip & Stylianou, LLP
Attorneys for Plaintiff
199 Crossways Park Drive
Woodbury, New York 11797-2016
(516) 364-6006

TO:    MATT SCHEDLER, ESQ.
       *Attorney for Defendant*
       CAMBA LEGAL SERVICES
       20 SNYDER AVENUE
       BROOKLYN, NY 11226



CONSUMER CREDIT TRANSACTION

IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A
SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!
PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO
NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE
TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO
PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER
BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK
(PERSONAL APPEARANCE) WILL HELP YOU!! THIS COMMUNICATION IS
FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------

SYNCHRONY BANK

          PLAINTIFF,

       -AGAINST-

ERIKA N WILSON

          DEFENDANT.

-----------------------------------------------

**INDEX NUMBER:**
S&S FILE NO. G1756067    ( 5361

**SUMMONS**
Plaintiff's address: 170 ELECTION RD SUITE 125,
DRAPER, UT 84020

The Basis of the Venue Designated is Defendant's
Residence

*TO THE ABOVE NAMED DEFENDANT(S):* **YOU ARE HEREBY SUMMONED** to appear in
the **CIVIL COURT** OF THE **CITY OF NEW YORK, COUNTY OF BRONX** at the office of the
clerk of the said Court at **851 GRAND CONCOURSE, BRONX, NY 10451**, in the City and State
of New York, within the time provided by law as noted below and to file your answer to the annexed
complaint with the clerk: upon your failure to answer, judgment will be taken against you for the
sum of **$6,743.15** with costs and disbursements of this action.

**FEE PAID**

Dated: **May 03, 2023**
Selip & Stylianou, LLP, Attorneys for Plaintiff
P.O. Box 9004, 199 Crossways Park Dr., Woodbury, NY 11797-9004
(516) 364-6006 ext. 8991; (866) 848-8975 ext. 8991; TTY/TRS: (516) 422-8500
Refer to S&S File No. G1756067

**MAY 3 0 2023**

CIVIL COURT
BRONX COUNTY

Note: the law provides that (a) if this summons is served by its delivery to you personally within the
City of New York, you must appear and answer within twenty days after such service; or (b) if this
summons is served by delivery to any person other than you personally, or is served outside the City
of New York, or by publication, or by any means other than personal delivery to you within the City
of New York, you are allowed thirty days after the proof of service thereof is filed with the clerk of
this Court within which to appear and answer.

Defendant to be served:
ERIKA N WILSON, 3540 DECATUR AVE APT 1G, BRONX, NY 10467

By:_____
DONNA A. CIAMPA ESQ.

* 90994 *

TRANSACCION DE CREDITO DEL CONSUMIDOR

IMPORTANTE! UD.HA SIDO DEMANDADO! ESTE ES UN DOCUMENTO LEGAL - UNA CITACION NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTOS ADDICIONALES)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA. ESTA COMUNICACIÓN ES DE UN COBRADOR DE DEUDAS Y ES UN INTENTO DE COBRAR UNA DEUDA. CUALQUIER INFORMACIÓN OBTENIDA SERÁ UTILIZADA PARA ESE PROPÓSITO.

CORTE CIVIL DE LA CIDUDAD DE NUEVA YORK
CONDADO DE BRONX

----------------------------------------------------

SYNCHRONY BANK

           DEMANDANTE,

    -VS.-

ERIKA N WILSON

           DEMANDADO.

----------------------------------------------------

**INDEX NUMBER:**
S&S FILE NO. G1756067

**CITACION**
La direccion del demandante: 170 ELECTION RD SUITE 125, DRAPER, UT 84020

La Razon de Haber Designado esta Corte es la Residencia del Demandado

*AL DEMANDADO ARRIBA MENCIONADO:* USTED ESTA CITADO A COMPARECER EN **LA CORTE CIVIL DE LA CIUDAD DE NUEVA YORK, CONDADO DE BRONX** a la oficina del jefe principal de dicha Corte en **851 GRAND CONCOURSE, BRONX, NY 10451** en el Condado de **BRONX,** Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la demanda anexada al jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted en la suma de **$6,743.15** incluyendo los costos de esta accion.

**Fechado: May 03, 2023**
Selip & Stylianou, LLP, Attorneys for Plaintiff, Abogados del Demandante
P.O. Box 9004, 199 Crossways Park Dr., Woodbury, NY 11797-9004
(516) 364-6006 ext. 8991; (866) 848-8975 ext. 8991; TTY/TRS: (516) 422-8500
Refer to S&S File No. G1756067

Nota: la ley provee que: (a) si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de veinte dias despues de la entrega; o (b) si esta citacion es entregada a otra persona que no fuera usted personalmente o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene treinta dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al jefe de esta Corte.

**Demandado citado:**
ERIKA N WILSON, 3540 DECATUR AVE APT 1G, BRONX, NY 10467

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

\---------------------------------------------------

SYNCHRONY BANK

                    PLAINTIFF,      INDEX NUMBER:

-AGAINST-                           S&S FILE NO. G1756067

ERIKA N WILSON                **COMPLAINT**

                  DEFENDANT.

\--------------------------------------------------

Plaintiff, by its attorneys, complaining of the Defendant(s), respectfully alleges that:

1. Plaintiff is a savings bank organized pursuant to federal law. Plaintiff is a direct creditor and not a debt purchaser, and as such is not required to be licensed by the NYC DWCP.

2. Upon information and belief, the Defendant(s) resides or has an office in the venue in which this action is brought, or the Defendant(s) transacted business within the venue in which this action is brought, either in person or through an agent, and the instant cause of action arose out of said transaction.

3. Based upon a reasonable inquiry, the Statute of Limitations for the causes of action asserted herein has not expired.

### FACTS

4. A CareCredit-branded revolving credit account (hereafter the "Account") was opened in Defendant's name, subject to the terms and conditions provided, or made available in electronic format, to the Defendant (the "Agreement"). A copy of the charge-off statement is attached hereto. Plaintiff is the original creditor (as defined in NY CPLR § 105(q-1)) and owner of the Account.

5. Defendant used the Account and incurred a balance. The last four digits of the Account number on the most recent monthly statement recording a purchase transaction, last payment, or balance transfer (the "Last Activity Statement") are 6252, and the balance owed as set forth in the Last Activity Statement was $5,774.76.

6. Defendant breached the terms of the Agreement by failing to make the agreed-upon payments when due.

7. Demand for payment of the Account was made on Defendant, but Defendant failed to make all the required payments. The Defendant's last payment was made on or about April 19, 2021 in the amount of $221.00.

8. As a result of Defendant's default, the Plaintiff closed the Account and subsequently charged it off on November 15, 2021 in the amount of $6,743.15, as reflected in the attached statement.

9. The balance currently due and owing is $6,743.15, itemized as follows:

| | |
|---|---|
| Balance due at time of charge-off: | $6,743.15 |
| Plus total amount of interest accrued since charge-off: | $0.00 |
| Plus total amount of non-interest charges or fees since charge-off: | $0.00 |
| Plus total amount of dishonored payments: | $0.00 |
| Less total amount of payments and/or credits since charge-off: | $0.00 |

### AS AND FOR A FIRST CAUSE OF ACTION

10.  Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set for herein.

11.  As a result of Defendant's breach of the Agreement, and after crediting Defendant for all payments and credits, there is now due and owing by Defendant to Plaintiff the sum of **$6,743.15**, no part of which has been paid despite due demand therefor.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) in the amount of **$6,743.15** together with costs and disbursements.

The undersigned attorney hereby certifies that, to the best of his/her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within complaint and the contentions therein are not frivolous as defined in part 130-1.1(c) of the rules of the Chief Administrator.

Dated: MAY 03, 2023

YOURS, ETC.

By: _____
DONNA A. CIAMPA ESQ.
Selip & Stylianou, LLP, Attorneys for Plaintiff
199 Crossways Park Drive, Woodbury, NY 11797-9004
(516) 686-8991; (866) 848-8975 ext. 8991;
S&S File No. G1756067

CARECREDIT/SYNCHRONY BANK

ERIKA N WILSON  252

Statement Closing Date:   11/15/2021

| Summary of Account Activity | |
|---|---|
| Previous Balance | $6,703.15 |
| +   New Purchases | $0.00 |
| -   Payments | $0.00 |
| +/-  Credits, Fees & Adjustments (net) | ($6,703.15) |
| +/-  Interest Charge (net) | $0.00 |
| New Balance | $0.00 |
| | |
| Credit Limit | $4,200.00 |
| Available Credit | $0.00 |
| Days in Billing Period | 28 |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call (1-866-893-7664).

Best times to call are Wednesday – Friday.

| Payment Information | |
|---|---|
| New Balance | $0.00 |
| Total Minimum Payment Due | $1,803.00 |
| Payment Due Date | 11/17/2021 |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.
We may convert your payment into an electronic debit. See
reverse side.

Late Payment Warning: If we do not receive your Total
Minimum Payment Due by the Payment Due Date listed above,
you may have to pay a late fee up to $40.00.

## Transaction Summary

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 11/15/2021 | 11/15/2021 | F9072009Z00999900 | CHARGE OFF ACCOUNT-PRINCIPALS | ($3,100.72) |
| 11/15/2021 | 11/15/2021 | F9072009Z00999900 | CHARGE OFF ACCOUNT-INTEREST | ($3,642.43) |
| | | | CHARGE | |
| | | | FEES | |
| 11/10/2021 | 11/10/2021 | | LATE FEE | $40.00 |
| | | | TOTAL FEES FOR THIS PERIOD | $40.00 |
| | | | INTEREST CHARGED | |
| 11/15/2021 | 11/15/2021 | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | $0.00 |

| 2021 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2021 | $440.00 |
| Total Interest Charged in 2021 | $2,692.18 |
| Total Interest Paid in 2021 | $0.00 |

## Interest Charge Calculation

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99% | $0.00 | $0.00 |

## Cardholder News & Information

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

You can pay your bill online or over the phone. We noticed you've been enjoying our easy paperless payment options, so we will no longer be including return envelopes. You can make things even easier by selecting the paperless statement option on your account online.

Statement not provided to customer.

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

| Total Minimum Payment Due | Past Due Amount | Payment Due Date | New Balance | Account Number |
|---|---|---|---|---|
| $1,803.00 | $0.00 | 11/17/2021 | $0.00 | 252 |

Payment Enclosed :   $ ☐☐☐☐☐ . ☐☐

☐ New address or e-mail?
Check the box at left and
print changes on back

Payment due includes $ 0.00 past due. Please pay the past due amount PROMPTLY.

ERIKA N WILSON
3540 DECATUR AVE APT 1G
BRONX NY 10467-1734

Make Payment to:  SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061



CIVIL COURT OF THE STATE OF NEW YORK COUNTY
OF BRONX

AFFIDAVIT OF SERVICE



*98994*

Index no : CV-05361-23/BX
Date Index Number Purchased: 05/30/2023

| Plaintiff(s): | SYNCHRONY BANK |
| | vs. |
| Defendant(s): | ERIKA N WILSON |

STATE OF NEW YORK
COUNTY OF WESTCHESTER      ss.:

**BENJAMIN LAMB**, the undersigned, being duly sworn, deposes and says:
I am over the age of 18 years and not a party to the action. I reside in the state of New York.

On **06/08/2023 at 3:16 PM**, I served the within SUMMONS AND COMPLAINT with the **index#CV-05361-23/BX endorsed thereon** on ERIKA N WILSON at **3540 DECATUR AVE APT 1G , BRONX, NY 10467** in the manner indicated below:

SUITABLE AGE: by delivering thereat a true copy of each to **Chante Wilson, Co-Resident** of ERIKA N WILSON, a person of suitable age and discretion. Said premises is ERIKA N WILSON's usual place of abode within the state.

On **06/16/2023**, deponent enclosed a copy of same in a first class postpaid envelope bearing the words "Personal & Confidential" properly addressed to defendant and defendant's last known residence, at **3540 DECATUR AVE APT 1G , BRONX, NY 10467** and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|-----|---------------|---------------|-----|--------|--------|
| Female | Black | Black | 25 | 5ft 4in - 5ft 6in | 131-160 |
| Other Features: | | | | | |

I asked the person spoken to whether he/she **Defendant** was in the active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

ADDITIONAL MAILING PURSUANT TO 3215

IN COMPLIANCE WITH CPLR 3215, on **06/16/2023** DEPONENT GAVE ADDITIONAL NOTICE OF THIS ACTION BY ENCLOSING A COPY OF THE SAID SUMMONS IN A FIRST CLASS POSTPAID ENVELOPE ADDRESSED TO DEFENDANT AT DEFENDANT'S PLACE OF RESIDENCE AT 3540 DECATUR AVE APT 1G, BRONX, NY 10467 AND DEPOSITING SAID ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POST OFFICE. THE ENVELOPE BORE THE LEGEND "PERSONAL AND CONFIDENTIAL" AND DID NOT INDICATE ON THE OUTSIDE THEREOF THAT THE COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNS AN ALLEGED DEBT.

Sworn to and subscribed before me on 06/16/2023

Melissa A. Cyran
Notary Public, State Of New York
No. 01CY6228619
Qualified in WESTCHESTER
Commission Expires 9/27/26

X
BENJAMIN LAMB
License#: 1071492
J and E Process Service, Inc
901 North Broadway Ste 18
N. White Plains, NY 10603
914-328-1069
DCA License#: 2027471
Branch: White Plains

Atty File#: G1756067

**Dawn Diforio**

| | |
|---|---|
| From: | edds@nycourts.gov |
| Sent: | Wednesday, June 21, 2023 2:31 PM |
| To: | edds@nycourts.gov; Dawn Diforio |
| Subject: | EDDS DOCUMENT(S) FILED: Bronx County Civil Court (EDDS) - General Civil<AFFIDAVIT OF SERVICE-> |



# Bronx County Civil Court (EDDS)
# Notification of Receipt
# 06/21/2023

This is an automated message, please do not reply. For questions about this submission, please refer to the Receiver Contact Information below.

On 06/21/2023, the EDDS System received the documents listed below from submitter Ellen Eakley, dawn@jeprocess.com. Please keep this notice for your records.

## Sender Information

**Document(s) ID: HBBMVV**

Case Number: **CV-05361-23/BX**

Case Title: **Synchrony Bank vs Erika N Wilson**

Name: **Ellen Eakley**

Organization/Agency/Firm Name: **J&E Process Services, Inc.**

Represented Party: **Synchrony Bank**

Party Role: **Plaintiff**

Phone Number: **914-328-1069**

Email Address: **dawn@jeprocess.com**

Reason for Sending Documents: **COVID 19**

## Documents Received

| Document | Received Date |
|---|---|
| AFFIDAVIT OF SERVICE-<br>Affidavit of Service | 06/21/2023 |

## Receiver Contact Information



CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------- X

SYNCHRONY BANK

                         Plaintiff,

           – against –

ERIKA WILSON,

                   Defendant(s).

---------------------------------------------------------------- X

Index No.: 5361/23

ANSWER

PLEASE TAKE NOTICE that Defendant Erika Wilson, by her attorney, Matthew Schedler, Esq., Of Counsel to Elizabeth Miller, Esq., CAMBA Legal Services Inc., hereby interpose the following Verified Answer to the Complaint:

1. Defendant lacks sufficient information to either admit or deny the allegations in paragraphs 1, 2, and 3 of the Complaint.

2. Defendant denies the allegations in paragraph 4 of the Complaint.

3. Defendant denies the allegations in paragraph 5 of the Complaint.

4. Defendant denies the allegations in paragraph 6 of the Complaint.

5. Defendant denies the allegations in paragraph 7 of the Complaint.

6. Defendant denies the allegations in paragraph 8 of the Complaint.

7. Defendant denies the allegations in paragraph 9 of the Complaint.

8. Defendant denies the allegations in paragraph 10 of the Complaint.

9. Defendant denies the allegations in paragraph 11 of the Complaint.

**DEFENSES**

1

### First Affirmative Defense

10. The Court lacks personal jurisdiction over defendant because she was not properly served in accordance with C.P.L.R. § 308.

### Second Affirmative Defense

11. The plaintiff lacks standing to bring this action.

### Third Affirmative Defense

12. The defendant does not owe the debt.

### Fourth Affirmative Defense

13. The defendant disputes the amount of the debt.

### Fifth Affirmative Defense

14. The defendant is entitled to an offset against the amounts claimed because of plaintiff's failure to mitigate its damages.

### Sixth Affirmative Defense

15. The statute of limitations has expired

### Prayer for Relief

WHEREFORE, Defendant respectfully asks that the Court:

A. Dismiss the Complaint in its entirety;

B. Award defendant's reasonable costs and attorney fees; and

C. Award such other and further relief as the Court deems just and proper.

2

Dated: August 21, 2023
Brooklyn, New York



By:   Matthew Schedler, Esq., Of Counsel
       CAMBA Legal Services, Inc.
       Elizabeth Miller, Esq., General Counsel
       20 Snyder Avenue
       Brooklyn, NY 11226
       (718) 940-6311, ext. 79222
       (347) 525-5072
       matthewsc@camba.org
       *Attorneys for the Defendant*

3

## VERIFICATION

State of New York          )
                           ) ss.:
County of Kings            )

The undersigned, an Attorney duly admitted to practice law in the State of New York, affirms pursuant to NY CPLR 3020 (d) (3) the following statements to be true under the penalties of perjury: That I am the Attorney of record for Defendant; That I have read and know the contents of the foregoing Answer; That same is true to the knowledge of the affirmant except as to those matters therein stated to be alleged upon information and belief and as to those matters I believe to be true. The reason this verification is made by the affirmant and not the Defendant is because the Defendant does not reside in the county where I maintain an office for the practice of law.

By: Matthew Schedler, Esq., Of Counsel
Elizabeth Miller, Esq., Executive Director
CAMBA Legal Services, Inc.
Attorneys for Defendant
885 Flatbush Ave. 2nd Fl.
Brooklyn, NY 11226
(718) 940-6311
*Attorneys for the Defendant*

Dated: August 21, 2023
         Brooklyn, New York

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Civil Court of the City of New York, County of Bronx,
Index No.: 5361/23

SYNCHRONY BANK

Plaintiff,

-against-

ERIKA WILSON

Defendant(s).

ANSWER

Signature (Rule 130-1.1-a)

Print name beneath
Matthew Schedler, Of Counsel

Attorney for
CAMBA LEGAL SERVICES, INC.
Elizabeth Miller, Esq., General Counsel
Office and Post Office Address, Telephone
20 Snyder Avenue
Brooklyn, New York 11226
718-940-6311 ext. 79222

To: Selip and Stylianou, LLP
199 Crossways Park Drive
Woodbury, NY 11797
Attorney(s) for Plaintiff

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for