CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
SYCHRONY BANK

                Plaintiff,

      - against -                    **REPLY AFFIRMATION**
                                          INDEX NO. 005361/23

ERIKA WILSON,

                Defendant.
-------------------------------------------------------------X

    Matthew Schedler, Esq., an attorney duly admitted to the practice of law in the state of New York, hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of perjury states that:

1. I am of Counsel to Elizabeth Miller, Esq., CAMBA Legal Services, Inc., the attorney for the Defendant, Erika Wilson, and as such I am fully familiar with the facts set forth in this affirmation.

2. I make this reply to Synchrony Bank's Affirmation in Opposition to Ms. Wilson's Motion to Dismiss.

### Argument

**The Testimony of Ms. Wilson, Her Mother, and the Voluminous Records Detailing the Improper Practices of the Process Server are a Detailed Specific Refutation of Service.**

3. Service of process is a constitutional prerequisite for a court to have jurisdiction over a person; it implicates the basic due process rights of notice and opportunity to be heard. *Castillo-Florez v. Charlecius*, 220 A.D.3d 1, 5 (App. Div. 2d Dep't 2023); *Patrician Plastic Corp. v. Bernadel Realty Corp.*, 25 N.Y.2d 599, 607 (1970) ("The short of it is that process serves to subject a person to jurisdiction in an action pending in a particular

court and to give notice of the proceedings.") (citations omitted)). In accord with its constitutional importance, the requirements of service of process are strictly enforced. *Castillo-Florez*, 220 A.D.3d at 6; *see also Dorfman v. Leidner*, 76 N.Y.2d 956, 958 (1990).

4. While a process server's affidavit of service gives rise to a presumption of proper service, that presumption will be rebutted by a defendant's sworn denial of service. *Federal National Mortgage v. Alverado*, 167 A.D.3d 987 (App. Div. 2d Dept 2018). A bare conclusory denial will not sustain the defendant's burden, the defendant must raise an issue of fact. *Id.* At the same time, the defendant is not required to prove conclusively that she was not served, those questions are to be determined at the traverse hearing. *NYCTL 19981 Trust & Bank of N.Y. v. Rabinowitz*, 7 A.D.3d 459 App. Div. 1st Dept. 2004)

5. Here, Synchrony argues that the testimony of Ms. Wilson, her mother, and the other documentary evidence is too conclusory to effectively dispute service. But this testimony and the accompanying evidence is far from the bare denials of "I was not served" that courts routinely reject. *Arrow Financial Services, LLC v. Bass*, 40 Misc.3d 137(A) (App. Term 1st Dept. 2007).

**The Testimony of Ms. Wilson and Her Mother Rebuts the Process Server's Affidavit.**

6. Synchrony argues that the disputes of service are not effective because even though Ms. Wilson and her mother were not at the apartment at the time of service it is possible that a third party was there and could have received service. This argument ignores the factual recitations in Ms. Wilson and her mother's affidavits while applying in impossible standard that no defendant could overcome.

7. Synchrony concedes that Ms. Wilson and her mother were not at home during the time service was alleged, but argue that some other individual could have been there to open the door. This argument is foreclosed by the affidavits of Ms. Wilson and her mother, which Synchrony only describes in part.

8. Ms. Wilson and her mother both address whether a third party could have been in the apartment. First, they say that the only residents of the apartment are Ms. Wilson, her mother, and Ms. Wilson's infant daughter, meaning that it is not possible there would be another co-resident as described in the process server's affidavit. Ms. Wilson Affidavit ¶2; Shemin Wilson Affidavit ¶2. Second, Ms. Wilson and her mother both state that they do not know a person named Chante Wilson and that there is not one in their family named Chante Wilson. Ms. Wilson Affidavit ¶7; Shemin Wilson Affidavit ¶7. Finally, both Ms. Wilson and her mother testify that there has never been anyone in the apartment that matches the description in the process servers' affidavit and that neither Ms. Wilson nor her mother match that description. Ms. Wilson Affidavit ¶7; Shemin Wilson Affidavit.¶7.

9. This testimony addresses the possibility raised by Plaintiff that service was made on a third party and states that it is not possible because no one of that description was ever in the apartment. The testimony of Ms. Wilson and her mother has completely addressed the allegation in the process server's affidavit, if Synchrony wants further factual inquiry then that should happen at a traverse hearing.

### The Process Server's History of Improper Service

10. Ms. Wilson's motion is not supported by her testimony alone, she also submitted detailed documentary evidence that calls into question the truthfulness of the process server. This

evidence falls into three categories. First, there is the evidence of the process server's history of lying about service, second, there are the affidavits of service for his recent cases which show impossible instances of service, and third, there is the process server's pattern of always claiming substitute service.

11. Benjamin Lamb, the process server in this case, has a history or improper service. Mr. Lamb's bad practices include claiming to be serving process in multiple places at the same time and almost always claiming to perform substitute service.

12. Mr. Lamb's conduct is set out in *Sykes v. Mel S. Harris and Associates*, 285 F.R.D. 279 (SDNY 2019), a federal lawsuit regarding a scheme to illegally generate default judgement part of which was improperly serving defendants. Mr. Lamb was a party to this lawsuit and the court found that he engaged in improper service by claiming to be serving process at two places at the same time or at times that were so close that service would not be possible. *Id* at 284. The court held that there were many occasions where multiple services were purportedly made so close in time that it would have been impossible for the process server to travel from one location to the other as claimed. *Id*.

13. In addition to the decision describing Mr. Lamb's improper conduct Ms. Wilson attaches the evidence that the decision was based on, the affidavit of an expert who reviewed Mr. Lamb's affidavits of service. Exhibit D to Ms. Wilson's Motion to Dismiss. That affidavit details a review of 16,539 affidavits of service filed by Mr. Lamb. *Id*. The affidavit sets out each instance of impossible service engaged in by Mr. Lamb and found that in 91.21% of cases Mr. Lamb claimed to have performed substitute service. *Id*.

14. Plaintiff attempts to rebut Mr. Lamb's history of improper service by arguing that 1) Ms. Wilson was not a party to the federal action; 2) the federal case occurred more than 10

years ago; 3) the affidavit might be biased, and 4) the information is not relevant.

15. None of these arguments withstand scrutiny. First, whether Ms. Wilson was a party to the federal case does not affect the analysis, and Plaintiff does not explain why it would. The federal action contains facts, based on a detailed review of more than 16,000 of Mr. Lamb's affidavits of service, about how Mr. Lamb engaged in the business of serving process and a finding that Mr. Lamb engaged in improper service. Whether Ms. Wilson was a party to the action - she was not - does not affect the underlying facts or the holding, and Plaintiff does not say why it would.

16. Plaintiff goes on to argue that the federal case is old, and the information is not relevant. The information is relevant because it establishes a history of bad practices that we still see today. Ms. Wilson's attorneys reviewed 39 affidavits filed by Mr. Lamb in the days before and after he served Ms. Wilson. Every affidavit reviewed was attached to Ms. Wilson's motion, no affidavit filed by Mr. Lamb was excluded. The affidavits tell the same story as *Sykes*. Mr. Lamb follows the same pattern when he improperly serves defendants, always claiming to have engaged in substitute service and swearing to service at times and at locations that are not possible. The age of the *Sykes* case and the fact that Mr. Lamb is still engaging in these improper practices over 10 years later make the facts worse not better.

17. After *Skyes*, Mr. Lamb should be aware that these practices are illegal. That he still flouts the rules and fails to properly serve defendants shows that his conduct is intentional.

18. The Plaintiff also challenges the affidavit of Nicholas Echolson - the expert who reviewed Mr. Lamb's affidavits of service in the *Sykes* case - saying that he might be biased. Exhibit D to Ms. Wilson's Motion to Dismiss. Again, Plaintiff does not expand

on this claim or explain what in the Echolson affidavit leads them to believe that there is bias, however, a reading of the affidavit puts any concerns to rest. *Id.* The affidavit is not an argument but a dry recitation of a review of Mr. Lamb's affidavits of service. The expert reviewed the affidavits, the affidavits of service say what they say and Mr. Echolson details that. Put simply, Mr. Lamb claims substitute service in virtually every instance and has claimed to have served process at times and locations that are impossible. This is not an argument; it is what the record shows.

### Mr. Lamb's Recent Instances of Improper Service

19. The current affidavits reviewed in preparation for Ms. Wilson's motion show a repeat of Mr. Lamb's prior bad practices and tell a story of a process server who is not properly serving defendants. As was the case in Sykes, Mr. Lamb is again claiming only substitute service as well as service at places and times that are not possible.

20. Plaintiff does not address or try to explain how every instance of service reviewed could be substitute service. Exhibit E to Ms. Wilson's Motion to Dismiss. It is extraordinarily unlikely that in the 39 instances reviewed Mr. Lamb never found the defendant home and never found no one home, instead, in all 39 cases he found another person who was not the defendant but was willing to open the door and accept service and have a conversation confirming the defendant was in the military.

21. Mr. Lamb's pattern of always claiming substitute service is not an accident, it is done to make it less likely that his attempts of improper service will be caught. If Mr. Lamb falsely claims personal service that can be verified by the appearance of the defendant, while affix and mail service can be checked with GPS records. Substitute service is harder the verify and dispute. That is seen here, with the Plaintiff arguing that service

could be performed on any nonresident that happened to be in the apartment and that Ms. Wilson's testimony that she does not have a co-resident, and family member named Chante Wilson, or has ever had anyone in the apartment matching the description in the affidavit of service is not enough to dispute service.

22. A review of the recent affidavits also shows that Mr. Lamb is swearing to service at times and in locations that is not possible. This is detailed extensively in Ms. Wilson's motion to dismiss but, by way of example, Mr. Lamb claims that he was able to perform service at 2:40 P.M. in one location then 9 minutes later at 2:49 P.M. he was able to perform service at a location 6 minutes away. Exhibit E to Ms. Wilson's Motion to Dismiss p. 7-8. This means, Mr. Lamb was able to gain access to the building, walk to the apartment, knock on the door, wait for the person who received service to answer, deliver the papers, have a conversation about the defendant's military service, leave the building, make his GPS and logbook recordings, drive 6 minutes to the other locations and repeat all the above steps all in the 3 minute difference between the travel time and the time between service.

23. Plaintiff argues that defendant's counsel is not an expert at process serving and cannot make this determination, and that the process server has methods and processes to quickly effectuate service that makes him able to complete service during these time periods. Plaintiff does not say what these methods are, and it is hard to believe they exist. Moreover, it does not require special expert knowledge to know about how long it takes to deliver paper to two different apartments or to know the process described in Mr. Lamb's affidavits could not occur.

**Conclusion**

24. Ms. Wilson has not only disputed service as described in the process servers' affidavits she has supported her testimony with the testimony of her mother and documentary evidence that shows the process server is engaging in improper service. Ms. Wilson's Motion to Dismiss should be granted and the case dismissed or a traverse hearing ordered.

Dated: February 23, 2024
Brooklyn, New York

Respectfully submitted,

_____
Matthew Schedler, Esq., of Counsel
CAMBA LEGAL SERVICES, INC
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, New York 11226
Tel: 718-940-6311 x 79284
Fax: 718-462-5537
matthewsc@camba.org
*Attorneys for Defendant*

To:   Christopher Pavlik, Esq.
      Selip and Stylianou, LLP
      199 Crossways Park Drive
      Woodbury, NY 11797
      *Attorneys for Plaintiff*

=== NOTICE OF ENTRY ===

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

    Yours, Etc.,

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

Attorney(s) for

=== NOTICE OF SETTLEMENT ===

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at on at M. Dated,

    Yours, Etc.,

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

Attorney(s) for

---

**CIVIL COURT CITY OF NEW YORK**
**COUNTY OF BRONX**

**Index No.:5361   Year: 2023**

SYNCHRONY BANK

    Plaintiff,

-against-

ERIKA WILSON

    Defendant(s).

**REPLY AFFIRMATION**

Signature (Rule 130-1.1-a)

Print name beneath
Matthew Schedler

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address, Telephone*
20 Snyder Avenue
Brooklyn, New York 11226
718-940-6311

To: Selip and Stylianou, LLP

Attorney(s) for Plaintiff

Service of a copy of the within is hereby admitted.
Dated,

_____

Attorney(s) for