UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ERIKA WILSON,

                    Plaintiff,                    Case No: 1:24-cv-4108- ALC

       v.

SELIP & STYLIANOU, LLP; J & E PROCESS
SERVERS; and BENJAMIN LAMB.

                    Defendants.
----------------------------------------------------------X

Defendant, J & E PROCESS SERVERS ("Answering Defendant"), by and through their attorneys, WOOD, SMITH, HENNING & BERMAN LLP, as and for their Verified Answer, upon information and belief, respectfully respond to the Complaint filed by ERIKA WILSON ("Plaintiff") as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.      The allegations in the paragraph numbered "1" of the Complaint constitute conclusions of law and are denied as such.

2.      Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations within the paragraph numbered "2" of the Complaint that refer to Defendant Selip in the first and last sentence. Answering Defendant denies the allegations contained in the remainder of the paragraph numbered "2" of the Complaint, except admits that J&E contracted process server Benjamin Lamb.

3.      Answering Defendant denies the allegations contained in paragraph numbered "3" of the Complaint, but admits that Lamb's affidavit of service indicating he served Plaintiff's co-tenant was filed with the court that J&E notarized.

4.      Answering Defendant denies the allegations contained in paragraph numbered "4" of the Complaint that Lamb's Affidavit of Service was false; deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations of the remaining portions of the paragraph numbered "4" of the Complaint.

5.      Answering Defendant denies the allegations contained in paragraph numbered "5" of the Complaint.

6.      Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "6" of the Complaint in paragraph numbered "6" of the Complaint.

7.      Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "7" of the Complaint.

8.      Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "8" of the Complaint regarding whether the court set an evidentiary hearing, and denies the remainder of the paragraph.

9.      The allegations in the paragraph numbered "9" of the Complaint constitute conclusions of law and denied as such.

10.      The allegations in the paragraph designated "10" of the Complaint constitute conclusions of law and denied as such.

11.      The allegations in the paragraph designated "11" of the Complaint constitute conclusions of law and denied as such.

12.      The allegations in the paragraph designated "12" of the Complaint constitute conclusions of law and denied as such.

13.     The allegations in the paragraph designated "13" of the Complaint constitute conclusions of law and denied as such.

## **THE PARTIES**

14.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "14" of the Complaint.

15.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "15" of the Complaint, but respectfully refers all legal conclusions to this Honorable Court.

16.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "16" of the Complaint.

17.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "17" of the Complaint.

18.     Answering Defendant admits the allegations contained in paragraph numbered "18" of the Complaint, except deny that J&E and Intercounty Judicial share employees.

19.     Answering Defendant denies the allegations contained in paragraph numbered "19" of the Complaint.

20.     Answering Defendant denies the allegations in the paragraph designated "20" of the Complaint, but admits that Benjamin Lamb has served process for J&E.

21.     Answering Defendant denies the allegations contained in paragraph numbered "21" of the Complaint.

22.     Answering Defendant denies the allegations contained in paragraph numbered "22" of the Complaint.

## STATUTORY AND REGULATORY FRAMEWORK

23.    The allegations set forth in this Paragraph are legal assertions and/or conclusions of law to which no response by Defendant is required. To the extent the allegations asserted in this Paragraph constitute factual assertions, Defendant denies the allegations and respectfully refer all questions of law to the Court.

24.    The allegations in the paragraph numbered "24" of the Complaint constitute conclusions of law and are denied as such.

25.    The allegations in the paragraph numbered "25" of the Complaint constitute conclusions of law and are denied as such.

26.    The allegations in the paragraph numbered "26" of the Complaint constitute conclusions of law and are denied as such.

27.    The allegations in the paragraph numbered "27" of the Complaint constitute conclusions of law and are denied as such.

28.    The allegations in the paragraph numbered "28" of the Complaint constitute conclusions of law and are denied as such.

29.    The allegations in the paragraph numbered "29" of the Complaint constitute conclusions of law and are denied as such.

30.    The allegations in the paragraph numbered "30" of the Complaint constitute conclusions of law and are denied as such.

31.    The allegations in the paragraph numbered "31" of the Complaint constitute conclusions of law and are denied as such.

32.    The allegations in the paragraph numbered "32" of the Complaint constitute conclusions of law and are denied as such.

33.    The allegations in the paragraph numbered "33" of the Complaint constitute conclusions of law and are denied as such.

34.    The allegations in the paragraph numbered "34" of the Complaint constitute conclusions of law and are denied as such.

35.    The allegations in the paragraph numbered "35" of the Complaint constitute conclusions of law and are denied as such.

36.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "36" of the Complaint.

## FACTS

37.    Answering Defendant denies the allegations contained in paragraph numbered "37" of the Complaint.

38.    Answering Defendant denies the allegations contained in paragraph numbered "38" of the Complaint.

39.    The allegations set forth in this Paragraph are legal assertions and/or conclusions of law to which no response by Answering Defendant is required. To the extent the allegations asserted in this Paragraph constitute factual assertions, Defendant denies the allegations and respectfully refer all questions of law to the Court. By way of further response, and without waiving the foregoing, the decision referenced herein best speaks for itself.

40.    The allegations set forth in this Paragraph are legal assertions and/or conclusions of law to which no response by Answering Defendant is required. To the extent the allegations asserted in this Paragraph constitute factual assertions, Defendant denies the allegations and respectfully refer all questions of law to the Court. By way of further response, and without waiving the foregoing, the decision referenced herein best speaks for itself.

41.     The allegations set forth in this Paragraph are legal assertions and/or conclusions of law to which no response by Answering Defendant is required. To the extent the allegations asserted in this Paragraph constitute factual assertions, Defendant denies the allegations and respectfully refer all questions of law to the Court. By way of further response, and without waiving the foregoing, the decision referenced herein best speaks for itself.

42.     Answering Defendant denies the allegations contained in paragraph numbered "42" of the Complaint.

43.     Answering Defendant denies the allegations contained in paragraph numbered "43" of the Complaint.

44.     Answering Defendant denies knowledge or information sufficient to form a belief as to what the Egleson affidavit states.

45.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "45" of the Complaint.

46.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "46" of the Complaint.

47.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "47" of the Complaint.

48.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "48" of the Complaint.

49.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "49" of the Complaint.

50.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "50" of the Complaint.

51.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "51" of the Complaint.

52.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "52" of the Complaint.

53.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of the paragraph numbered "53" of the Complaint, but denies the allegations within the last sentence of the paragraph numbered "53" of the Complaint.

54.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "54" of the Complaint.

55.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "55" of the Complaint.

56.     As to the first sentence, it is admitted that Defendant was retained to effectuate service of process.  The remaining averments of this sentence are denied.

57.     It is admitted that J&E filed an AOS that is attached to Plaintiff's Complaint as Exhibit M.  The remaining averments of this paragraph are denied.

58.     Answering Defendant denies the allegations contained in paragraph "58" of the Complaint.

59.      Answering Defendant admits the allegations contained within paragraph "59" of the Complaint.

60.     Answering Defendant denies the allegations contained within paragraph "60" of the Complaint, but admits that Melissa A. Cyran is an employee of J&E.

61.     Answering Defendant admits that Exhibit M appears to be a true and correct copy of the affidavit of service.  To the extent the allegations of Paragraph 61 seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Answering Defendant denies the allegations to the extent that they are inconsistent with the document.

62.     Upon information and belief, the allegations stated within paragraph numbered "62" of the Complaint are denied.

63.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "63" of the Complaint.

64.      Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "64" of the Complaint.

65.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "65" of the Complaint.

66.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "66" of the Complaint.

67.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "67" of the Complaint.

68.      Answering Defendant denies the allegations contained in paragraph numbered "68" of the Complaint.

69.     Upon information and belief, the allegations stated within paragraph numbered "69" of the Complaint are denied.

70.     Answering Defendant denies the allegations contained in paragraph numbered "70" of the Complaint.

71.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "71" of the Complaint..

72.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "72" of the Complaint.

73.    Answering Defendant denies the allegations that the Affidavits of Service contain impossible claims to service and deny knowledge or information sufficient to form a belief  as to what the affidavits of service state.

74.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "74" of the Complaint.

75.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "75" of the Complaint.

76.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "76" of the Complaint.

77.    Answering Defendant denies the allegations contained in paragraph numbered "77" of the Complaint.

78.    Answering Defendant denies the allegations contained in paragraph numbered "78" of the Complaint.

79.    Answering Defendant denies the allegations contained within the paragraph numbered "79" of the Plaintiff's Complaint, and denies knowledge or information sufficient to form a belief  as to what the affidavits of service state.

80.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "80" of the Complaint.

81.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "81" of the Complaint.

82.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "82" of the Complaint.

83.    Answering Defendant denies the allegations contained in paragraph numbered "83" of the Complaint.

84.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "84" of the Complaint.

85.    Answering Defendant denies the allegations contained in paragraph numbered "85" of the Complaint.

86.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "86" of the Complaint.

87.    Answering Defendant denies the allegations contained in paragraph numbered "87" of the Complaint.

88.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "88" of the Complaint.

89.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "89" of the Complaint.

90.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within the paragraph numbered "90" of the Plaintiff's Complaint, but admit as to the extent that Melissa Cyran notarized the affidavits and filed by J&E.

91.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "91" of the Complaint.

92.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "92" of the Plaintiff's Complaint.

93.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "93" of the Complaint.

94.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "94" of the Complaint.

95.     Answering Defendant denies the allegations contained in paragraph numbered "95" of the Complaint.

96.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "96" of the Complaint.

97.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "97" of the Complaint.

98.     Answering Defendant denies the allegations contained in the paragraph numbered "98" of the Complaint.

99.     Answering Defendant denies the allegations contained in the paragraph numbered "99" of the Complaint.

100.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "100" of the Complaint.

101.     Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "101" of the Complaint.

102.     Answering Defendant denies the allegations contained in the paragraph numbered "102" of the Complaint.

103.    Answering Defendant denies the allegations contained in the paragraph numbered "103" of the Plaintiff's Complaint, except admit that Selip has hired J&E to serve process on its behalf and as to the statements made on J&E's website.

104.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "104" of the Complaint.

105.    Answering Defendant denies the allegations contained in the paragraph numbered "105" of the Complaint.

106.    Answering Defendant denies the allegations contained in the paragraph numbered "106" of the Complaint.

107.    Answering Defendant denies the allegations contained in the paragraph numbered "107" of the Complaint.

108.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "108" of the Complaint, but admit Selip has directed J&E to file affidavits of service on EDDS on Selip's behalf.

109.    Answering Defendant denies the allegations contained in the paragraph numbered "109" of the Complaint.

110.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "110" of the Complaint.

111.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "111" of the Complaint.

112.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "112" of the Complaint.

113.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "113" of the Complaint.

114.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "114" of the Complaint.

115.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "115" of the Complaint.

116.    Answering Defendant denies the allegations contained in the paragraph numbered "116" of the Complaint that indicate that affidavit of service was falsified, and deny knowledge or information sufficient to form a belief as to the rest of the allegations within the paragraph.

117.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "117" of the Complaint.

118.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "118" of the Complaint.

119.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "119" of the Complaint.

120.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "120" of the Complaint.

121.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "121" of the Complaint.

122.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "122" of the Complaint.

123.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "123" of the Complaint.

124.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "124" of the Complaint.

125.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "125" of the Complaint.

126.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "126" of the Complaint.

127.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "127" of the Complaint.

128.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "128" of the Complaint.

129.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "129" of the Complaint.

130.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "130" of the Complaint.

131.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "131" of the Complaint.

132.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "132" of the Complaint.

133.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "133" of the Complaint.

134.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "134" of the Complaint.

135.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "135" of the Complaint.

136.    Answering Defendant denies  knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "136" of the Complaint.

137.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "137" of the Complaint.

138.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "138" of the Complaint.

139.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "139" of the Complaint.

140.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "140" of the Complaint.

141.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "141" of the Complaint.

142.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "142" of the Complaint.

143.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "143" of the Complaint.

144.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "144" of the Complaint.

145.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "145" of the Complaint.

146.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "146" of the Complaint.

147.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "147" of the Complaint.

148.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "148" of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

149.    The allegations in the paragraph numbered "149" of the Complaint constitute conclusions of law and are denied as such.

150.    The allegations in the paragraph numbered "150" of the Complaint constitute conclusions of law and are denied as such.

151.    The allegations in the paragraph numbered "151" of the Complaint constitute conclusions of law and are denied as such.

152.    Answering Defendant denies the allegations contained in the paragraph numbered "152" of the Complaint.

153.    Answering Defendant denies the allegations contained in the paragraph numbered "153" of the Complaint.

154.    Answering Defendant denies the allegations contained in the paragraph numbered "154" of the Complaint.

155.    Answering Defendant denies the allegations contained in the paragraph numbered "155" of the Complaint.

156.    Answering Defendant denies the allegations contained in the paragraph numbered "156" of the Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

157.    The allegations in the paragraph numbered "157" of the Complaint constitute conclusions of law and are denied as such.

158.    The allegations in the paragraph numbered "158" of the Complaint constitute conclusions of law and are denied as such.

159.    Answering Defendant denies the allegations contained in the paragraph numbered "159" of the Complaint.

160.    Answering Defendant denies the allegations contained in the paragraph numbered "160" of the Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

161.    Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "161" of the Complaint as to the language of the statute.

162.    The allegations in the paragraph numbered "162" are not directed at Answering Defendant, and Answering Defendant accordingly provides no answer thereto. To the extent any response is required, Defendant denies the allegations in paragraph "162."

163.    The allegations in the paragraph numbered "163" are not directed at Answering Defendant, and Answering Defendant accordingly provides no answer thereto. To the extent any response is required, Defendant denies the allegations in paragraph "163."

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

164.    The allegations in the paragraph numbered "164" of the Complaint constitute conclusions of law and are denied as such.

165.    Answering Defendant denies the allegations contained in paragraph numbered "165" of the Complaint.

166.    Answering Defendant denies the allegations contained in paragraph numbered "166" of the Complaint.

167.    Answering Defendant denies the allegations contained in paragraph numbered "167" of the Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH AND FIFTH CAUSES OF ACTION [SIC]

168.    Answering Defendant denies the allegations contained in paragraph numbered "168" of the Complaint.

169.    Answering Defendant denies the allegations contained in paragraph numbered "169" of the Complaint.

170.    Answering Defendant denies the allegations contained in paragraph numbered "170" of the Complaint.

171.    As to the first sentence, Answering Defendant denies knowledge or information sufficient to form a belief as to same.  As to the second sentence, denied.

172.    Answering Defendant denies the allegations contained in paragraph numbered "172" of the Complaint.

173.    Answering Defendant denies the allegations contained within paragraph numbered "172"  as speculative and hypothetical, and not a fact to which a response is possible.

174.    The allegations in Paragraph 174 are not directed at Answering Defendant, and Answering Defendant accordingly provide no answer thereto. To the extent any response is required, Defendant denies the allegations in Paragraph 174.

175.    Answering Defendant denies the allegations contained in the paragraph numbered "175" of the Complaint.

176.    Answering Defendant denies the allegations contained in the paragraph numbered "176" of the Complaint.

177.    Answering Defendant denies the allegations contained in the paragraph numbered "177" of the Complaint.

178.    Answering Defendant denies the allegations contained in the paragraph numbered "178" of the Complaint.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff has failed to articulate a viable claim under the Fair Debt Collections Practices Act ("FDCPA") §1692 as a matter of well-settled law.  Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y.).  Therefore, this claim should be dismissed or withdrawn.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.    Even if Defendant violated the FDCPA Act, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.    There is no clear and convincing evidence Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff has failed to join necessary and indispensable parties.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiff's Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6.      The imposition of punitive damages against Answering Defendant would violate its constitutional rights guaranteed under Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 2, 7, 15, 16 and Article I, Sections 1, 5, 6 and 11 of the New York State Constitution. Among other things, Answering Defendants contend that the lack of a requirement that the basis for the imposition of punitive damages be proven beyond a reasonable doubt violates Answering Defendants' constitutional rights, the imposition of such damages violates the due process and equal protection guarantees of the United States Constitution, and the imposition of such damages constitutes an excessive fine or penalty in violation of the United States Constitution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7.      Because Plaintiff asserts conduct for which Answering Defendant played no role, any violation of the law or damage suffered by Plaintiff, which Answering Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Answering Defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8.      If there was any breach, which is denied, then it was due to the superseding intervening acts of third-parties for whose conduct Answering Defendant cannot be held liable.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Even if Defendant violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged condition or omissions of Answering Defendant.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

10.     Any damages sustained, all of which are denied, resulted from Plaintiff's failure to mitigate or otherwise lessen her alleged damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11.     In the event that Plaintiff is able to adequately plead a claim under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodman v. People's Bank, et al., 209 Fed. Appx. 11 (3d Cir. 2006).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.     Answering Defendant is informed and believes and based thereon alleges, that any and all events and happenings in connection with the allegations contained in Plaintiff's Complaint were proximately caused and contributed by the negligence and other legal fault of other third parties, and that if Plaintiff recovers any sums whatsoever herein, said amount must be reduced and proportioned to the extent that the fault of other third parties proximately caused and contributed to Plaintiff's claimed injuries and damages, and that if there is any verdict in favor of said Plaintiff against this Answering Defendant, said verdict should be in proportion to this answering Defendant's pro rata responsibility and to the extent that is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative basis.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     At all times relevant, Answering Defendant acted with due care and in accordance with all statutory and regulatory requirements.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     If Answering Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Answering Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Answering Defendant's proportional fault, if any, should be reduced to the extent thereof, in particular for non-economic damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Plaintiff's claims are barred or limited by the superseding or intervening negligence or other acts or omissions of third parties over whom Answering Defendant had no control, and if Defendant acted in any manner negligently or wrongfully, which Answering Defendant expressly denies, the aforesaid negligence, other acts or omissions of third parties, constituted an intervening and superseding cause of all damages alleged in the Complaint or any cause of action contained therein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's Complaint and each purported cause of action for relief contained therein are barred by the doctrine of laches.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Answering Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate, affirmative defense, Answering Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Answering Defendant alleges that they acted lawfully and within its rights, with a good faith belief in the exercise of those rights, and in the further of legitimate business purposes. Further, Answering Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Answering Defendant was justified under the circumstances based on information reasonably available to Answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19.    Answering Defendant does not fall within the definition of a "debt collector" under FDCPA.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20.    Answering Defendant is not liable for the actions/ inactions of co-defendants as co-defendants were not acting within the scope of their employment.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unasserted affirmative defenses.  Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS FOR INDEMNIFICATION

Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the wrongful conduct of co-defendants, with there being no active or primary wrong-doing on the part of the answering defendant contributing thereto.

By reason of the foregoing, the answering defendant is entitled to full indemnity from, and to judgment over and against the co-defendants, for all of any verdict or judgment which plaintiff may recover against the answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS FOR CONTRIBUTION

Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the culpable conduct of co-defendants.

By reason of the foregoing, in any event that any judgment or verdict is recovered against the answering defendant, answering defendant is entitled to contribution from, and to judgment over and against said co-defendants.

**WHEREFORE,** Answering Defendant demands judgment dismissing the Complaint against it, together with the costs and disbursements of this action or, in the alternative, in the event that plaintiff recovers any verdict and/or judgment against the Answering Defendant, the Answering Defendant is entitled to recover against the co-defendants, in whole or in part, in accordance with the cross-claims herein above set forth, together with the costs, disbursements and counsel fees incurred in the defense of this action.

Dated:  August 2, 2024
         White Plains, New York

WOOD, SMITH, HENNING & BERMAN, LLP

/s/ Meghan Dibbini

By:_____

Meghan A. Dibbini
*Attorneys for Defendant*
**J & E Process Servers**
5 Waller Avenue, Suite 200
White Plains, New York 10604
(914) 353-3833
Email: mdibbini@wshblaw.com

To:
LAW OFFICE OF AHMAD KESHAVARZ
Emma Catarine, Esq.
Ahmad Keshavarz, Esq.
16 Court St., #2600
Brooklyn, NY 11241
Phone: (718) 522-7900
Email: ahmad@NewYorkConsumerAttorney.com