KAUFMAN | DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Adam M. Marshall**
amarshall@kaufmandolowich.com

August 12, 2024

**VIA ECF**
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      *Re:*   *Wilson v. Selip & Stylianou, LLP, et al.*
              Case No. 1:24-cv-4108 (ALC)

Dear Judge Carter:

This firm represents Defendant Selip & Stylianou, LLP ("S&S") in the above action. We write to respectfully request a pre-motion conference regarding S&S's proposed motion to dismiss Plaintiff's Complaint (Doc. 3) as against S&S, as well as the cross-claims asserted by Defendant J & E Process Servers ("J&E") (Doc. 28), pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**I.**      **Background**

On or about May 30, 2023, S&S commenced an action against Plaintiff Erika N. Wilson ("Wilson") on behalf of Synchrony Bank in New York City Civil Court (the "Civil Court") titled, Synchrony Bank v. Erika N. Wilson, Index No. CV-5361-23/BR (the "Collection Action"). (Compl. at ¶ 55). S&S hired J&E to serve Wilson with the summons and complaint (collectively, the "Collection Complaint"). (Id. at ¶ 56). J&E, in turn, delegated the task to Defendant Benjamin Lamb ("Lamb") – a licensed processed server. (Id. at ¶ 56). On June 21, 2023, J&E filed an affidavit of service with the Civil Court wherein Lamb swore that he served Wilson at her Bronx apartment (the "Apartment"), by delivering a copy of the Collection Complaint to co-resident "Chante Wilson" on June 8, 2023 at 3:16 pm and mailing a separate copy to Wilson at the same address on June 16, 2023 (the "Affidavit of Service"). (Id. at ¶¶ 57, 59-61).

On August 21, 2023, Wilson appeared in the Collection Action through counsel and served an Answer. Months later, on December 6, 2023, Wilson made a motion to dismiss the Collection Action based upon improper service (the "Motion"). (Compl., Ex. BB). Wilson and her mother each submitted an affidavit in support of the Motion, alleging that they were the only residents of the Apartment on June 8, 2023 and that neither of them was home at 3:16 pm because Wilson gave birth days earlier and was still at the hospital, with her mother visiting. However, the Motion included no objective proof of those assertions. Instead, Wilson's counsel pointed out that Lamb was sued for allegedly engaging in "sewer service" *more than a decade ago*, and submitted a series of Google Maps printouts that purportedly undermined a few recent affidavits of service Lamb signed *in other cases*. (Compl., Ex. BB).

S&S opposed the Motion on behalf of Synchrony. (Compl., Ex. CC). On April 26, 2024, the Civil Court issued an order granting the Motion solely to the extent of scheduling a traverse hearing. (Compl., Ex. EE). The parties stipulated through counsel to discontinue the Collection Action without prejudice on June 3, 2023.

Hon. Andrew L. Carter, Jr., U.S.D.J.
Page 2 of 4

Wilson filed this lawsuit on May 29, 2023. As against S&S, the Complaint asserts claims under the FDCPA, GBL § 349 and Judiciary Law § 487, as well as a cause of action for "negligence and gross negligence," essentially because S&S relied on the "false" Affidavit of Service. (Compl. at ¶¶ 149-63). On August 2, 2024, J&E filed an Answer to the Complaint that included cross-claims against Lamb and S&S for indemnification and contribution. (Answer at p. 25).

## II.     Wilson Did Not Suffer an Injury-in-Fact Traceable to S&S

As a threshold matter, Wilson's claims against S&S should be dismissed for lack of standing pursuant to Rule 12(b)(1) because she has neither alleged nor sustained an injury-in-fact. S&S never obtained a default judgment against Wilson using Lamb's Affidavit of Service and Wilson never detrimentally relied upon either the Affidavit of Service or S&S's opposition to her Motion to dismiss the Collection Action. See e.g., Seaman v. National Collegiate Student Loan Trust 2007-2, 2023 WL 6290622, at *18 (S.D.N.Y. Sept. 27, 2023) (Gardephe, D.J.) ("The R&R correctly concludes that Plaintiffs lack standing to bring claims 'based on specific false statements made in state court debt-collection proceedings [] because no [P]laintiff has testified that he or she ever read and detrimentally relied on any of those statements,' and 'no [P]laintiff has testified that he or she took or forebore from any action in reliance on any of the specific statements made in [D]efendants' pleadings or affidavits.'").

It does no good for Wilson to cite travel costs incurred to respond to the Collection Action itself, because Wilson never alleges (plausibly or otherwise) that Synchrony's claims were baseless. Moreover, Wilson *chose* to file the Motion to dismiss for lack of personal jurisdiction – a waivable defense – even though she admittedly received actual notice of the Collection Action in time to oppose Synchrony on the merits. Thus, the potential injury posed by Lamb's alleged "sewer service" never materialized.

## III.    Wilson Fails to State Viable Claims against S&S Under the FDCPA

Wilson alleges that all Defendants violated 15 U.S.C. § 1692e (which prohibits deceptive conduct) and 15 U.S.C. § 1692f (which prohibits "unfair" and "unconscionable" conduct) by: (1) failing to unlawfully effectuate service of process; (2) preparing and signing a false affidavit of service; (3) filing a false affidavit of service with the court; (4) filing a false affidavit of service without meaningful attorney review; and (5) in bad faith, unduly prolonging legal proceedings and continuing to preset the false affidavit of service as valid. (Compl. at ¶ 153).

First, it was Lamb who signed the "false" Affidavit of Service and J&E who filed it with the Civil Court – not S&S. (Id. at ¶¶ 2, 57, 61). Wilson admits that S&S "contracted J&E Process Servers **to effect service** on Ms. Wilson" – not to *fake* service. (Id. at ¶ 2) (emphasis added). The Complaint also pleads no facts to support the conclusion that S&S knew or even should have known, when the Affidavit of Service was filed, that Lamb had been untruthful. No one told S&S that Wilson was in the hospital, or that Wilson's mother was with her, or that there was no one at the Apartment fitting the description of "Chante Wilson" on June 8, 2023. (Id. at ¶¶ 61-68).

Second, the FDCPA does not apply where an attorney is interposed as an intermediary between a debt collector and a consumer. Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 94 (2d Cir. 2012); White v. Fein, Such, & Crane, LLP, 2023 WL 1767159, at *4-5 (W.D.N.Y. Feb. 3, 2023) (collecting cases). Here, Wilson retained counsel shortly after she

learned of the Collection Action and was represented throughout the proceedings in Civil Court. (Compl., Ex. BB). Moreover, because Wilson was certain that she (allegedly) had not been served, neither S&S's opposition to Wilson's Motion to dismiss nor the Affidavit of Service itself had "the potential to affect the decision-making process of the least sophisticated [consumer]" in her position. Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 85 (2d Cir. 2018).

Third, the accusation that S&S acted 'in bad faith" by opposing Wilson's Motion is absurd. As noted, Wilson never even produced documentary evidence that she and her mother were at the hospital on the date of service! (Compl., Exs. BB, DD). No attorney could reasonably be expected to "throw in the towel" on the word of the opposing party. Regardless, the Civil Court's April 26, 2024 order forecloses this theory of FDCPA liability. If the Motion had been unassailable, then the Civil Court would have dismissed the Collection Action outright rather than directing a traverse hearing. (Compl., Ex. EE).

### IV. Wilson Fails to State Viable Claims Against S&S Under New York Law

Wilson's state law claims are equally unsound. A claim under § GBL 349 requires the plaintiff to plead and prove that the defendant: (1) engaged in consumer-oriented conduct; (2) that was materially misleading to a reasonable consumer; and (3) that the plaintiff suffered injury as a result. Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 490 (2d Cir. 2014). Here, S&S did not engage in materially misleading conduct for the reasons set forth above and did not cause Wilson any actual injury.[1]

The Judiciary Law § 487 claim fails because such a claim requires the plaintiff to allege, *inter alia*, that the defendant-attorney engaged in intentionally deceitful conduct that was egregious in nature, which caused the plaintiff actual damages. Remler v. Cona Elder Law, PLLC, 2022 WL 4586243, at *6-7 (E.D.N.Y. Sept. 29, 2022). In this case, S&S simply advocated for Synchrony in good faith when confronted with Wilson's flawed Motion to dismiss. "Judiciary Law § 487 does not encompass the filing of a pleading or brief containing nonmeritorious legal arguments, as such statements cannot support a claim under the statute." Bill Birds, Inc. v. Stein Law Firm, P.C., 35 N.Y.3d 173, 180 n.3 (N.Y. 2020).

The claims for negligence or gross negligence are not viable either. "[I]t is well settled 'that any attorney may not be held liable in the provision of professional services adversely affecting one with whom the attorney is not in contractual privity.'" Ilkowitz v. Durand, 2018 WL 1595897, at *12 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Moreover, S&S acted reasonably, as it "ordinary practice in the legal field" to "trust[] a sworn affidavit" of service from a licensed process server. Shad v. Zachter PLLC, 2024 WL 2061703, at *6 (S.D.N.Y. May 3, 2024). Further, Wilson was undamaged by S&S's conduct.

### V. J&E's Contribution and Indemnification Claims are Meritless

There is no scenario where J&E can shift liability to S&S. First, Wilson's claims are predicated upon Lamb's alleged "sewer service," and it was J&E who chose Lamb and provided S&S with GPS time-stamped photograph purportedly taken outside Wilson's Apartment. Second,

---

[1] The "reasonable consumer" standard is "more stringent" than the FDCPA's "least sophisticated consumer" standard. Michelo v. Nat'l Collegiate Student Loan Trust 2007-2, 419 F. Supp. 3d 668, 701, (S.D.N.Y. 2019).

under its Process Server Agreement with S&S, J&E promised to "indemnify, defendant, and hold [S&S] … harmless from any and all claims, demands, and causes of action of any kind made against [S&S] by a third party for any damages arising out of or related to [J&E]'s provision of Services on behalf of [S&S]." It is *J&E* who must indemnify S&S if Wilson's claims survive the forthcoming motion.

We thank the Court for its consideration.

Respectfully,

Kaufman Dolowich LLP

By: *[signature]*

Adam M. Marshall, Esq.

cc:   All Counsel via ECF