

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
**tel** 914.353.3850 • **fax** 914.353.3851 • www.wshblaw.com

**Meghan A. Dibbini**
**direct dial** 914.353.3833
**email** mdibbini@wshblaw.com

August 15, 2024

<u>**VIA ECF**</u>
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  ***Wilson v. Selip & Stylianou, LLP, J & E Process Servers, and Benjamin Lamb***
> Our Client:     J&E Process Servers
> Case No.:      1:24-cv-4108 (ALC)

Dear Judge Carter:

This firm represents Defendant J&E Process Servers ("J&E") in the above-referenced action. We write to oppose co-defendant, Selip & Stylianou, LLP's ("S&S") pre-motion conference request regarding S&S's proposed motion to dismiss J&E's cross-claims asserted in J&E's Answer to Plaintiff's Complaint for indemnification and contribution. J&E does not take a position on S&S's request for dismissal of Plaintiff's claims against it.

As for S&S's request to file a motion to dismiss J&E's cross-claims, J&E asserts that the matter is not ripe for determination at this stage. New York case law indicates that a pre-answer motion is generally considered too early to determine whether cross-claims for indemnification and contribution should be dismissed. For example, in *Masterwear Corp. v. Bernard*, the court determined that it was too early to bar a cross-claim for contribution or indemnification because such determinations must await the resolution of the plaintiff's claims against the defendant. *Masterwear Corp. v. Bernard*, 3 A.D.3d 305 (2004). This decision supports the view that the timing of the motion—before the main claims are resolved—does not justify dismissing cross-claims for indemnification and contribution. Additionally, in *Velazquez-Guadalupe v. Ideal Builders and Construction Services, Inc.*, a builder's motion for summary judgment to dismiss cross-claims was denied as premature, reinforcing the principle that such motions might be considered premature if the main action's issues are not yet resolved. These cases collectively indicate a judicial reluctance to dismiss indemnification and contribution cross-claims

Honorable Andrew L. Carter, Jr.
August 15, 2024
Page 2

prematurely before the underlying issues in the main lawsuit are adjudicated. We note that discovery may yield evidence to supporting J&E's cross-claims.

Consequently, J&E respectfully requests that this Court deny S&S's pre-motion conference request to file a motion to dismiss J&E's cross-claims.

Very truly yours,

WOOD, SMITH, HENNING & BERMAN LLP

By: _____*Meghan A. Dibbini*_____
       MEGHAN A. DIBBINI

MAD

34170073.1:10916-0022