AHMAD KESHAVARZ
Attorney at Law

16 COURT ST., 26TH FLOOR  WWW.NEWYORKCONSUMERATTORNEY.COM  Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026  E-mail: ahmad@NewYorkConsumerAttorney.com  Fax: (877) 496-7900

August 15, 2024

**VIA ECF**
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

> **Re: Plaintiff's opposition to Selip Defendants' letter for conference to file motion to dismiss [DE 30]**
> *Wilson v. Selip & Stylianou, LLP, et al.,* No. 1:24-cv-04108-ALC

Dear Judge Carter:

The undersigned, along with co-counsel CAMBA Legal Services, represent Plaintiff in the above referenced action against Defendants Selip & Stylianou, LLP ("S&S"), their process serving company, J&E Process Servers, Inc, and process server Benjamin Lamb, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and New York General Business Law § 349 *et seq.*; for Lamb and J&E's violations of N.Y.C. Admin. Code § 20-409.2; and for S&S's violations of New York Judiciary Law § 487 *et seq.*

### I. Plaintiff has Article III standing.

Plaintiff has Article III standing because she has asserted concrete harms that have "a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Transunion LLC v. Ramirez*, 141 S.Ct. 2190, 2020 (2021). Here, Ms. Wilson suffered harms of expenses and lost time in traveling to the CAMBA office to review the false affidavit of service and to execute an affidavit challenging the facts of the false affidavit of service. Complaint ¶ 117. The affidavit was necessary to file a motion to dismiss to rebut the false affidavit of service and to dismiss the case that had no lawful basis for proceeding given Defendants' failure to effect service.

In support of its motion to dismiss S&S quotes one holding by a district court judge upholding in (large) part and reversing in part the magistrate's report and recommendation ("R&R"). *Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023). *Seaman* was a class action regarding a debt collector that, *e.g.*, filed false affidavits that *inter alia* attested to "personal knowledge" of chain-of-title documents the affiant had not actually reviewed, to obtain judgments, including default judgments. *Seaman*, 2023 WL 6290622, at *21. The district court affirmed the R&R's dismissal of one class, those who merely had a default judgment entered against them and experienced no other harm. However, the district judge also affirmed the R&R's denial of dismissal of the class of consumers who, *inter alia*, "fought back, incurring significant costs, both in time and money, to vacate improperly-obtained judgments." *Seaman*, 2023 WL 6290622, at *14. As this discussion makes clear, the salient issue for standing is not whether there was "reliance," as S&S claims, but whether Ms. Wilson suffered actual harm that was traceable to the misconduct of S&S. She did. Ms. Wilson is like the second class whose claims the *Seaman* court allowed to proceed: she incurred "costs,

both in time and money" to challenge the false affidavit of service, to obtain a traverse hearing, and ultimately to get the case discontinued..

While for many the loss of time and travel expenses of gas and parking might not seem like "significant costs," the issue is not the amount of injury. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an "injury.") Rather, the issue under *Transunion* is the nature of the injury, specifically "injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American court."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021).

Beyond the time and money Ms. Wilson lost, as the magistrate in *Seaman* explained, the harms she suffered from S&S's misconduct in the course of its debt collection litigation *do* bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," *TransUnion*, 141 S. Ct. at 2204, specifically, common-law "unjustifiable litigation" torts such as civil malicious prosecution, abuse of process, and wrongful use of civil proceedings." *Seaman*, 2023 WL 2975152, at *21 (S.D.N.Y. Mar. 13, 2023), report and recommendation adopted in part, rejected in part, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023). So too here.

**II.     Plaintiff states an FDCPA claim.**

S&S claims ignorance of the sewer service of the process servers it uses. Yet the Complaint alleges S&S regularly contracts J&E and Lamb in its cases. As alleged in the Complaint, Ms. Wilson's counsel uncovered multiple instances of sewer service by Lamb on behalf of Selip and multiple affidavits of service attesting to service attempts that were plainly impossible. (Complaint ¶¶ 70 – 108.) S&S also has its own long history of sewer service itself. (Complaint ¶¶ 122–48.)

Debt collection law firms that use false affidavits of service and of merit – key predicates they use in applications for entry of default judgments – have long been held to violate the FDCPA, GBL 349, and Judiciary Law 487. *See Sykes v. Mel Harris & Assocs.*, LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) and its progeny.

Regardless of S&S's alleged ignorance in the first instance of the false affidavit of Lamb as to Ms. Wilson in the first instance, S&S ratified Lamb's misconduct in opposing Ms. Wilson's motion to dismiss given the overwhelming evidence in the motion to dismiss. Complaint ¶ 118 (delineating evidence).  "Ratification is the act of knowingly giving sanction or affirmance to an act which would otherwise be unauthorized and not binding." In re Adelphia Recovery Tr., 634 F.3d 678, 691 (2d Cir. 2011). This case analogous to *Guzman v. Mel S. Harris & Assocs., LLC*, 2018 WL 1665252, at *8 (S.D.N.Y. Mar. 22, 2018). In Guzman, the debt collector was held to have violated the FDCPA "by continuing to execute on Mr. Guzman's default judgment despite having reason to know the validity of the judgment was questionable." *Id*.

S&S claims the FDCPA does not apply where an attorney is interposed as an intermediary between a debt collector and a consumer. But Ms. Wilson was pro se (obviously) when she learned of the collection lawsuit for which she was not served and incurred expenses and lost time to go to CAMBA to execute an affidavit to challenge the false affidavit of service. Those expenses were incurred regardless of attorney representations.

S&S only quotes one definition of materiality in *Cohen v. Rosicki, Rosicki & Assocs*., P.C., 897 F.3d 75, 85 (2d Cir. 2018).  However debt collection misconduct is also material if "it

has the potential to affect the decision-making process of the least sophisticated consumer." Id. at 85. They "are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." *Somerset v. Stephen Einstein & Assocs., P.C.*, 351 F. Supp. 3d 201, 207 (E.D.N.Y. 2019). In the case at bar, Ms. Wilson received a notice from the Bronx County Civil Court informing her that she was being sued. Complaint ¶ 117. The notice contained the case caption and index number but no substantive information about the claims against her. *Id*. The failure to serve the summons and complaint could indeed "impair the consumer's ability to challenge the debt" because it was only the summons that instructs the consumer where and when to file an answer to avoid a default judgment and only the complaint that describes what the debt being sought is for. This increased Ms. Wilson's emotional distress damages. Complaint ¶ 112.

### III. Plaintiff states claims under New York state law.

S&S contends their conduct is not materially misleading under GBL 349 for the same reasons it does not violate the FDCPA; obviously Plaintiff takes the reverse position. S&S contends Plaintiff has not alleged "injury" within the meaning of GBL 349. Injury under GBL 349 includes emotional distress damages, which is delineated in ¶¶ 110-121 of the Complaint.

As to Judiciary Law 487, Plaintiff has in fact alleged in intentionally deceitful conduct that was egregious in nature. As previously noted, the Complaint documents multiple instances of sewer service by Lamb on behalf of Selip and multiple affidavits of service attesting to service attempts that were plainly impossible. (Complaint ¶¶ 70 – 108.) Of the 39 affidavits of service executed by Lamb for S&S, all of them contend substitute service, a near impossibility. S&S also has its own long history of sewer service itself. (Complaint ¶¶ 122–48.)

As previously noted, similar debt collection litigation misconduct as committed by S&S stated a claim for Judiciary Law 487 in both *Seaman* and *Sykes*. The misconduct of S&S here in systematically using false affidavits of service and opposing attempts to dismiss the case for failure to serve is similar to seeking to collect on judgments that the collection law firm has reason to believe may have been entered by false affidavits of service. Such allegations state claims under Judiciary Law 487, as well at the FDCPA and GBL 349. *Villalba v. Houslanger & Assocs., PLLC*, No. 19CV4270PKCRLM, 2022 WL 900538, at *19 (E.D.N.Y. Mar. 28, 2022).

As to negligence, the duty for S&S to use reasonable care in the collection of debts from consumers arise from its statutory duty to consumers under the FDCPA and GBL 349. *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *5–9 (S.D.N.Y. Mar. 29, 2018)

Respectfully,

/s/

Ahmad Keshavarz