

Divya Subrahmanyam, Esq.  
Senior Staff Attorney, Consumer Law Project  
CAMBA Legal Services, Inc.  
20 Snyder Avenue, Brooklyn, NY 11226  
Phone: 718 940-6311 ext. 40211

August 22, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    **Plaintiff's request to extend her time to serve Defendant Benjamin Lamb**
                *Wilson v. Selip & Stylianou, LLP, et al.*, No. 1:24-cv-04108-ALC

Your Honor:

      My office, along with co-counsel Ahmad Keshavarz, represents Plaintiff in this action. We write to request an extension of Plaintiff's time to serve Defendant Benjamin Lamb, which currently expires on August 27, 2024, or, in the alternative, a pre-motion conference to file a motion for an extension of that time. All other defendants consent to the extension.

      Plaintiff filed the Complaint on May 29, 2024, giving her 90 days, or until August 27, 2024, to effect service on Defendants Selip & Stylianou, LLP ("S&S"), J&E Process Servers ("J&E"), and Benjamin Lamb. *See* Fed. R. Civ. P. 4(m). Defendants J&E and S&S returned executed waivers of service on June 7 and 9, respectively. However, Plaintiff has been unable to locate and serve Defendant Lamb despite diligent efforts.

      Where a Plaintiff shows good cause for failing to effect service within 90 days after the filing of the Complaint, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Hellman v. Cortland Realty Invs. LLC*, No. 1:22-CV-08341 (ALC), 2024 WL 1312250, at *2 (S.D.N.Y. Mar. 27, 2024) (quoting *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016))). A court also has wide discretion to grant an extension even in the absence of good cause, and will look to the "relative prejudice" to the parties, including whether the action would be barred by the statute of limitations and "whether there is a 'justifiable excuse for the failure to properly serve." *Id.* (quoting *Mares v. United States*, 627 F. App'x. 21, 23 (2d Cir. 2015) (summary order)); *see also Zapata v. City of New York,* 502 F.3d 192, 195–96 (2d Cir. 2007).



Plaintiff has made extensive efforts to effect service on Defendant Lamb, a licensed process server who Plaintiff alleges executed a false affidavit of service in a state court debt collection case on behalf of Defendant J&E, a process serving agency, and Defendant S&S, a debt collection law firm.

Before filing the Complaint, Plaintiff obtained publicly available records about Lamb from the New York City Department of Consumer and Worker Protection (DCWP), which licenses and oversees process servers. These records redact Lamb's home address, but list his most recent mailing address (as of November 2022) as 71 Strawberry Hill Ave., Apt. 615, Stamford, CT 06902. A copy of one such document is attached as Exhibit A. Earlier documents, dated 2019 and 2020, list Lamb's mailing address as 1833 Amsterdam Ave, Apt 1E, New York, NY 10031.  A copy of a 2020 document with that address is attached as Exhibit B. Plaintiff also learned from a separate state court debt collection case that Lamb executes or executed affidavits of service on behalf of another process serving agency, ABC Legal Services.

Because Lamb executed the false affidavit of service at issue in this case on behalf of Defendant J&E, Plaintiff initially requested the Summons be issued to Lamb at J&E's offices at 6851 Jericho Turnpike, Ste. 180, Syosset, NY 11791. The Clerk of Court issued a Summons to Lamb at that address on June 3, 2024. (ECF No. 10.) Plaintiff asked J&E if it would waive service on behalf of Lamb; J&E declined to do so on the ground that Lamb was not currently employed or contracted by J&E, but it provided Plaintiff with the last home address it had for Lamb—1833 Amsterdam Ave, Apt 1E.

Based on DCWP's documents, Plaintiff concluded that the 1833 Amsterdam Ave. address was out of date and requested an amended summons be issued to Lamb at 71 Strawberry Hill Ave., Apt. 615, Stamford, CT 06902. The amended summons was issued on June 21, 2024. (ECF No. 17.) Plaintiff's process server attempted to effect service at that address on multiple occasions, with no success. His first attempt was on June 29, 2024 at 7:10 a.m.; access was barred past the common door, so he dialed Apt. 615 on the callbox even though Lamb was not listed on the directory. The call went to voicemail, with a recording that sounded like an "older female with Hispanic accent." The process server left a message. The process server tried again on July 1 at 1:50 p.m., July 2 at 6:45 p.m., and July 3 at 4 p.m. Each time, he dialed the callbox, received no answer, and left a message. A copy of the affidavit of service attesting to these attempts at service is attached as Exhibit C.

 On July 12, 2024, at Plaintiff's request, another amended Summons was issued to Lamb at ABC Legal Services, LLC, 147 Prince St., Ste. 4-6, Brooklyn, NY 11201. (ECF No. 19.) Service was attempted at this address on July 18, but a woman named Amanda Simmons told the process server that Lamb did not work there and did not come into that office, but that she thought he was in Connecticut. A copy of the affidavit of service attesting to this attempt at service is attached as Exhibit D.



The Parties then entered into an agreement to allow Plaintiff to propound, prior to an initial conference, a subpoena to the New York City Department of Consumer and Worker Protection to request the home address of Benjamin Lamb. Pursuant to this agreement, on August 16, 2024, CAMBA Legal Services, Inc. prepared a subpoena to the New York City Department of Consumer and Worker Protection seeking documents showing Lamb's unredacted home address. That subpoena has been sent out for service and Plaintiff awaits responsive documents.

In the meantime, Plaintiff also located an undated DCWP document that listed Lamb's mailing address as 75 Tresser Blvd. Unit 347, Stamford, CT 06901. A copy of this document is attached as Exhibit E. Plaintiff also asked its New York-based process server to run a skip trace on Benjamin Lamb. The result came back on August 20, reporting the Strawberry Hill apartment as Lamb's most likely Connecticut address and the Tresser Blvd. apartment as a less likely but still possible address. Because the New York based process server has limited access to out-of-state documents, on August 21 Plaintiff hired a Connecticut-based process server to run another skip trace.

Also on August 21, Plaintiff requested issuance of a Summons to Lamb at the 75 Tresser Blvd. address, (ECF No. 34), and, because the Strawberry Hill address was not conclusively ruled out, Plaintiff delivered the Summons and Complaint to another process server to try again. The same day, Plaintiff reached out to counsel for J&E and S&S to request their consent to issue subpoenas to various other entities—including but not limited to the software company Lamb uses to comply with New York City's process serving regulations, his cell phone providers, his bonding company, and others. Should opposing counsel grant that consent, Plaintiff will timely issue and serve those subpoenas.

The diligence of these efforts constitutes good cause warranting an extension of time. In addition, Plaintiff will suffer significant prejudice from the dismissal of her claims against Lamb because she would be barred from refiling by the statute of limitations. Defendant Lamb is a crucial defendant in this case because it is he who executed the false affidavit of service on behalf of the remaining defendants that is at the heart of Plaintiff's claims.

The other defendants have consented to an extension and would not be prejudiced by an extension of time given that no significant action has been taken so far in the case. An initial conference has not been set, nor a scheduling order entered. Although Defendant S&S has filed a letter requesting a pre-motion conference for a motion to dismiss, that conference has not been scheduled.

Based on the foregoing, Plaintiff requests a 90-day extension of her time to serve Defendant Lamb, specifically from August 27 to November 26.

    Respectfully,

    */s/ Divya Subrahmanyam*