

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
tel 914.353.3850 • fax 914.353.3851 • www.wshblaw.com

Meghan A. Dibbini
direct dial 914.353.3833
email mdibbini@wshblaw.com

January 28, 2025

**VIA ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: ***Wilson v. Selip & Stylianou, LLP, J & E Process Servers, and Benjamin Lamb***
    Our Client:    J&E Process Servers
    Case No.:    1:24-cv-4108 (ALC)

Dear Judge Carter:

    This firm represents Defendant J&E Process Servers ("J&E") in the above-referenced action. We write to oppose, in part, co-defendant, Benjamin Lamb's ("Lamb") pre-motion conference request to this Court. Specifically, J&E writes to oppose Lamb's proposed motion to dismiss J&E's cross-claims asserted in J&E's Answer to Plaintiff's Complaint for indemnification and contribution. J&E concurs, however, with Lamb's pre-motion conference request which seeks to argue that Plaintiff's Complaint does not plead concrete harm and thus has no standing. J&E respectfully submits that should the Court allow Plaintiff's claims to continue in this lawsuit, that J&E has valid claims for indemnification and contribution against Lamb, and thus, said claims cannot be dismissed.

    As for Lamb's request to file a motion to dismiss J&E's cross-claims, J&E asserts that the matter is not ripe for determination at this stage. New York case law indicates that a pre-answer motion is generally considered too early to determine whether cross-claims for indemnification and contribution should be dismissed. For example, in *Masterwear Corp. v. Bernard*, the court determined that it was too early to bar a cross-claim for contribution or indemnification because such determinations must await the resolution of the plaintiff's claims against the defendant. *Masterwear Corp. v. Bernard*, 3 A.D.3d 305 (2004). This decision supports the view that the timing of the motion—before the main claims are resolved—does not justify dismissing cross-claims for indemnification and contribution. Additionally, in *Velazquez-Guadalupe v. Ideal Builders and Construction*

January 28, 2025
Page 2

*Services, Inc.*, a builder's motion for summary judgment to dismiss cross-claims was denied as premature, reinforcing the principle that such motions might be considered premature if the main action's issues are not yet resolved. These cases collectively indicate a judicial reluctance to dismiss indemnification and contribution cross-claims prematurely before the underlying issues in the main lawsuit are adjudicated. Indeed, J&E notes that, should Plaintiff's claims continue, discovery might yield evidence to support J&E's cross-claims.

As Lamb correctly stated within his letter request, a claim for contribution involves the apportionment of responsibility among parties who are jointly liable for the same injury. While J&E vehemently denies any liability in this action (as does Lamb), should this Court find that Plaintiff's allegations have any merit and allow Plaintiff's claims to continue, J&E would have sound arguments to assert a contribution claim against Lamb, as J&E delegated the process serving duties to Lamb- and relied on his affidavit of service that the proper individual was served. *Westchester County v. Welton Becket Associates*, 102 A.D.2d 34 (1984).

Similarly, should this Court find that Plaintiff's claims have merit to continue, J&E's cross-claim for indemnification also has merit. Indemnification involves shifting the entire loss from one party, who is held liable, to another party who should bear the responsibility. *Id*. In this matter, J&E performed its process serving duties in accordance with the law (i.e. reviewed Lamb's affidavit, GPS photo log, etc.) to ensure that service was proper. Thus, it would be a question of fact for a jury to resolve whether any liability would lie with J&E, or solely with Lamb, should any such liability actually be found.

Consequently, J&E respectfully requests that this Court deny Lamb's pre-motion conference request to file a motion to dismiss as to J&E's cross-claims.

J&E concurs with Lamb's request as it concerns Plaintiff's Complaint failing to plead concrete harm and thus failing to evoke standing.

Very truly yours,

WOOD, SMITH, HENNING & BERMAN LLP

*Meghan A. Dibbini*

By: _____
     MEGHAN A. DIBBINI

MAD

36346444.1:10916-0022