# AHMAD KESHAVARZ
*Attorney at Law*

---

| 16 COURT ST., 26TH FLOOR | WWW.NEWYORKCONSUMERATTORNEY.COM | Telephone: (718) 522-7900 |
|---|---|---|
| BROOKLYN, NY 11241-1026 | E-mail: ahmad@NewYorkConsumerAttorney.com | Fax: (877) 496-7900 |

January 28, 2025

**VIA ECF**
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

> **Re: Plaintiff's opposition to Defendant Selip & Stylianou's renewed letter for conference to file motion to dismiss [DE 63]**
> *Wilson v. Selip & Stylianou, LLP, et al.,* No. 1:24-cv-04108-ALC

Dear Judge Carter:

The undersigned and co-counsel CAMBA Legal Services represent Plaintiff in this action against Defendants Selip & Stylianou, LLP ("S&S"), their process serving company, J&E Process Servers, Inc, and process server Benjamin Lamb, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and New York General Business Law § 349 *et seq.*; for Lamb and J&E's violations of N.Y.C. Admin. Code § 20-409.2; and for S&S's violations of New York Judiciary Law § 487 *et seq*. S&S has filed a letter request for a conference regarding their proposed motion to dismiss for lack of standing and failure to state a claim. Plaintiff opposes.

## I.  Plaintiff has Article III standing.

The Supreme Court has recognized two types of injury sufficient to secure constitutional standing in federal court. *TransUnion, L.L.C. v. Ramirez*, 594 U.S. 413 (2021). First, "[i]f a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id* at 425; *see also Bohnak v. Marsh & McLennan Companies, Inc.*, 79 F.4th 276, 286 (2d Cir. 2023) (foreseeable out-of-pocket expenses, lost time, and opportunity costs satisfy the concreteness requirement). Second, intangible harms are concrete if they were actionable under common law for analogous wrongs, or if they involve the infringement of rights afforded by the Constitution. *Id.* Here, Ms. Wilson suffered multiple categories of injury that confer Article III standing. Ms. Wilson experienced monetary injury in the form of expenses and lost time solely related to Defendants' execution and filing of a false affidavit of service, e.g. traveling to the CAMBA office to review the false affidavit of service and executing an affidavit challenging the facts of the false affidavit of service. Complaint ¶ 117. The affidavit was necessary to file a motion to dismiss to rebut the false affidavit of service and to dismiss the case that had no lawful basis for proceeding given Defendants' failure to effect service.

In addition to her lost time and money, Ms. Wilson sustained concrete intangible harm because S&S's misconduct in the course of its debt collection litigation bears "'a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts,' *TransUnion*, 594 U.S. at 424—specifically, common-law 'unjustifiable litigation' torts such as civil malicious prosecution, abuse of process, and wrongful use of civil proceedings." *Seaman v. Nat'l Collegiate Student Loan Tr.*, 2023 WL 2975152, at *21 (S.D.N.Y. Mar. 13, 2023), *report and recommendation adopted in part, rejected in part*, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023).

The Eastern District of New York recently affirmed this principle in *Onfroy v. Law Office of Geoffrey T. Mott, P.C.,* No. 22-CV-02314(EK)(LB), --- F.Supp.3d ----, 2024 WL 4350489 (E.D.N.Y. Sept. 30, 2024). The plaintiff there, Ms. Onfroy, was a tenant who was sued twice by her landlord for the same debt. *Id.* The court found that Onfroy had standing for her FDCPA claim because she had suffered both categories of concrete injury under Article III. First, she had suffered monetary injury for the cost of parking and lost wages/time from defending herself in court against a spurious lawsuit, and second, the harm she alleged—abusive debt collection—"is similar to the harms of malicious prosecution, wrongful use of civil proceedings, and abuse of process." *Id*.

These are the same harms Ms. Wilson suffered: she lost time and money having to defend herself in an action that should not have been maintained against her, and Defendants' conduct, repeatedly engaging in improper service, is analogous to common law abuse of process claims. In fact, the conduct here is more severe than at issue in *Onfroy*, which only involved double suing one individual. Defendants here have engaged a known "sewer server" with a long history of misconduct and a specific pattern of lying about performing substitute service. When Ms. Wilson raised this by presenting 39 affidavits that showed impossible claims of service and almost universally claiming substitute service, S&S's response was not "we will investigate," but instead, to oppose the motion, refusing to discontinue the case unless Ms. Wilson executed a release of claims.[1]

S&S argues that Ms. Wilson did not suffer an injury-in-fact, an assertion that flies in the face of the Complaint's detailed allegations of harm. S&S supports its argument with a cherry-picked quote from *Seaman v. Nat'l Collegiate Student Loan Tr.*, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 20223), a district court's affirmance in part and reversal in part of a magistrate's R&R. *Seaman* was a class action regarding a debt collector that, *e.g.*, filed false affidavits that attesting to "personal knowledge" of chain-of-title documents the affiant had not actually reviewed, to obtain judgments, including default judgments. *Seaman*, 2023 WL 6290622, at *21. The defendants moved to dismiss. The district court affirmed the R&R's dismissal of one class, those who merely had a default judgment entered against them and experienced no other harm, because they had not "detrimentally relied on" or "taken or forebore from any action" based on the debt collector's false statements. (S&S Letter, ECF No. 63, at 2 (quoting *Seaman*, 2023 WL 6290622, at *18.) What S&S omits, however, is that the district judge and the R&R *rejected* the defendants' motion to dismiss the claims of the class of consumers who "fought back, incurring significant costs, both in time and money, to vacate improperly-obtained judgments," which is concrete in and of itself and bore a close relationship to traditionally recognized common-law unjustifiable litigation torts. *Seaman*, 2023 WL 6290622, at *10, *14. As this discussion makes clear, the salient issue for standing is not whether there was "reliance," as S&S claims, but whether Ms. Wilson suffered actual harm that was traceable to the misconduct of S&S, which she did. Ms. Wilson is like the second class whose claims the *Seaman* court allowed to proceed: she incurred "costs, both in time and money" to challenge the false affidavit of service, to obtain a traverse hearing, and ultimately to get the case discontinued, which also resembles harms traditionally recognized as providing a basis for a lawsuit.

---

[1] These facts, as well as the discontinuance with prejudice itself, are not in the Complaint, because, to avoid FDCPA statute of limitations arguments, Plaintiff filed this complaint prior to the traverse hearing. In accordance with your Honor's rules Plaintiff will request to amend to add these additional facts at the premotion conference.

### II. Plaintiff states an FDCPA claim.

S&S claims ignorance of the sewer service of the process servers it uses. Yet the Complaint alleges S&S regularly contracts J&E and Lamb in its cases. As alleged in the Complaint, Ms. Wilson's counsel uncovered multiple instances of sewer service by Lamb on behalf of Selip and multiple affidavits of service attesting to service attempts that were plainly impossible. (Complaint ¶¶ 70 – 108.) S&S also has its own long history of sewer service. (Complaint ¶¶ 122–48.)

Debt collection law firms that use false affidavits of service and of merit – key predicates they use in applications for entry of default judgments – have long been held to violate the FDCPA, GBL 349, and Judiciary Law 487. *See Sykes v. Mel Harris & Assocs*., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) and its progeny.

Regardless of S&S's alleged ignorance in the first instance of Lamb's false affidavit as to Ms. Wilson, S&S ratified Lamb's misconduct in opposing Ms. Wilson's motion to dismiss given the overwhelming evidence in the motion to dismiss. Complaint ¶ 118 (delineating evidence). "Ratification is the act of knowingly giving sanction or affirmance to an act which would otherwise be unauthorized and not binding." In re Adelphia Recovery Tr., 634 F.3d 678, 691 (2d Cir. 2011). This case is analogous to *Guzman v. Mel S. Harris & Assocs., LLC*, 2018 WL 1665252, at *8 (S.D.N.Y. Mar. 22, 2018). In *Guzman*, the debt collector was held to have violated the FDCPA "by continuing to execute on Mr. Guzman's default judgment despite having reason to know the validity of the judgment was questionable." *Id*.

S&S claims the FDCPA does not apply where an attorney is interposed as an intermediary between a debt collector and a consumer. This kind of categorical exclusion is not supported by any binding Second Circuit precedent. *Rosa v. Mandarich L. Grp., LLP*, No. 22-CV-4720 (LJL), 2024 WL 871209, at *10 (S.D.N.Y. Feb. 29, 2024). To the contrary, the Second Circuit has reiterated that "debt collectors can be subject to FDCPA liability based on actions taken in legal proceedings." *Cohen v. Rosicki, Rosicki, & Associates*, 897 F.3d 75, 83–84 (2d Cir. 2018). And Ms. Wilson was *pro se* when Defendants executed and filed the false affidavit of service, which is the core misconduct that harmed her.

S&S also claims the false affidavit was not material because it did not have "the potential to affect the decision-making process of the least sophisticated [consumer]." (ECF No. 63, quoting *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018)). This is contradicted by the complaint. As courts have explained, bad acts are "material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." *Somerset v. Stephen Einstein & Assocs., P.C.*, 351 F. Supp. 3d 201, 207 (E.D.N.Y. 2019). Here, by filing a false affidavit of service, Defendants advanced their state court case without providing Ms. Wilson with proper notice of it. All Ms. Wilson received was a notice from the Bronx County Civil Court informing her that she was being sued. Complaint ¶ 117. This document contained the case caption and index number but no substantive information about the claims against her. *Id*. Defendants' failure to serve the summons and complaint could absolutely "impair a consumer's ability to challenge the debt" because it is only the summons that instructs the consumer where and when to file an answer to avoid a default judgment and only the complaint that describes what the debt is for. The false affidavit was therefore material.

### III. Plaintiff states claims under New York state law.

S&S contends their conduct is not materially misleading under GBL 349 for the same reasons it does not violate the FDCPA; as explained above, this argument must fail. S&S contends Plaintiff has not alleged "injury" within the meaning of GBL 349. Injury under GBL 349 includes

emotional distress damages, which is delineated in ¶¶ 110-121 of the Complaint and, as discussed above, Ms. Wilson also suffered monetary harms.

As to Judiciary Law 487, Plaintiff has in fact alleged egregious, intentionally deceitful conduct. The Complaint documents multiple instances of sewer service by Lamb on behalf of Selip and multiple affidavits of service attesting to service attempts that were plainly impossible. (Complaint ¶¶ 70 – 108.) Of the 39 affidavits of service executed by Lamb for S&S, all of them contend substitute service, a near impossibility. S&S also has its own long history of sewer service itself. (Complaint ¶¶ 122–48.)

Similar debt collection litigation misconduct has been found to state a Judiciary Law 487 claim in multiple cases, including *Seaman, Sykes,* and others. *Seaman*, 2023 WL 6290622, at *15–17; *Villalba v. Houslanger & Assocs., PLLC*, No. 19CV4270PKCRLM, 2022 WL 900538, at *19—20 (E.D.N.Y. Mar. 28, 2022) (seeking to collect on judgments that the collection law firm has reason to believe may have been based on false affidavits of service); *Sykes*, 757 F. Supp. 2d at 428.

As to negligence, the duty for S&S to use reasonable care in the collection of debts from consumers arise from its statutory duty to consumers under the FDCPA and GBL 349. *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *5–9 (S.D.N.Y. Mar. 29, 2018).

Respectfully,

/s/

Ahmad Keshavarz