# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR  WWW.NEWYORKCONSUMERATTORNEY.COM  Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026  E-mail: ahmad@NewYorkConsumerAttorney.com  Fax: (877) 496-7900

January 28, 2025

**VIA ECF**
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Plaintiff's opposition to Defendant Benjamin Lamb's letter for conference to file motion to dismiss [DE 62]**
*Wilson v. Selip & Stylianou, LLP, et al.,* No. 1:24-cv-04108-ALC

Dear Judge Carter:

The undersigned and co-counsel CAMBA Legal Services represent Plaintiff in this action against Defendants Selip & Stylianou, LLP ("S&S"), their process serving company, J&E Process Servers, Inc, and process server Benjamin Lamb, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and New York General Business Law § 349 *et seq.*; for Lamb and J&E's violations of N.Y.C. Admin. Code § 20-409.2; and for S&S's violations of New York Judiciary Law § 487 *et seq.* Defendant S&S filed a letter requesting to file a motion to dismiss (ECF No. 63), which Plaintiff has opposed (ECF No. 64). Defendant Lamb has filed a letter requesting a conference for a proposed motion to dismiss Plaintiff's claims for lack of standing. Plaintiff opposes, and in the interest of avoiding duplicative submissions to this Court, incorporates by reference her arguments in favor of standing that she set forth in her opposition to S&S.

Defendant Lamb claims *Onfroy* is not analogous to Ms. Wilson's claims because Ms. Wilson would have had to defend the Underlying Action regardless of whether the affidavit of service had been falsified. That is simply not true: service of process is a key prerequisite to maintaining an action against a defendant, and without having done so, S&S had no right to maintain the litigation. And filing a false affidavit of service with the court resulted in Ms. Wilson receiving only a bare-bones court notice that a suit had been filed against her. She did not receive the summons, which would have told her where to go to answer the case, and she did not receive the complaint, which would have told her what the case was about. Without these documents, she was forced to expend time and money figuring out what was going on and how to respond, and suffered significant emotional distress from the uncertainty. She also experienced monetary injury in the form of expenses and lost time solely related to Defendants' execution and filing of a false affidavit of service, e.g. traveling to the CAMBA office to review the false affidavit of service and executing an affidavit challenging the facts of the false affidavit of service.

Defendants should have discontinued the case when faced with proof of sewer service, but did not do so, instead opposing the motion to dismiss and continuing to maintain the action against Ms. Wilson.

Defendant Lamb also ignores Ms. Wilson's extensive allegations of concrete harm, claiming she has alleged only a "technical violation." (ECF No. 62, citing *Maddox v. Bank of NY Mellon Trust Co.*, 19 F. 4th 58 (2d Cir. 2021); *In re FDCPA Mailing Vendor Cases*, 551 F. Supp.3d 57 (E.D.N.Y. 2021)). But in the *Mailing Vendor* cases, the plaintiffs altogether failed to allege any actual, non-speculative injury and failed to analogize the harms to a traditional common law tort.

551 F. Supp. 3d at 65. Likewise, in *Maddox*, the plaintiffs alleged only a speculative harm to their credit that had actually materialized; they also alleged emotional distress—which the Second Circuit agreed "might form the basis for Article III standing"—but failed to support that allegation with plausible facts.

In contrast, Ms. Wilson suffered specific financial harms that actually materialized, offered detailed allegations of emotional distress, and ample caselaw supports her claim that the harms she suffered resemble common law torts with a long history in American courts. She has alleged a concrete injury and has Article II standing to bring this action.

Respectfully,

/s/

Ahmad Keshavarz