

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
**tel** 914.353.3850 • **fax** 914.353.3851 • www.wshblaw.com

**Meghan A. Dibbini**
**direct dial** 914.353.3833
**email** mdibbini@wshblaw.com

January 30, 2025

<u>**VIA ECF**</u>
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    ***Wilson v. Selip & Stylianou, LLP, J & E Process Servers, and Benjamin Lamb***
           Our Client:    J&E Process Servers
           Case No.:    1:24-cv-4108 (ALC)

Dear Judge Carter:

    This firm represents Defendant J&E Process Servers ("J&E") in the above-referenced action. We write to oppose, in part, co-defendant, Selip & Stylianou, LLP's ("S&S") pre-motion conference request to this Court re-filed on January 27, 2025. Specifically, J&E writes to oppose S&S's proposed motion to dismiss J&E's cross-claims asserted in J&E's Answer to Plaintiff's Complaint for indemnification and contribution. J&E concurs, however, with S&S's pre-motion conference request which seeks to argue that Plaintiff did not suffer an injury-in-fact and that Plaintiff fails to state viable claims under the FDCPA and NY law. J&E respectfully submits that should this court allow Plaintiff's claims to continue in this lawsuit, that J&E has valid claims for indemnification and contribution against S&S, and thus, said claims cannot be dismissed.

    As for S&S's request to file a motion to dismiss J&E's cross-claims, J&E asserts that the matter is not ripe for determination at this stage. New York case law indicates that a pre-answer motion is generally considered too early to determine whether cross-claims for indemnification and contribution should be dismissed. For example, in *Masterwear Corp. v. Bernard*, the court determined that it was too early to bar a cross-claim for contribution or indemnification because such determinations must await the resolution of the plaintiff's claims against the defendant. *Masterwear Corp. v. Bernard*, 3 A.D.3d 305 (2004). This decision supports the view that the timing of the motion—before the main claims are resolved—does not justify dismissing cross-claims for indemnification and contribution. Additionally, in *Velazquez-Guadalupe v. Ideal Builders and Construction*

January 30, 2025
Page 2

*Services, Inc.*, a builder's motion for summary judgment to dismiss cross-claims was denied as premature, reinforcing the principle that such motions might be considered premature if the main action's issues are not yet resolved. These cases collectively indicate a judicial reluctance to dismiss indemnification and contribution cross-claims prematurely before the underlying issues in the main lawsuit are adjudicated. We note that discovery may yield evidence to supporting J&E's cross-claims.

Consequently, J&E respectfully requests that this Court deny S&S's pre-motion conference request to file a motion to dismiss J&E's cross-claims.

Very truly yours,

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
*Meghan A. Dibbini*
   MEGHAN A. DIBBINI

MAD

36385896.1:10916-0022