TO: DCA
From: Benjamin Lamb



**Department of Consumer Affairs**

# TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

Under New York City law, licensed process servers and process serving agencies must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice. See Title 6, Rules of the City of New York § 2-236(c). Licensees may use Part I of this form to report the hearing. See the back for submission methods.

*Note:* The licensed process server individual and the process serving agency for whom the individual serves process must each submit a completed Traverse Report Form.

## PART I – REPORT OF HEARING

| | |
|---|---|
| Date of Hearing 4/1/13 | |
| Court Civil | County New York |
| Part C | Index No. 13 N052815 |
| Judge N/A | |
| Petitioner/Plaintiff Nadir Benoit Elsied | Petitioner/Plaintiff's Attorney (include firm's name) Michael B. Palillo |
| Respondent/Defendant David Berk | Respondent/Defendant's Attorney (include firm's name) N/A |
| Date of Service 2/8/13 | |
| Process Server Name Benjamin Lamb | DCA License No. 1071492 |
| Process Serving Agency Assigning Service Supreme Judicial Services, Inc  License # 1092373 | |

**IMPORTANT:** Licensed process servers must report the result of the traverse hearing to DCA within 10 days of learning it. Licensees may use Part II of this form, located on the back, to report the result by e-mail, fax, or certified mail.

*[handwritten at top:]*
Traverse Exhibit 5 Above document Bank
to: DCA
From: Benjamin Lamb - Lic #1071492



**Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

### PART II – REPORT OF RESULT

The licensed process server individual and the process serving agency must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by mail or e-mail to learn the result of the traverse hearing.

If the licensee does not receive a response within 60 days, the licensee must search the court records a minimum of two occasions for the result of the traverse hearing.

Within 100 days of the hearing date, the licensee must report to DCA either the result of the traverse hearing OR that he/she made the required attempt to learn the result without success. See Title 6, Rules of the City of New York § 2-236(c) (2011).

**Result** *(Check ONE box only.)*
Traverse was:
- ☒ Sustained (improper service)
- ☐ Overruled (proper service)
- ☐ Decision Reserved
- ☐ Settled
- ☐ Did Not Learn Result

**Comments**
I was not able to attend the traverse Hearing.

Signature: *B. L.* (handwritten)   Date: 5/31/13

Please use ONE of the following methods to submit this form and attachments to DCA:
- E-mail: TraverseReports@dca.nyc.gov OR
- Fax: (212) 487-4390 OR
- Mail to: Department of Consumer Affairs
  Legal Division
  42 Broadway, 9th Floor
  New York, NY 10004

 **Department of Consumer Affairs**

TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES WHO SIGNED A CONSENT ORDER

Process servers and process serving agencies both must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice that such a hearing has been scheduled. See Title 6, Rules of the City of New York 2-236(ad). Use **Part I** of this form to report the scheduled hearing. Submit this form and any attachments to DCA by emailing TraverseReports@dca.nyc.gov.

*Note: Both process server and the process serving agency must each submit a complete Traverse Report Form.*

## PART I – REPORT OF HEARING

| Field | Value |
|---|---|
| Date of Hearing | 6/20/2019 |
| Court | Civil |
| County | Bronx |
| Part | E |
| Index No. | 4713-18 |
| Judge | Dune E. Lutwak |
| Petitioner/Plaintiff | 245 E 207 operating corp |
| Petitioner/Plaintiff's Attorney (include firm's name) | Goldberg Lustig - Steckler |
| Respondent/Defendant | Idil Haner |
| Respondent/Defendant's Attorney (include firm's name) | |
| Date of Service | 2/28/2018 |
| Process Server Name | Benjamin Lamb |
| DCA License No. | 1071492 |
| Process Serving Agency Name/DCA License No. | Keith Wohl DBA Kenco Process Serving  MS1622 |
| I am submitting this form as: | ☐ A process server individual<br>☒ An authorized representative of the process serving agency |

Signature _____ Date 6/17/19

**IMPORTANT** Process servers and process serving agencies both must report the final result of the traverse hearing to DCA within 10 days of learning the final result. See Title 6, Rules of the City of New York 2-236(c). Use **Part II** of this form to report the final result of the traverse hearing.



**NYC Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

### PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is **not** a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

**Final Result (Check ONE box only.)**

Traverse was:
- ☐ Sustained (improper service)
- ☐ Overruled (proper service)
- ☐ Settled (Please provide details below.)
- ☒ I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result.
- ☐ Other (Provide details below, including any reason(s) that the traverse hearing was not held.)

**Comments**

Signature: _[signature]_   Date: 8/16/19

Print Name: Keith Woon



**Department of Consumer Affairs**

TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is not a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

**Final Result** (Check ONE box only.)

Traverse was:
- [x] Sustained (improper service)
- [ ] Overruled (proper service)
- [ ] Settled (Please provide details below.)
- [ ] I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result.
- [ ] Other (Provide details below, including any reason(s) that the traverse hearing was not held.)

**Comments**

Signature: [signed]    Date: 11/4/19

Print Name: Keith Nowl DBA Kenco

Civil Court of the City of New York  
County of Bronx

Index No: **CV-073546-06/BX**

LR CREDIT 10, LLC

                        Plaintiff(s)

    -against-

MARY CORTI

                        Defendant(s)

**REPORT OF A TRAVERSE HEARING**

To: New York City Department of Consumer Affairs  
    Attn: Legal Division  
    42 Broadway, 9th Floor  
    New York, NY 10004

From: Hon. **DONALD A. MILES**, **JUDGE, CIVIL COURT**  
       Civil Court, City of New York  
       County of Bronx

A traverse hearing was held before me in Part **39** on **August 13, 2014**

on the sufficiency of service on index number **CV-073546-06/BX**.

The name of the process server is **Benjamin Lamb**

The license of the process server is **1071492**

Traverse was: **✓** Sustained (Service was improper)

              _____ Overruled (Service was proper)

Comments: (was based on default of plaintiff/ plaintiff process server) other **No Log,**
**No GPS Device, No GPS Records.**

See copy of the decision attached

Date: **8/13/2014**

                                                                  Judge, Civil Court

Civ GP 30 (Dec 2005)

(Page 1 of 2)

**Civil Court of the City of New York**
County of BRONX
Part _____

Index Number 073546-06

LR Credit 19, LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Mary Carti,

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Defendant's Traverse challenge is sustained. Plaintiff's witness, process server, did not have a log (which is no longer required); however, said witness, do mr. They submitted a GPS device and recording therefrom. Additionally, witness could not actually remember service, subsequent to being refreshed by affidavit of service. It is the burden of plaintiff to prove, through a fair or reasonable preponderance of credible evidence, that defendant was properly served.

Defendant denies the service and specifically refutes the identity of the person who allegedly received substitute [service]

_____        _____
Date                              Judge, Civil Court

CIV-GP-41 (January, 1998)

**Civil Court of the City of New York**

County of __Bronx__
Part _____

Index Number __073548-06__

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Defendant(s)/Respondent(s)

## DECISION/ORDER

Service. Hence, plaintiff cannot sustain its burden, therefore, burden never shifted to defendant.

Accordingly, Plaintiff's case is dismissed.

This constitutes the Decision and Order of the Court.

**Civil Court of the City of New York**
AUG 13 2014
ENTERED
BRONX COUNTY

8-13-14
Date

_____ (signature)
Judge, Civil Court

DONALD A. MILES
JUDGE, CIVIL COURT

CIV-GP-41 (January, 1998)



**Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

Process servers and process serving agencies both must report a scheduled traverse hearing (hearing contesting service) to the Department of Consumer Affairs (DCA) within 10 days of receiving oral or written notice that such a hearing has been scheduled. See Title 6, Rules of the City of New York § 2-236(a). Use Part I of this form to report the scheduled hearing. Submit this form and any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov.

*Note: Both the process server and the process serving agency must each submit a completed Traverse Report Form.*

### PART I – REPORT OF HEARING

| Field | Entry |
|---|---|
| Date of Hearing | 8/21/2019 |
| Court | Civil |
| County | Bronx |
| Part | J Room 490 |
| Index No. | 21516/19 |
| Judge | N/A |
| Petitioner/Plaintiff | Samaritan Daytop Village Inc |
| Petitioner/Plaintiff's Attorney | Goldberg Lustig & Steckler |
| Respondent/Defendant | Chandler Boswell, John Doe, Jane Doe |
| Respondent/Defendant's Attorney | |
| Date of Service | 5/4/2019 |
| Process Server Name | Benxumin Lamb |
| DCA License No. | 1071492 |
| Process Serving Agency Name/DCA License No. | Kence Process Serving |

I am submitting this form as:
☐ A process server individual
☒ An authorized representative for the process serving agency

Signature: _[signed]_   Date: 8/19/19

**IMPORTANT:** Process servers and process serving agencies both must report the final result of the traverse hearing to DCA within 10 days of learning the final result. See Title 6, Rules of the City of New York § 2-236(c). Use Part II of this form to report the final result of the traverse hearing.



**Department of Consumer Affairs**

## TRAVERSE REPORT FORM FOR PROCESS SERVERS/AGENCIES

### PART II – REPORT OF FINAL RESULT

You must attempt to contact the petitioner/plaintiff or the petitioner/plaintiff's attorney by U.S. mail or e-mail to learn the final result of the traverse hearing. If you do not receive a response from the petitioner/plaintiff or the petitioner/plaintiff's attorney within 60 days of the scheduled hearing date, you must search the court records for the final result of the traverse hearing. If you have not learned the final result within 90 days of the scheduled hearing date, you must search the court records again. Within 100 days of the hearing date, you must report to DCA either (1) the final result of the traverse hearing OR (2) that you made a diligent attempt to learn the final result without success.

*Note:* "Decision reserved" is **not** a final result and you must continue to search for the final court decision in accordance with the procedure summarized above.

Submit this form along with any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov. You are encouraged to attach a copy of the court's decision to the report.

**Final Result (Check ONE box only)**

Traverse was:
- ☐ Sustained (improper service)
- ☐ Overruled (proper service)
- ☐ Settled (Please provide details below.)
- ☐ I affirm that I attempted to contact plaintiff or plaintiff's attorney to learn the final result, diligently searched the court file 60 and 90 days from the date of the scheduled hearing, but was unable to learn final result.
- ☒ Other (Provide details below, including any reason(s) that the traverse hearing was not held.)

**Comments**

Case Dismissed
No Log Book  process server
              Benjamin Lany

Signature: [signed]
Print Name: Keith wohl
Date: 2/18/20

Civil Court of the City of New York  
County of Bronx

Index No: CV-046199-08/BX

LR CREDIT 17, LLC

      -against-      Plaintiff(s)

AMERICO SANTIAGO

                       Defendant(s)

**REPORT OF A TRAVERSE HEARING**

To: New York City Department of Consumer Affairs  
    Attn: Legal Division  
    42 Broadway, 9th Floor  
    New York, NY 10004

From: Hon. _PAUL L. ALPERT, JUDGE, CIVIL COURT_  
      Civil Court, City of New York  
      County of Bronx

A traverse hearing was held before me in Part __39__ on __September 11, 2014__ on the sufficiency of service on index number **CV-046199-08/BX**.

The name of the process server is __Benjamin Lamb__

The license of the process server is __1071492__

Traverse was: __X__ Sustained (Service was improper)

                        ____ Overruled (Service was proper)

Comments: (was based on default of plaintiff/ plaintiff process server) other __Decision based on default of plaintiff and plaintiff's process server__

See copy of the decision attached

Date: __9/11/14__

Judge, Civil Court  
PAUL L. ALPERT  
JUDGE, CIVIL COURT

Civ GP 30 (Dec 2005)

Civil Court of the City of New York  
SEP 11 2014  
ENTERED  
BRONX COUNTY

# Civil Court of the City of New York

County of __BRONX__
Part 39

Index Number __CV-046199-08__

LR Credit 17, LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Americo Santiago

Defendant(s)/Respondent(s)

## DECISION/ORDER

This matter having been set for a Traverse hearing today by a previous order of the court is hereby dismissed based upon plaintiff's default. Defendant has appeared but Plaintiff + Plaintiff's process server has failed to appear. The traverse is sustained, and the action is dismissed for lack of personal jurisdiction over defendant. The default judgment is hereby vacated and all bank account restraints, wage garnishments and other levies/liens are also vacated. Plaintiff is directed to return any/all funds collected in connection with the default judgment to Defendant. This constitutes the decision/order of the court.

9/11/14
Date

Civil Court of the City of New York
SEP 11 2014
ENTERED
BRONX COUNTY

Judge, Civil Court
PAUL L. ALPERT
JUDGE, CIVIL COURT

CIV-GP-41 (January, 1998)