# NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION
# CONSENT ORDER AND SETTLEMENT AGREEMENT

| In the Matter of:<br><br>Benjamin Lamb<br><br><br><br>Respondent. | Summons No. 220204HR<br><br>License No. 1071492-DCA<br><br>(Process Server Individual) |
|---|---|

## I. INTRODUCTION

1. New York City Department of Consumer and Worker Protections ("DCWP" or the "Department") is an agency of the City of New York with the duty and authority to administer and enforce violations of New York General Business Law Section 89-cc, Title 20 of the New York City Administrative Code ("NYC Code") and Title 6 of the Rules of the City of New York ("6 RCNY" or "Rules"). DCWP has its principal place of business at 42 Broadway, New York, NY 10004.

2. Benjamin Lamb ("Respondent") is an individual process server who holds DCWP License No. 1071492-DCA.

3. DCWP and Respondent enter into this Consent Order and Settlement Agreement ("Consent Agreement") and voluntarily agree to its terms and conditions. DCWP and Respondent are referred to collectively herein as the Parties and individually as a Party.

4. Each of the undersigned expressly warrants and represents that they have the full power, capacity, and authority to execute and deliver this Consent Agreement on behalf of the Party indicated.

5. This Consent Agreement shall be binding upon, enforceable against, and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, and administrators.

6. Respondent acknowledges receipt of Summons No. 220204HR dated November 23, 2022 (the "Summons") that charges Respondent with violations of the NYC Code and Rules.

Summons No: 220204HR

Respondent pleads guilty to the following violation(s) charged in the Summons:

| # | Violation Code and Charge | Settlement Amount |
|---|---|---|
| 1. | Rules of the City of New York, Title 6, Section 2-233a(a) (1 Count) | $375.00 |
| 2. | Rules of the City of New York, Title 6, Section 2-233b(a)(2)(i) (1 Count) | $375.00 |
| 3. | Rules of the City of New York, Title 6, Section 2-234 (withdrawn) | 0 |
| 4. | Rules of the City of New York, Title 6, Section 2-235 (1 Count) | $375.00 |
| | TOTAL SETTLEMENT AMOUNT | $1,125.00 |

7. Pursuant to 6 RCNY § 6-04, this Consent Agreement shall have the force and effect of a final order of the DCWP Commissioner.

8. This Consent Agreement becomes effective as of the date upon which it is fully executed by all Parties and will remain in effect for three (3) years from such effective date.

II. BACKGROUND

9. The Summons was issued following an investigation and/or audit by DCWP of certain acts and practices of Respondent. Respondent enters into this Consent Agreement to settle the issues raised by that investigation and to avoid protracted litigation.

Summons No: 220204HR

### III. FINE

10. Upon execution of this Consent Agreement, Respondent agrees to pay a fine of $1,125.00

11. All payments shall be made by bank check, certified check, or money order, made payable to the New York City Department of Consumer and Worker Protection, and delivered to:

    New York City Department of Consumer and Worker Protection
    ATTN: Collection/Finance Division
    42 Broadway, 5th Floor
    New York, NY 10004

*All payments and all correspondence related to this Consent Agreement must reference the summons number.*

### IV. COMPLIANCE WITH THE LAW

12. Respondent shall comply fully with all applicable portions of the NYC Code, including the Consumer Protection Law, the Rules of the City of New York, and all other relevant city, state, and federal laws and regulations, without regard to any requirement delineated or not delineated in this Consent Agreement. Where, however, the terms of this Consent Agreement exceed statutory requirements, Respondent must comply with this Consent Agreement.

### V. PROVISIONS SPECIFIC TO DUTIES OF PROCESS SERVERS

13. Respondent shall strictly and promptly comply with all laws, rules, regulations, and requirements of the federal, state and municipal authorities pertaining to process servers and the service of process, including NYC Code §§ 20-403 through 20-410 and 6 RCNY §§ 2-233 through 2-240.

14. Respondent shall not serve process in New York City for a process serving agency that does not maintain an active DCWP process serving agency license.

#### A. DUTY TO MAINTAIN PROPER RECORDS

15. Respondent shall maintain complete and accurate records of all services and attempted services made by Respondent in and outside of New York City. Such records must be maintained in accordance with the requirements of Section 89-cc of the New York General Business Law and 6 RCNY §§ 2-233, 2-233b and 2-235.

*GPS Records*

16. Respondent shall maintain complete and accurate records of all services and attempted services

made by Respondent in and outside of New York City in an electronic format that is resistant to tampering, as prescribed by 6 RCNY § 2-233b ("GPS records").

17. In every instance in which Respondent attempts or effects service of process in and outside of New York City, Respondent shall, immediately after attempting or effecting service, create an electronic record of the location, time and date of the attempted or effected service, as determined by Global Positioning System ("GPS") technology or, in the event that no GPS signal is available at the time of attempted or effected service of process, as determined by triangulated cell tower signals.

18. Except when Respondent cannot obtain a GPS or cellular signal or attempts or effects service of process at multiple apartments or offices within the same building, in every instance in which Respondent attempts or effects service of process in or outside of New York City, Respondent shall ensure that Respondent's GPS record include a photograph of the outside of the building where Respondent attempted or effected service of process. The photograph must include the front entrance door to the building and, if possible, the number of the building. If Respondent attempts or effects service of process at multiple apartments or offices within the same building, only the GPS record corresponding to the last attempted or effected service of process within the building must include a photograph of the outside of the building. Where Respondent is unable to obtain a GPS or cellular signal in the direct vicinity of the building where Respondent served or attempted to serve process, Respondent shall, as soon as a GPS or cellular signal becomes available: (a) take a photograph of the outside of the nearest building in accordance with the instructions above; and (b) input in the GPS record the address of the photographed building or the nearest cross-section.

### *Affidavits of Service*

19. Respondent shall maintain electronic copies of all affidavits of service signed by Respondent, independent of the records maintained by any process serving agencies, and shall produce such records, upon request by the Department, in chronological date/time order.

20. Respondent shall not sign an affidavit of service unless Respondent created a GPS record immediately after the service, as required by 6 RCNY § 2-233b.

21. Respondent's affidavits of service shall be truthful, contain all information required by law, and contain the following:

    a. Respondent's license number;
    b. The name, address and license number of the process serving agency from whom the process served was received (except where the process effectuated was not received from a process serving agency);
    c. A detailed description of Respondent's efforts to effectuate personal service;
    d. The date and time that service of process was effectuated;

    e.    A description of the gender, age, height, weight, skin color, hair color, and all otheridentifying features of the person to whom papers were delivered;

    a.    Where service of process is accomplished by personal service, all information confirming that Respondent knew the person to whom process was delivered was the actual intended recipient of the process;

    b.    Where service of process is accomplished by substitute service, all information confirming that Respondent knew the person to whom process was delivered was a relative or co-occupant of the intended recipient;

    c.    For all conspicuous services, the location and detailed description of the place where service was effectuated, including: (i) the color <u>and</u> composition of hallway walls adjacent to the door at which service was attempted or effected, (ii) the color <u>and</u> composition of the floor or doorstep adjacent to the door at which service was attempted or effected, and (iii) the location of the door in relation to stairs, elevators or entranceways; and

    d.    The GPS location, time and date of the service that Respondent created pursuant to 6 RCNY § 2-233b (The GPS location shall be expressed in latitude/longitude format and the GPS date and time shall be the date and time as determined by global positioning system or assisted-global positioning system technology).

## B. DUTY TO REPORT CONTESTS TO SERVICE OF PROCESS

22. Whenever Respondent receives any type of notice, including an oral communication, that a court has scheduled a hearing to determine whether service of process assigned to Respondent was effective (also known as a "traverse hearing"), Respondent shall submit a report to the Department, within ten (10) days of receiving such notice. Respondent shall submit the completed traverse report form using the DCWP's Process Server Portal, accessible via DCWP's website containing "Information for Process Server Industry" (https://www1.nyc.gov/site/dca/businesses/info-process-servers.page).

23. Each traverse report form notifying the Department of a scheduled traverse hearing shall minimally include the following information:

    a.    The date(s) of the hearing;
    b.    The name of the court, county, and judge before whom the hearing is scheduled;
    c.    The index number of the action or proceeding;
    d.    The name of the petitioner or plaintiff;
    e.    The name of the respondent or defendant;
    f.    The process server's name;
    g.    The process server's license number; and
    h.    The name of the process serving agency on behalf of whom service was effectuated.

24. Respondent shall learn the final result of each <u>scheduled</u> traverse hearing that concerns service of process by Respondent, including any judicial order, cancellation of the hearing or settlement resolving the challenge to service of process. Respondent shall also obtain a copy

of the court's order or decision on any traverse hearings that actually occur, including any stipulation or court file jacket setting forth the final disposition of the matter. "Decision reserved" is not a final result.

25. Within ten days of learning the final result of a traverse hearing, Respondent shall notify the Department of the result by submitting a final traverse report to the Department using the DCWP's Process Server Portal, accessible via DCWP's website containing "Information for Process Server Industry" (https://www1.nyc.gov/site/dca/businesses/info-process-servers.page).

26. Respondent shall append a copy of the court's order or decision on any traverse hearings that actually occur to Respondent's traverse report, including any stipulation or court file jacket setting forth the final disposition of the matter.

27. If Respondent fails to learn the final result of the traverse hearing and obtain a copy of the court's decision within thirty (30) days of the scheduled hearing date, Respondent shall send a written communication to the plaintiff/petitioner or the plaintiff/petitioner's attorney to obtain the final result and a copy of the court's decision.

28. If Respondent fails to learn the final result and obtain a copy of the court's decision within sixty (60) days of the scheduled hearing date, Respondent shall search the court file for such information.

29. If Respondent fails to learn the final result and obtain a copy of the court's decision within ninety (90) days of the scheduled hearing date, Respondent shall search the court file again for such information.

30. Respondent shall continue to search the court file every thirty (30) days until it learns the final result of the traverse hearing and is able to obtain a copy of the court's decision.

31. Within 100 days of the scheduled hearing date, Respondent must submit to the Department, using the DCWP's Process Server Portal, accessible via DCWP's website containing "Information for Process Server Industry": (a) the final result of the hearing and a copy of the court's decision; or (b) a written explanation of why Respondent was unable to learn the final result of the hearing or obtain a copy of the court's decision.

32. Respondent and the process serving agency for whom he or she serves process **each** must submit a completed Traverse Report Form upon learning of the scheduling of a traverse hearing **and** learning the result of a traverse hearing. Process serving agencies may not submit traverse reports on Respondent's behalf.

33. Respondent shall maintain, in one Microsoft Excel file, an electronic record of everytraverse hearing scheduled concerning service of process by Respondent. This shall be done by using the Excel spreadsheet titled "Record of Scheduled Traverse Hearings," available on the

DCWP Process Server Website.

### C. MISCELLANEOUS – PROCESS SERVERS

34. If the Department conducts a training on process server laws/regulations in the future and requests in writing that Respondent attend such training, Respondent shall attend the training on a date and time set forth by the Department.

35. Upon request from the Department, Respondent shall produce, within fourteen (14) days, any records that it is required to maintain pursuant to this Consent Agreement, NYC Code, or the Rules.

36. Respondent shall make all possible efforts in good faith to resolve all consumer complaints filed with the Department within ten (10) days of receipt of copies of those complaints, but in all instances, Respondent shall respond in writing to the Department regarding those consumer complaints within ten (10) days of receipt of any complaints.

37. The acceptance of this Consent Agreement does not limit the Department's ability, nor the Respondent's obligation, to respond to consumer complaints that arose prior to the date of this Consent Agreement.

38. Respondent shall comply with the Housing Court certification requirement of NYC Code § 20-406.3(d). In accordance with the law, by August 1, 2020 and every six months thereafter, Respondent shall submit electronically, using DCWP's Process Server Portal, accessible via DCWP's website containing "Information for Process Server Industry" (https://www1.nyc.gov/site/dca/businesses/info-process-servers.page), a certification stating whether Respondent has served at least one summons, subpoena, notice, citation or other process, directing an appearance or response to a legal action, legal proceeding or administrative proceeding that is subject to the provisions of section 110 of the civil court act within the immediately prior semi-annual calendar year period.

39. Respondent affirms that the address, telephone number and email address listed with the Department are current and correct. Respondent acknowledges that the Department intends to use this e-mail address to communicate official matters to Respondent and Respondent agrees to accept such communications and respond to them in a timely manner. Respondent shall notify the Department when his or her address, telephone number or e-mail address changes, in writing, within ten (10) days of such change. Respondent shall provide such notification in writing to the Department's Licensing Division at 42 Broadway, 5th Floor, NY, NY 10004.

### VI. CONSEQUENCES OF BREACH

40. If, after notice and a hearing, Respondent is found to have breached one or more provisions of this Consent Agreement, the Department may do one or more of the following: (a) void

the Consent Agreement and prosecute all potential violations arising from its investigation, (b) revoke Respondent's license(s), or (c) impose a penalty of $500 per breach per 6 RCNY § 6-04, notwithstanding any other penalties due and owing resulting from Respondent's violation of applicable laws and regulations.

41. If, after notice and a hearing, Respondent is found to have breached any provision of this agreement, except for those provisions contained in Sections III, IV, V, or VI, Respondent shall be subject to a penalty of $500 per breach per 6 RCNY § 6-04, notwithstanding any other penalties due and owing resulting from Respondents violation of applicable laws and regulations.

42. Respondent's breach of any provision of this Consent Agreement requiring the production of documents shall constitute *prima facie* evidence that Respondent has failed to maintain those documents and thus, has failed to comply with any local, state, or federal law, rule, or regulation requiring that such documents be maintained.

## VII. WAIVER OF APPEALS

43. This Consent Agreement shall have the force and effect of a final order of the DCWP Commissioner and Respondent hereby expressly and irrevocably waives all right to any hearing, challenge, or appeal in any court or administrative body of any fact, issue, or matter covered by this Consent Agreement, whether those rights arise under local, state, or federal law.

## VIII. NOTICES

44. Unless otherwise mandated by the terms of this Consent Agreement, any notices, reports, or other written material required to be produced pursuant to this Consent Agreement must be provided as follows:

    **By email:** process_server@dcwp.nyc.gov
    **By mail:** New York City Department of Consumer and Worker Protection
    General Counsel Division
    ATTN: Legal Operations Director
    42 Broadway, 9th Floor
    New York, NY 10004

## IX. RELEASE

45. Upon full execution of this Consent Agreement, full payment by Respondent of all fines and full compliance with the terms set forth in paragraphs 11 and 12, Respondent shall be released by the Department from all potential claims arising out of the Summons. Respondent shall be obligated to comply with all remaining terms and conditions pending the end of the term of this Consent Agreement. The release does not cover any potential

claims unrelated to the Summons or for breaches of this Consent Agreement.

46. This Release covers the potential claims of the Department only, and may not be construed to limit, in any way, the rights of any third party to bring claims, file actions, or otherwise exercise a legal right by suing in a court of competent jurisdiction. Decisions or judgments obtained by individual consumers in prior legal actions remain in full effect.

## X.   MISCELLANEOUS

47. This Consent Agreement does not constitute an approval of any of Respondent's business practices, and Respondent is prohibited from making any representation to the contrary.

48. The provisions of this Consent Agreement shall be construed in accordance with the laws of the State of New York.

49. If any provision of this Consent Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Consent Agreement which can be given effect without the invalid provisions or applications and to this end the provisions of this Consent Agreement are declared to be severable.

50. Any failure by the Department to insist upon the strict performance by Respondent of any provision(s) of this Consent Agreement shall not be deemed a waiver of such provision(s), or any other provisions of the Consent Agreement, and shall not limit the Department's right to enforce any provision of this Consent Agreement in the future.

51. Nothing in this Consent Agreement shall be construed as relieving Respondent of its duty to comply with all applicable local, state, and federal laws.

52. This Consent Agreement, together with its specified attachments, contains the entire agreement and understanding among the parties hereto with respect to the subject matter of the Consent Agreement, and supersedes all prior and contemporaneous agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to the same subject matter. The express terms this Consent Agreement control and supersede any course of performance or dealings inconsistent with its terms.

53. Except as expressly provided herein, this Consent Agreement does not bar or limit in any way the authority of the Department to exercise its investigative and enforcement powers under any law or rule within the Department's jurisdiction.

54. Respondent has read this Consent Agreement carefully, understands each of its terms and conditions, and agrees to be bound by the same. Respondent has sought independent legal counsel to the extent Respondent deemed such advice necessary in connection with the review and execution of this Consent Agreement.

**Summons No: 220204HR**

55. This Consent Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Signed signature pages may be transmitted by email, and any such signature shall have thesame legal effect as an original.

## XI. LICENSING IN GENERAL

56. Respondent shall not operate any business for which a license is required pursuant to the NYC Code or applicable provisions of New York State law without first obtaining such license. Respondent shall apply immediately for the appropriate license. If Respondent fails to apply for a license within ten days of the effective date of this Consent Agreement, the Department may, following ten (10) days' notice, seal and/or render inoperable all of the business' articles, devices, and instrumentalities related to the unlicensed activity.

57. If Respondent's business becomes unlicensed for any reason, including but not limited to revocation, suspension, expiration, or denial, Respondent must immediately cease operating such business or any portion thereof for which a license is required.

58. Unlicensed activity after the effective date of this Consent Agreement will be considered a breach subject to the terms set forth in Section XI, above, and in addition the penalties set forth in such Section, shall subject Respondent to a civil penalty of $100.00 per day for each day of unlicensed activity. There shall be a presumption of continuous unlicensed activity from the effective date of this Consent Agreement to the date the breach is corrected.

| Respondent: | | New York City Department of Consumer and Worker Protection | |
|---|---|---|---|
| Signature | Date | Signature | Date |
| Print Name | | | |
| Email | | Fiona Cummings<br>Legal Staff Associate<br>42 Broadway, 9th Floor<br>New York, NY 10004<br>Process_Server@dcwp.nyc.gov | |

55. This Consent Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Signed signature pages may be transmitted by email, and any such signature shall have the same legal effect as an original.

## XI. LICENSING IN GENERAL

56. Respondent shall not operate any business for which a license is required pursuant to the NYC Code or applicable provisions of New York State law without first obtaining such license. Respondent shall apply immediately for the appropriate license. If Respondent fails to apply for a license within ten days of the effective date of this Consent Agreement, the Department may, following ten (10) days' notice, seal and/or render inoperable all of the business' articles, devices, and instrumentalities related to the unlicensed activity.

57. If Respondent's business becomes unlicensed for any reason, including but not limited to revocation, suspension, expiration, or denial, Respondent must immediately cease operating such business or any portion thereof for which a license is required.

58. Unlicensed activity after the effective date of this Consent Agreement will be considered a breach subject to the terms set forth in Section XI, above, and in addition the penalties set forth in such Section, shall subject Respondent to a civil penalty of $100.00 per day for each day of unlicensed activity. There shall be a presumption of continuous unlicensed activity from the effective date of this Consent Agreement to the date the breach is corrected.

| Respondent: | | New York City Department of Consumer and Worker Protection | |
|---|---|---|---|
| _[signature]_ | 3/2/23 | _[signature]_ | 3/2/2023 |
| Signature | Date | Signature | Date |
| Benjamin Lamb | | | |
| Print Name | | | |
| benjamin.lamb9@gmail.com | | Fiona Cummings | |
| Email | | Legal Staff Associate | |
| | | 42 Broadway, 9th Floor | |
| | | New York, NY 10004 | |
| | | Process_Server@dcwp.nyc.gov | |