UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ERIKA WILSON,

        Plaintiff,         Case No: 1:24-cv-4108- ALC

  v.

        **Oral Argument Requested**

SELIP & STYLIANOU, LLP; J & E PROCESS
SERVERS; and BENJAMIN LAMB,

        Defendants.

-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT J&E PROCESS SERVERS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

        WOOD, SMITH, HENNING & BERMAN LLP

        By:    Seth N. Bursky, Esq.
                *Attorneys for Defendant*
                J & E Process Servers
                5 Waller Avenue, Suite 200
                White Plains, New York 10604
                (914) 353-3858
                sbursky@wshblaw.com

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1
II. STATEMENT OF FACTS ............................................................................................2
III. ARGUMENT .................................................................................................................3
    A.    Plaintiff lacks Standing ......................................................................................3
    B.    Plaintiff fails to State a Claim ............................................................................6
IV. CONCLUSION ..............................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)........................ 6

Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir.2010).................................... 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007)............................................................................................................................................ 6

Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) .................................................. 3

Conboy v. AT & T Corp., 241 F.3d 242, 258-59 (2d Cir. 2001).................................................... 4

DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110–11 (2d Cir.2010)....................................... 7

Gonzalez v. Caballero, 572 F.Supp.2d 463, 466(S.D.N.Y.2008) ...................................................... 7

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) .................................................................................. 6

Harty v. West Point Realty, Inc., 28 F. 4th 435, 444 (2d Cir. 2022) ............................................... 4

In re FDCPA Mailing Vendor Cases, 551 F. Supp. 3d 57, 65 (E.D.N.Y. 2021) ............................. 4

Lewis v. City of New York, 762 F. Supp. 3d 290, 300 (S.D.N.Y. 2025)....................................... 5

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561 (1992) ....................................................... 3

Maddox v. Bank of N.Y. Mellon Trust Co, NA., 19 F. 4th 58 (2nd Cir. 2021) ............................. 4

Piazza v. Fla. Union Free Sch. Dist., 777 F. Supp. 2d 669, 677 (S.D.N.Y. 2011) ........................ 7

Raines v. Byrd, 521 U.S. 811, 818, (1997)....................................................................................... 3

Spokeo, Inc. v. Robins, 578 U. S. 330, 340 (2016) ..................................................................... 3, 4

Stevens v. New York State Div. of Crim. Just. Servs., 40 N.Y.3d 505, 515, 227 N.E.3d 1064 (2023)................................................................................................................................4

Summerville v. Gotham Comedy Found., Inc., 765 F. Supp. 3d 293, 298 (S.D.N.Y. 2025) ......... 3

TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).................................................................... 3, 4

**STATUTES**

Fed. R. Civ. P. 12(b)(1)............................................................................................... 1, 2, 3, 9

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 2, 3, 6, 9

Fed. R. Civ. P. 12(c) ............................................................................................................. 2, 7

N.Y. Gen. Bus. Law § 89-ee ..................................................................................................... 7

U.S. Const. Art. III, § 2 ............................................................................................................ 3

Defendant J & E Process Servers ("J&E"), submits this memorandum of law in support of its motion to dismiss Plaintiff Erika Wilson's ("Plaintiff") Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.      PRELIMINARY STATEMENT

This proceeding (the "Instant Action") arises from allegations of "sewer service" of an underlying original creditor lawsuit initiated on May 30, 2023, by Selip & Stylianou LLP ("S&S"), against Plaintiff (the "Collection Action").

In the Collection Action, S&S retained J&E to serve process on Plaintiff. J&E, in turn, contracted Benjamin Lamb ("Mr. Lamb") to serve Plaintiff with the Summons & Complaint (together, the "Collection Complaint"). Mr. Lamb submitted an affidavit of service ("AOS") accompanied by a GPS photo log of the date and time of service at Plaintiff's apartment. In the Instant Action, Plaintiff alleges the AOS was fabricated, and she was never served with the Collection Complaint.

Though J&E expressly denies Plaintiff's allegation that Mr. Lamb falsified his AOS, even if presumed true, Plaintiff's alleged damages – general stress and travels costs that she attributes solely to the alleged "sewer service" of the Collection Action and not the Collective Action, itself – do not establish an injury-in-fact attributable to J&E. Therefore, Plaintiff does not have standing to prosecute the Instant Action against J&E.

Even if Plaintiff is deemed to have standing, none of the claims in the Instant Action are tenable against J&E, who did not and could not have reasonably known Mr. Lamb's AOS was

1

falsified. Accordingly, it is respectfully requested that the Court grants J&E's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)[1].

## II.   STATEMENT OF FACTS

On May 30, 2023, S&S commenced the Collection Action against Plaintiff on behalf of Synchrony Bank in Bronx County Civil Court, titled, *Synchrony Bank v. Erika N. Wilson*, Index No. CV-05361-23/BX, for Plaintiff's failure to make timely payments in connection with a credit account. S&S retained J&E, who then assigned Mr. Lamb to serving the Collection Complaint on Plaintiff.

On June 21, 2023, J&E filed an affidavit of service ("AOS"), wherein Mr. Lamb swore that on June 8, 2023, at 3:16 pm ET, he served Plaintiff at her apartment by delivering the Collection Complaint to Plaintiff's co-resident, "Chante Wilson".

Plaintiff avers that Mr. Lamb falsified his AOS, that she was never served with the Collection Complaint, and that she did not learn about the Collection Action until the end of July 2023, when she received a notice from the Collection Action Court. Plaintiff does not (and cannot) allege that a default judgment was entered against her for failing to timely respond to the Collection Complaint. Rather, Plaintiff claims that as a result of Mr. Lamb's purported misconduct, she suffered stress and incurred travel costs to an attorney's office in connection with the Collection Action.

Plaintiff lacks standing to prosecute the Instant Action and also fails to state a claim upon which relief can be granted as against J&E.

---

[1] In the alternative, it is respectfully requested the Court Orders Judgment on the Pleadings in favor of J&E pursuant to Fed. R. Civ. P. 12(c).

### III. ARGUMENT

#### A. Plaintiff lacks Standing

When the issue before the Court involves a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court must consider the Rule 12(b)(1) motion first because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." Summerville v. Gotham Comedy Found., Inc., 765 F. Supp. 3d 293, 298 (S.D.N.Y. 2025). When a Fed. R. Civ. P. 12(b)(1) motion is based solely on the allegations of the complaint or the complaint and exhibits attached to it, the plaintiff has no evidentiary burden. Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether the Pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." Id.

Federal courts have jurisdiction only if it is a "case" or "controversy." (U.S. Const. Art. III, § 2). This is a "bedrock requirement." Raines v. Byrd, 521 U.S. 811, 818, (1997). To have Article III standing to sue in federal court, a plaintiff must show, among other things, that the plaintiff suffered an injury in fact – an invasion of a legally protected interest which is concrete and particularized. TransUnion LLC v. Ramirez, 594 U.S. 413 (2021) *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561 (1992). "Central to assessing concreteness is whether the asserted harm has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts...". TransUnion LLC v. Ramirez, 594 U.S. at 413 *citing* Spokeo, Inc. v. Robins, 578 U. S. 330, 340 (2016). A Plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the

context of a statutory violation Id. at 330, 331 (2016), as revised (May 24, 2016); *see* Harty v. West Point Realty, Inc., 28 F. 4th 435, 444 (2d Cir. 2022).

The Second Circuit has developed a robust body of law in its application of *TranUnion*. *See,* In re FDCPA Mailing Vendor Cases, 551 F.Supp.3d 57 (E.D.N.Y. 2021) (holding that, in light of *TransUnion*, cases involving mailing vendor theories and other technical violations do not constitute concrete injuries to confer Article III standing); *see* also, Maddox v. Bank of N.Y. Mellon Trust Co, NA.,, 19 F. 4th 58 (2nd Cir. 2021) (holding on reconsideration that a mere technical violation of New York's mortgage satisfaction recording statutes, wherein plaintiffs relied entirely on said statutory violation and future risk of harm, was insufficiently concrete to confer Article III standing in light of *TransUnion*). Plaintiff must have suffered a cognizable harm that is not tenuous, ephemeral, or conjectural, but sufficiently concrete and particularized to warrant judicial intervention. Stevens v. New York State Div. of Crim. Just. Servs., 40 N.Y.3d 505, 515, 227 N.E.3d 1064 (2023). Simply mailing a collection letter, even if erroneous, is a far cry from "extreme and outrageous conduct." In re FDCPA Mailing Vendor Cases, 551 F. Supp. 3d 57, 65 (E.D.N.Y. 2021); *see* Conboy v. AT & T Corp., 241 F.3d 242, 258-59 (2d Cir. 2001) (numerous telephone calls from debt collectors is not extreme and outrageous conduct that "go[es] beyond all possible bounds of decency"). In sum, "No concrete harm, no standing." *TransUnion*, 594 U.S. at 442.

Here, Plaintiff fails to allege a concrete injury causally connected to J&E's conduct. As alleged by Plaintiff, she received late notice of the Collection Action, retained the pro bono legal services of CAMBA to respond to that lawsuit, and CAMBA ultimately leveraged the purported improper service by Mr. Lamb to secure a dismissal of the Collection Action (which would have otherwise required defending). (Bursky Dec. Ex. A. at ¶ 9 and Motion to Dismiss *Seq*. No. 001 in

4

*Synchrony Bank v. Erika N. Wilson*, Index No. CV-05361-23/BX)[2]. Plaintiff alleges that she "began to panic" when she received notification that she was being sued in the Collection Action because she "had no idea what Plaintiff's allegations were," (Bursky Dec. Ex. A. at ¶ 135), but such self-serving allegations of stress or anxiety do not constitute an injury in fact. Plaintiff also vaguely asserts that she incurred travel expenses for the subway ride she took to CAMBA's office and for gas and "metered parking" costs incurred on a separate trip made in connection with filing a motion to dismiss in the Collection Action. (*Id*. at ¶ 10 and ¶ 182). But Plaintiff does not allege how such *deminimus* expenses (or corresponding stresses) would have been avoided had Mr. Lamb properly effectuated service in the first place. Indeed, but for Mr. Lamb's alleged error, Plaintiff would not have had grounds to dismiss the Collection Action, and no doubt incurred similar or greater expenses in defending those claims on the merits. Indeed, Plaintiff never alleges that the claims in the Collection Action, which sought nearly $7,000 in unpaid credit card expenses, were baseless.

J&E maintains Plaintiff received proper service of the Collection Action (ECF No. 74, Exs. L-N). But even assuming the truth of Plaintiff's allegations, Plaintiff cannot avoid the simple truth that the "damages" she alleges stemmed from being sued in the Collection Action, not from Mr. Lamb's misconduct. Plaintiff would have been required to retain an attorney and travel to CAMBA or to Court in furtherance of defending against the Collection Action no matter what, and the stresses alleged in the Complaint (*e.g*, concern for her child's safety, guilt over her anxiety, fear of losing money) cannot be traced to J&E.

---

[2] The Court may consider public records when deciding a motion to dismiss. Lewis v. City of New York, 762 F. Supp. 3d 290, 300 (S.D.N.Y. 2025).

Finally, as noted, CAMBA was successful in moving on Plaintiff's behalf for a dismissal in the Collective Action. Public records confirm that the court granted CAMBA's motion on January 11, 2024. Motion to Dismiss *Seq*. No. 001 in *Synchrony Bank v. Erika N. Wilson*, Index No. CV-05361-23/BX). Thus, the harm of "sewer service" that is evoked by the dozens upon dozens of irrelevant allegations concerning non-parties and improper service in other cases – *i.e.*, an improperly obtained default judgment – never materialized.

By failing to allege a concrete and particularized injury, let alone an injury traceable to Defendants' conduct, Plaintiff fails to meet the requisite standing requirement to prosecute the Instant Action.

### B.  Plaintiff fails to State a Claim

A party can move for dismissal under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "A Plaintiff is required to plead facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). The Court's inquiry should follow two guiding principles: First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), *quoting* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for

6

relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.³

A process servicing agency is only legally responsible for the acts of each process server to whom it has distributed, assigned or delivered process for service if it could reasonably have known that the process server was acting improperly. N.Y. Gen. Bus. Law § 89-ee (McKinney).

Here, Plaintiff acknowledges that Mr. Lamb is a licensed processed server (Bursky Dec. Ex. A. at ¶ 23), and accordingly, J&E should be entitled to a presumption of good faith in retaining him as an independent contractor. GBL § 89-ee does not impose a duty on agencies to scrutinize logbook entries with heightened suspicion or exhaustive analysis. Though Plaintiff purports to have undertaken a review of Mr. Lamb's historic and unrelated logbook entries in the Instant Action by, for example, calculating the driving and walking time between locations, J&E was under no obligation to do so for each affidavit of service submitted by Mr. Lamb. As Plaintiff alleges in her Complaint, Mr. Lamb provided J&E with an affidavit of service documenting his service on Plaintiff, which was congruent with the corresponding GPS data (Bursky Dec. Ex. A. generally, and at ¶ 3). Plaintiff's efforts to weaponize that data as some proof positive of Mr. Lamb's misconduct is unavailing. Specifically, Plaintiff points to GPS data between two, non-subject locations that Mr. Lamb visited on the day that he served Plaintiff (Bursky Dec. Ex A ¶¶

---

³ In the alternative, Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). The Court applies the same standard of review to a Rule 12(c) motion as it does to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir.2010). "On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiffs] favor." Gonzalez v. Caballero, 572 F.Supp.2d 463, 466 (S.D.N.Y.2008); see also DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110–11 (2d Cir.2010). Piazza v. Fla. Union Free Sch. Dist., 777 F. Supp. 2d 669, 677 (S.D.N.Y. 2011).

79-84)[4]. Summarily, Plaintiff alleges that Mr. Lamb could not have completed service at those two locations within nine minutes as represented in his corresponding affidavits because Google Maps shows the driving distance between the locations as six minutes apart, and Mr. Lamb would have had to *inter alia*, get to his car, drive to the second location, park his vehicle, and effectuate service. Id. Of course, three minutes to park a car and reach a door seems like more than enough time to Defendant, who routinely bests Google's projected trip times, but J&E's analysis is no more relevant that Plaintiff's. Such assertions are trivial and do not account for a host of potentially relevant factors that are not displayed on a Google maps "Estimated Arrival Time," years after the fact. . This is best encapsulated in Plaintiff's own allegation: "On information and belief it would be impossible to do all that in nine minutes."(Bursky Dec. Ex A ¶ 84). Even Plaintiff, who took the time to evaluate the travel distance supposedly associated with Mr. Lamb's trip, cannot allege with certainty that the trip was "impossible." Plaintiff only proffers such GPS data to nitpick and exaggerate the significance of the timing of service in a flimsy attempt to demonstrate that the affidavit in question was "clearly falsified." The Court should not give any weight to such allegations.

 Further, Plaintiff does not allege that J&E had actual knowledge of Mr. Lamb's improper conduct. Beyond Plaintiff's conclusory assertions concerning what she believes to constitute "basic supervision", Plaintiff cannot in good faith allege that J&E knew or could have reasonably known that Plaintiff was in the hospital, that Plaintiff's mother was with her, or that there was no one fitting the description of "Chante Wilson" at Plaintiff's apartment. And, as discussed, the GPS data did not present a facially impossible sequence of events. Accordingly, Plaintiff has not adequately alleged that J&E had any reason to believe Mr. Lamb made anything other than a bona fide and

---

[4] Plaintiff relies numerous examples of similar nature throughout her Complaint.

genuine effort to effectuate proper service on Plaintiff, and cannot be held liable for any alleged wrongful conduct. Therefore, Plaintiff has failed to state a claim upon which relief can be granted as against J&E.

## IV. CONCLUSION

Plaintiff has no standing to maintain her claims because she has failed to establish a concrete injury. Additionally, J&E acted properly when it contracted Mr. Lamb, a licensed process server, to effectuate service of the Collection Complaint. J&E has not had previous adverse experiences using Mr. Lamb as a process server. Furthermore, J&E was not either aware of or provided with any facts or information which could have allowed them to have reasonably known that Mr. Lamb's AOS and GPS photo log were anything other than accurate. Accordingly, the Court should dismiss Plaintiff's Complaint.

For the foregoing reasons, J&E respectfully requests that its Motion to Dismiss Plaintiff's Complaint be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and for any further relief the Court deems just and proper.

Dated: August 8, 2025
      White Plains, New York

                          WOOD, SMITH, HENNING & BERMAN, LLP

                          /s/ Seth N. Bursky
           By: _____
                          Seth N. Bursky, Esq.
                          *Attorneys for Defendant*
                          J & E Process Servers
                          5 Waller Avenue, Suite 200
                          White Plains, New York 10604
                          (914) 353-3858
                          sbursky@wshblaw.com

To:    All Counsel of Record *via* ECF

**WORD COUNT CERTIFICATION**

    I certify that this Memorandum of Law, exclusive of the material omitted under Local Rule 7.1(c), contains 2,692 words.

Dated:  August 8, 2025
       White Plains, New York

                          WOOD, SMITH, HENNING & BERMAN, LLP

                          /s/ Seth N. Bursky

By: _____
                          Seth N. Bursky, Esq.
                          *Attorneys for Defendant*
                          J & E Process Servers
                          5 Waller Avenue, Suite 200
                          White Plains, New York 10604
                          (914) 353-3858
                          sbursky@wshblaw.com