UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERIKA WILSON,

                             Plaintiff,                Case No.: 1:24-cv-4108-ALC

    - against -

SELIP & STYLIANOU, LLP; J & E PROCESS
SERVERS; and BENJAMIN LAMB.

                             Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BENJAMIN LAMB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

                             **GORDON REES SCULLY MANSUKHANI, LLP**

                             *Attorneys for Defendant Benjamin Lamb*

                             Sarah Prager, Esq.
                             Joseph Salvo, Esq.
                             1 Battery Park Plaza, 28th Floor
                             New York, NY 10004
                             (212) 269-5500 (Phone)
                             (212) 269-5505 (Fax)
                             sprager@grsm.com
                             jsalvo@grsm.com

## **TABLE OF CONTENTS**

                                                                                 **Page**

PRELIMINARY STATEMENT .................................................................................................. 5

PLAINTIFF'S ALLEGATIONS .................................................................................................. 6

LEGAL STANDARD .................................................................................................................. 7

      I.       Fed. R. Civ. Pr. 12(b)(1) ................................................................................... 7

      II.      Fed. R. Civ. P. 12(b)(6) .................................................................................... 8

ARGUMENT ................................................................................................................................ 9

      I.       PLAINTIFF'S FAC MUST BE DISMISSED SINCE PLAINTIFF DID NOT SUFFER AN INJURY-IN-FACT AND THEREFORE HAS NO ARTICLE III STANDING ............................................................................................ 9

      II.      PLAINTIFF'S NEGLIGENCE CLAIMS MUST FAIL ..................................... 12

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006) ................................................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 9

*In re FDCPA Mailing Vendor Cases*,
  551 F.Supp.3d 57 (E.D.N.Y. 2021) ...................................................................................... 10

*Gentile v. American Express Company*,
  2024 WL 4350714 (E.D.N.Y. Sept. 30, 2024) ..................................................................... 12

*Maddox v. Bank of N.Y. Mellon Trust Co.*,
  19 F.4th 58 (2d Cir. 2021) .............................................................................................. 10, 11

*Marakova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ................................................................................................... 8

*Morrison v. Nat'l Austl. Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S.247 (2010) ........................................................ 8

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,
  45 F.4th 816 (5th Cir. 2022) ................................................................................................. 10

*Raines v. Byrd*,
  521 U.S. 811 (1997) ............................................................................................................. 10

*Ruston v. Town Board for the Town of Skaneateles*,
  610 F.3d 55 (2d Cir. 2010) ..................................................................................................... 9

*Seaman v. National Collegiate Student Loan Trust*
  *2007-2*, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023) .......................................................... 8

*Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*,
  549 U.S. 422 (2007) ............................................................................................................... 8

*Synchrony Bank v. Erika N. Wilson*,
  Index No. CV-005361-23/BX .............................................................................................. 5

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)................................................................................................5, 10

**Constitutions**

U.S. Const. art. III....................................................................................................6, 9, 10

**Statutes**

15 U.S.C. § 1629e................................................................................................................5

15 U.S.C. § 1692f.................................................................................................................5

N.Y.S. Gen. Bus. Law § 349.................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(1).............................................................................................5, 7, 8, 12

Fed. R. Civ. P. 12(b)(6).............................................................................................5, 7, 8, 12

**Regulations**

N.Y.C. Admin. Code § 20-409.2..........................................................................................5

Defendant Benjamin Lamb ("Lamb"), by and through his attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits this memorandum of law in support his motion to dismiss Plaintiff Erika Wilson's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") 12(b)(1) and (6).

## PRELIMINARY STATEMENT

The FAC asserts the following four claims against Defendant Benjamin Lamb ("Lamb"): (1) statutory violations of 15 U.S.C. §§ 1629e and 1692f, commonly referred to as the Fair Debt Collection Practices Act ("("FDCPA"); (2) statutory violations of New York State's General Business Law ("GBL") § 349; (3) statutory violations of New York City Administrative Code ("ACC") § 20-409.2; and (4) negligence/gross negligence. (ECF Dkt. No. 74).

It is well-settled that to have Article III standing to sue in federal court, plaintiffs must demonstrate that they suffered a concrete harm. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). The Supreme Court has emphasized that Article III standing requires a concrete injury even in the context of a statutory violation, such as the statutory violations alleged here. *Id.* at 427.

Here, Plaintiff's claims are predicated on an affidavit of service that was allegedly falsified to show that Plaintiff was served with a summons and complaint in a New York City Civil Court action, titled *Synchrony Bank v. Erika N. Wilson*, Index No. CV-005361-23/BX (the "Underlying Action"). Although Plaintiff alleges that she was not served with the summons and complaint in the Underlying Action, she still appeared in the Underlying Action by interposing an Answer and filing a motion to dismiss. Thereafter, the parties ultimately stipulated to discontinue the Underlying Action. It is undisputed that no default judgment was ever entered in the Underlying Action against Plaintiff.

In the FAC, Plaintiff conclusorily asserts that as a result of not being served in the Underlying Action, she suffered "panic", unspecified stress, and incurred travel expenses. The

5

FAC is entirely devoid of any allegation that the claims of Synchrony Bank, the plaintiff in the Underlying Action, were frivolous, or that she suffered any adverse harm, other than the general stress that accompanies a lawsuit and travel expenses. Significantly, general stress and minimal travel costs that accompany a lawsuit are not enough to establish an injury-in-fact.

Accordingly, Plaintiff's FAC must be dismissed as Plaintiff has not suffered an injury-in-fact, as required under Article III of the United States Constitution.

## **PLAINTIFF'S ALLEGATIONS**

The gravamen of Plaintiff's FAC is that in the Underlying Action, a certain affidavit of service was allegedly falsified to show that Plaintiff was served with the Underlying Action summons and complaint, which Plaintiff alleges did not occur. (ECF Dkt. No. 74, ¶¶ 60, 68). Plaintiff alleges that Defendant Selip & Stylianou, LLP ("S&S"), counsel to Synchrony Bank in the Underlying Action, retained Defendant J&E Process Servers ("J&E") to serve process on Plaintiff in the Underlying Action. (ECF Dkt. No. 74, ¶ 61). In turn, J&E delegated the process serving duties to its independent contractor, Lamb – a licensed process server. (ECF Dkt. No. 74, ¶ 61).

Specifically, Plaintiff alleges that Lamb swore to serving "Chante Wilson", a co-tenant of Plaintiff, and mailed the Underlying Action complaint to the same address. (ECF Dkt. No. 74, ¶¶ 62-64, 66). Plaintiff alleges, *inter alia*, that no such person named "Chante Wilson" lives at her apartment and on the date listed in the affidavit, Plaintiff and her only co-tenant (her mother, Shemin Wilson), were at the neonatal intensive care unit at Mount Sinai West Hospital, where Plaintiff's newborn child was receiving care. (ECF Dkt. No. 74, ¶¶ 69-71). Said differently, Plaintiff alleges that Lamb's affidavit was false in its entirety. (ECF Dkt. No. 74, ¶ 68).

Despite her allegations regarding the failure to serve process, Plaintiff appeared in the Underlying Action through counsel and interposed an answer. (ECF Dkt. 74, Ex. BB, at pp. 28-

32; ECF Dkt. 74, Ex. CC, at pp. 18-22). Thereafter, on December 6, 2023, Plaintiff, through counsel, filed a motion to dismiss the Underlying Action based on improper service. (ECF Dkt. No. 74, Ex. BB). Similar to the FAC, the only support offered was a recitation of Lamb's history of service in *other cases*. (ECF Dkt. No. 74, Ex. BB). S&S, on behalf of Synchrony Bank, opposed Plaintiff's motion to dismiss. (ECF Dkt. No. 74, Ex. CC). The Underlying Action court granted the motion to the extent of scheduling a traverse hearing. (ECF Dkt. No. 74, Ex. EE). The parties stipulated through counsel to discontinue the Underlying Action without prejudice. *See* Stipulation of Discontinuance annexed to the Declaration of Sarah Prager, Esq., dated August 8, 2025, as Exhibit A.

In the FAC, Plaintiff conclusorily alleges that as a result of not being served in the Underlying Action, she suffered "panic" in not knowing what Synchrony Bank alleged (having only received a notice from the Underlying Action court that a matter had been commenced), suffered unspecified stress, which her newborn baby could sense, had to travel to her lawyer's office with her newborn baby to address the Underlying Action, and incurred various expenses (*e.g.,* parking fees). (ECF Dkt. No. 74, ¶¶ 134-138, 140). Noticeably absent from the FAC is any allegation that Synchrony Bank's claims in the Underlying Action were frivolous, or that she suffered any adverse harm, other than the general stress that accompanies a lawsuit and travel expenses.

For the reasons set forth herein, the FAC must be dismissed, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## LEGAL STANDARD

### I.     Fed. R. Civ. Pr. 12(b)(1)

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (i.e., subject-matter jurisdiction)."

*Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"Where subject matter jurisdiction is challenged, a plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exits." *Seaman v. National Collegiate Student Loan Trust 2007-2*, 2023 WL 6290622, at *7 (S.D.N.Y. Sept. 27, 2023) (internal citations and quotations omitted).

"In considering a Rule 12(b)(1) motion, a court must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *Id*. (internal citations and quotations omitted). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id*. (internal citations and quotations omitted). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S.247 (2010).

"A motion to dismiss a complaint for lack of standing is properly brought pursuant to Rule 12(b)(1) … because it relates to the court's subject matter jurisdiction." *Seaman*, 2023 WL 6290622, at *7 (internal citations and quotations omitted).

## II.     **Fed. R. Civ. P. 12(b)(6)**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all inferences in plaintiff's favor. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal citation omitted). In order to withstand such a motion, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

When presented with a motion to dismiss, the court is to undertake a two-step analysis in order to determine whether the complaint in question satisfies the "plausibility" standard. First, the court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth." *Iqbal,* 556 U.S. at 678. Second, once the complaint has been stripped of its conclusory assertions, the court must determine if the remaining allegations "plausibly give rise to an entitlement to relief." *Id*. at 679.

Under this two-pronged approach, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Iqbal*, 556 U.S. at 677 (citations omitted) (alterations in original). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement…" *Iqbal*, 556 U.S. at 677-78 (internal citations omitted). "[A]llegations must be sufficient to support necessary legal conclusions." *Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678-80).

Applying the foregoing standards, it is abundantly clear that Plaintiff's FAC must be dismissed for the reasons set forth below.

## ARGUMENT

### I. PLAINTIFF'S FAC MUST BE DISMISSED SINCE PLAINTIFF DID NOT SUFFER AN INJURY-IN-FACT AND THEREFORE HAS NO ARTICLE III STANDING

Plaintiff's FAC must be dismissed as Plaintiff has not suffered an injury-in-fact as required under Article III of the United States Constitution.

"Article III confines the federal judicial power to the resolution of 'Cases' and

9

'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997). "Article III standing requires plaintiffs to show (1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Trust Co.*, 19 F.4th 58, 62 (2d Cir. 2021) (internal citations and quotations omitted).

"To demonstrate injury in fact, a plaintiff must show the invasion of a (1) legally protected interest that is (2) concrete and (3) particularized and (4) actual or imminent, not conjectural or hypothetical." *Maddox*, 19 F.4th at 62 (internal citations and quotations omitted). As the Supreme Court succinctly held in *TransUnion*, "[n]o concrete harm, no standing." *TransUnion*, 594 U.S. at 442. In *TransUnion*, the Supreme Court rejected the idea that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *See id.* at 426. The Supreme Court concluded that an injury in law is not an injury in fact, and only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue in federal court. *See id.* at 426-27.

In light of the Supreme Court's holding in *TransUnion*, Circuit Courts have routinely dismissed claims that allege nothing more than technical violations, especially in the FDCPA context. Specifically, the Fifth Circuit, citing *TransUnion*, has held that a violation of statutory rights, absent a concrete injury, is not enough to confer Article III standing. *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 823 (5th Cir. 2022). Moreover, the mere risk of financial harm, posed by a statutory violation, cannot support damages if yet unmaterialized. *Id.* This trend has continued in District Courts in this Circuit. *See In re FDCPA Mailing Vendor Cases*,

551 F.Supp.3d 57 (E.D.N.Y. 2021) (holding that, in light of *TransUnion*, cases involving mailing vendor theories and other technical violations do not constitute concrete injuries to confer Article III standing); *see also Maddox*, 19 F.4th at 64-65 (holding on reconsideration that a mere technical violation of New York's mortgage satisfaction recording statutes, wherein plaintiff relied entirely on said statutory violation and future risk of harm, was insufficiently concrete to confer Article III standing in light of *TransUnion*).

Like the plaintiff in *Maddox* and the plaintiffs in the *Mailing Vendor Cases*, Plaintiff fails to allege an actual concrete injury. In fact, Plaintiff timely appeared in the Underlying Action and moved for dismissal. The Underlying Action was discontinued without prejudice. By Plaintiff's own recitation, Plaintiff has ensured that any injury was not only speculative, but any possible injury has not, and will not, materialize.

To the extent that Lamb intentionally falsified an affidavit of service in the Underlying Action, which he did not, such act did not cause Plaintiff any actual or concrete harm. Plaintiff would have had the same conclusory "damages" allegations (*i.e.,* she would have to travel to Court to defend the suit and should have had the general stressors of being a defendant in a lawsuit) even if Plaintiff was served appropriately. Thus, there is no causation between an alleged falsified affidavit of service and Plaintiff's tenuous "damages."

Furthermore, Plaintiff does not, implicitly or otherwise, dispute the underlying debt to Synchrony Bank nor does she allege that the Underlying Action was frivolous. The costs incurred in filing a motion to dismiss in the Underlying Action was her choice, as she timely interposed an answer and was otherwise unharmed by any defective service of process. Said differently, defending the Underlying Action was an expense that would be incurred regardless of process.

Ultimately, no default judgment was ever entered in the Underlying Action against

Plaintiff. Plaintiff has not, because she cannot, allege a concrete harm sufficient to establish Article III standing. Accordingly, Plaintiff lacks Article III standing, and the FAC must be dismissed in its entirety.

## II.  PLAINTIFF'S NEGLIGENCE CLAIMS MUST FAIL

Plaintiff's claims for negligence and gross claim must also be dismissed. To prevail on a negligence claim, a plaintiff must establish the existence of a legal duty, breach of that duty, proximate causation, and damages. *See Gentile v. American Express Company*, 2024 WL 4350714, at *3 (E.D.N.Y. Sept. 30, 2024). "Absent a duty of care, there is no breach, and without breach there can be no liability." *Id*. (internal citations and quotations omitted).

Here, there is simply no legal duty owed by Lamb to Plaintiff. Further, Plaintiff did not sustain any damages as a result of Lamb's alleged conduct, as set forth above.

## CONCLUSION

Based upon the foregoing, Lamb respectfully requests that this Court dismiss Plaintiff's FAC, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dated: New York, New York
August 8, 2025

        **GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s/ *Sarah Prager*
Sarah Prager, Esq.
Joseph Salvo, Esq.
*Attorneys for Defendant*
BENJAMIN LAMB
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
sprager@grsm.com
jsalvo@grsm.com