UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ERIKA WILSON,

                                           Case No. 1:24-cv-4108 (ALC)

         Plaintiff,

   -against-

SELIP & STYLIANOU, LLP,
J & E PROCESS SERVERS,
and BENJAMIN LAMB,

               Defendants.
-----------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT SELIP & STYLIANOU, LLP'S MOTION TO DISMISS


**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendants*
*Selip & Stylianou, LLP*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: (516) 681-1100
Facsimile: (516) 681-1101


On the brief:
   Brett A. Scher, Esq.
   Adam M. Marshall, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

RELEVANT BACKGROUND...............................................................................................2

ARGUMENT .........................................................................................................................6

POINT I
THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST S&S
FOR LACK OF SUBJECT MATTER JURISDICTION ........................................................7

      A.     Wilson's Intangible Harm Lacks a Common Law Analogue .................................8

      B.     Wilson's Tangible Harmes are Unrelated to S&S .....................................................9

      C.     Wilson's Allegations of Emotional Distress are Irrelevant ...................................10

POINT II
THE FDCPA CLAIM SHOULD BE DISMISSED AGAINST S&S
FOR FAILURE TO STATE CLAIM ....................................................................................11

POINT III
THE GBL§ 349 CLAIM SHOULD BE DISMISSED AGAINST S&S
FOR FAILURE TO STATE CLAIM ....................................................................................13

POINT IV
THE JUDICIARY LAW §487 CLAIM SHOULD BE DISMISSED AGAINST S&S
FOR FAILURE TO STATE CLAIM ....................................................................................14

POINT V
THE NEGLIGENCE CLAIMS SHOULD BE DISMISSED AGAINST S&S
FOR FAILURE TO STATE CLAIM ....................................................................................15

CONCLUSION.....................................................................................................................16

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                                    <u>**Pages**</u>

<u>Aegis Ins. Servs., Inc. v. 7 World Trade Co. L.P.</u>
737F 3d 166 (2d Cir. 2013)..................................................................15

<u>APWU v. Potter</u>
343 F.3d 619 (2d Cir. 2003))..................................................................6

<u>Ashcroft v. Iqbal,</u>
556 U.S. 662 (2009)..................................................................6

<u>Bell Atlantic Corp. v. Twombly</u>
550 U.S. 544, 570 (2007)..................................................................6

<u>Bill Birds, Inc v. Stein Law Firm P.C.</u>
35 N.Y.3d 173, 180 N.3 (N.Y. 2020) ..................................................................14

<u>Castro v. East End Plastic, Reconstructive & Hand Surgery P.C.</u>
A.D.3d 608, 609 (2d Dep't 2008)..................................................................8

<u>Cohen v. Rosicki, Rosicki & Assocs., P.C.</u>
897 F. 3d 75, 85 (2d Cir. 2018) ..................................................................12

<u>Curiano v. Suozzi,</u>
63 N.Y.2d 113, 116 (1984)...................................................................8

<u>Doscher v. Mannatt, Phelps & Phillips, LLP</u>
148 A.D. 3d 523,524 ..................................................................14

<u>Dupree v. Vorhees,</u>
153 A.D.3d 601, 603 (2d Dep't 1017) ..................................................................15

<u>Facebook, Inc. v. DLA Piper LLP (US)</u>
134 A.D. 3d 610 615 (1st Dep't 2015..................................................................14

<u>Family Media, Inc. v. Printronic Corp. of Am., Inc.,</u>
140 A.D.2d 151, 152 (1st Dep't 1988)..................................................................8

<u>Felberbaum v. Mandarich Law Group LLP</u>
2023 WL 1943107, at *1 (2d Cir. Feb. 13. 223) ..................................................................11

<u>Fox v. Issler</u>
77 A.D.2d 860 (2d Dep't 1980) ..................................................................8

Gabriele v. Am. Home Mortg. Servicing Inc.
503 Fed. Appx. 89 (2d Cir. 2012) ...........................................................................12

Himmelstein, McConnell, Gribben, Donoghue & Joesph LLP v. Mathew Bender
37 N.Y. 3d 169 (N.Y. 2021). ..................................................................................13

Ilkowitz v. Durand,
2018 WL 1595987 (S.D.N.Y. Mar. 27, 2018) .......................................................15

Jaroslawicz v. Cohen,
12 A.D.3d 160 (1st Dep't 2004)..............................................................................15

Jean v. Chinitz,
163 A.D.3d 497 (1st Dep't 2018).............................................................................14

J.S. ex rel. N.S. v. Attica Cent. Schs.,
386 F.3d 107 (2d Cir. 2004) .....................................................................................6

Kola v. Forster & Garbus LLP,
2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021) ........................................................7

Maddox v. Bank of New York Mellon Trust Co., N.A.,
19 F.4th 58 (2d Cir. 2021) ........................................................................................7

Makarova v. U.S.,
201 F.3d 110 (2d Cir. 2000). ....................................................................................6

Morrell v. WW Int'l, Inc.,
2021 WL 3185608 (S.D.N.Y. Jul. 27, 2021) ...........................................................6

Natl. Westminster Bank USA v. Weksel,
124 A.D.2d 144 (1st Dep't 1987)) .........................................................................15

Onfroy v. Law Offices of Geoffrey T. Mott P.C.,
2024 WL 4350489 (E.D.N.Y. Sept 30. 2024) .........................................................9

Remler v. Cona Elder Law, PLLC,
2022 WL 4586243 (E.D.N.Y. Sept. 29, 2022) ......................................................14

Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,
896 F.2d 674 (2d Cir. 1990) .....................................................................................6

Scarola v. Verizon Communications, Inc.,
146 A.D.3d 692 (1st Dep't 2017)............................................................................13

<u>Seaman v. Nat'l Collegiate Student Loan Tr.</u>,
2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023) ................................................................9

<u>Shad v. Zachter PLLC</u>,
2024 WL 2061703 (S.D.N.Y. May 3, 2024). .................................................................16

<u>TransUnion LLC v. Ramirez</u>,
594 U.S. 413 (2021) ........................................................................................................7

<u>Varela v. Investors Ins. Holding Corp.</u>,
81 N.Y.2d 958 (1993) ....................................................................................................13

<u>White v. Fein, Such, & Crane, LLP</u>,
2023 WL 1767159 (W.D.N.Y. Feb. 3, 2023) ................................................................12

**<u>Statues</u>**

15 U.S.C. § 1692 ............................................................................................................11

CPLR § 306-D ................................................................................................................10

Fed. R. Civ. P. 12 .........................................................................................................6,16

GBL § 349.......................................................................................................................13

Judiciary Law § 487 ....................................................................................................15,14

GBL § 349.......................................................................................................................13

Defendant Selip & Stylianou, LLP ("S&S"), by its attorneys Kaufman Dolowich LLP, respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint (the "Amended Complaint" or "FAC")[1] of Plaintiff Erika Wilson ("Wilson") as against S&S pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## PRELIMINARY STATEMENT

This is a classic example of a plaintiff trying to fit a square peg in a round hole. As set forth below, Wilson's claims stem from the debt collection action titled, <u>Synchrony Bank v. Erika N. Wilson</u>, Index No. CV-5361-23/BR (Civ. Ct. Bronx. Co.) (the "Collection Action"), wherein S&S represented Synchrony Bank ("Synchrony"). The Collection Action was discontinued in June 2024 – before any judgment had been entered – after the civil court ordered a traverse hearing in response to Wilson's motion to dismiss for lack of personal jurisdiction. Wilson now argues that S&S violated the Fair Debt Collection Practices Act ("FDCPA") and New York law by relying on a "false" affidavit of service provided by licensed a third-party process server.

First, the Amended Complaint should be dismissed against S&S based on Wilson's failure to plead a concrete injury-in-fact. In contrast to the "sewer service" cases relied upon by Wilson in her attempt to manufacture a claim, there was never a judgment entered against Wilson in the Collection Action or even a *request* by S&S for entry of a default judgment. Moreover, Wilson does not even deny that she owed the underlying debt to Synchrony. Second, the Amended Complaint fails to state a claim against S&S under the FDCPA or New York law. At bottom, S&S

---

[1] A copy of the Amended Complaint is attached as Exhibit "1" to the accompanying Declaration of Adam M. Marshall, dated July 25, 2025 (the "Marshall Decl."). Because the Amended Complaint includes dozens of lettered exhibits, only the exhibits directly relevant to this motion are included in the Marshall Decl. The rest are filed at ECF Doc. 74.

[2] Per this Court's directive at the March 13, 2025 pre-motion conference, this motion does not address the cross-claims asserted by Defendant J & E Process Services, Inc., s/h/a J & E Process Servers ("J&E").

relied on a facially valid affidavit of service from a licensed process server, just as any other attorney would.

## RELEVANT BACKGROUND

With 206 paragraphs of allegations and 44 exhibits, the Amended Complaint is outrageously long given the straightforward nature of the parties' dispute. A summary of the relevant factual allegations is set forth below.

**I.    Commencement of the Collection Action and Service of Process**

On or about May 30, 2023, S&S commenced the Collection Action against Wilson in New York City Civil Court, Bronx County (the "Civil Court"). (FAC at ¶ 60). The Collection Action concerned a $6,743.15 debt Wilson owed to Synchrony for her CareCredit-branded revolving credit account (the "Debt"). (Id. at ¶ 18, Ex. L).

S&S hired J&E to serve Wilson with the summons and complaint in the Collection Action (collectively, the "Collection Complaint"). (Id. at ¶ 61). J&E was a process serving agency licensed with the New York City Department of Consumer and Worker Protection ("DCWP"). (Id. at ¶ 21). J&E, in turn, contracted with Defendant Benjamin Lamb ("Lamb"), a process server who was individually licensed with the DCWP. (Id. at ¶¶ 21, 23, 61). Lamb was one of many licensed process servers J&E assigned to effectuate service in cases referred by S&S. (Id. at ¶¶ 77, 119). Though Lamb had been fined and suspended by the DCWP, the DCWP never revoked his license. (Id. at ¶¶ 51-56, Exs. "E", "F", "G", "H", "I", "J", "K").

On June 21, 2023, J&E filed an affidavit of service with the Civil Court wherein Lamb swore that he served Wilson at 3540 Decatur Ave., Apt. 1G, Bronx NY 10467 (the "Apartment"), by delivering a copy of the Collection Complaint to co-resident "Chante Wilson" on June 8, 2023 at 3:16 pm and mailing a separate copy to Wilson at the same address on June 16, 2023 (the

"Affidavit of Service").  (Id. at ¶¶ 62, 64, 66-67, Ex. M).  The Affidavit of Service was notarized

by Melissa A. Cyran, an employee of J&E and/or J&E's parent company.  (Id. at ¶¶ 64-65).

**II.**    **Wilson Receives Notice of the Collection Action and Files an Answer**

In July 2023, Wilson received an Additional Notice of Lawsuit from the Civil Court

concerning the Collection Action (the "Notice Form").  (FAC at ¶¶ 5, 134).  The Notice Form

included information dictated by CPLR § 306-D, including the full case caption and street address

of the Civil Court.  The Notice Form included the following instructions:

---

**Attention:** a lawsuit has been filed against you claiming that you owe money for an unpaid consumer debt.

You may wish to contact an attorney.

You should respond to the lawsuit as soon as possible by filing an "answer" which may be done at the court clerk's office listed above.

If you do not respond to the lawsuit, the court may enter a money judgment against you.  Once entered, a judgment is good and can be used against you for twenty years, and your personal property and money, including a portion of your paycheck and/or bank account, may be taken from you.  Also, a judgment may affect your credit score and can affect your ability to rent a home, find a job, or take out a loan.

You CANNOT be arrested or sent to jail for owing a debt.

Additional information can be found at the New York State Court System website.

**Sources of information and assistance:**

The court encourages you to inform yourself about your options as a defendant in this lawsuit.  In addition to seeking assistance from a private attorney or legal aid office, there are free legal assistance computer programs that you can use online to help you represent yourself in this lawsuit.

For further information, or to locate a legal aid program near you, you may visit the LawHelpNY website or the New York State Court System website, which has information for representing yourself and links to other resources at:
https://www.nycourts.gov/courthelp/MoneyProblems/whenYouOwe.shtml.

---

(FAC, Ex. II at p. 1).

Wilson alleges that she learned of the Collection Action's existence through the Notice

Form and denies receiving the Collection Complaint beforehand.  (FAC at ¶¶ 4, 66-74).  She also

alleges that the Notice Form distressed her because, *inter alia*, "she did not know how to respond

to a lawsuit" or "where to get the court papers," and "[s]he was afraid she would be arrested."  (Id.

at ¶¶ 8, 135).

Wilson contacted CAMBA Legal Services, Inc. ("CAMBA"), a nonprofit legal services provider, which agreed to represent her in the Collection Action.  (Id. at ¶¶ 9, 138).  In connection with CAMBA's initial intake and retention, Wilson traveled to CAMBA's office in Brooklyn via the New York City subway.  (Id. at ¶ 138).

On or about August 21, 2023, CAMBA served an Answer to the Collection Complaint on Wilson's behalf.  (Marshall Decl., Exhibit "2"; FAC, Ex. BB [Exhibit C]).  CAMBA represented Wilson in the Collection Action from that point forward.  (FAC at ¶¶ 139).

### III.    Wilson Moves to Dismiss the Collection Action for Lack of Personal Jurisdiction

Months later, on December 6, 2023, Wilson moved to dismiss the Collection Action based upon improper service (the "Motion to Dismiss" or "Motion").  (FAC at ¶ 139, Ex. BB).  Wilson alleges that she traveled to Brooklyn to sign papers for the Motion.  (FAC at ¶ 140).

Wilson and her mother each submitted an affidavit in support of the Motion to Dismiss, alleging that they were the only residents of the Apartment on June 8, 2023 and that neither of them was home at 3:16 pm because Wilson gave birth days earlier and was still at the hospital, with her mother visiting.  (FAC, Ex. BB [Affs. of Erika and Shemin Wilson]).  However, the Motion included no objective proof of those assertions.  For example, there was no birth certificate for Wilson's daughter or even documents showing when Wilson was admitted and discharged from the hospital.  (FAC, Ex. BB).  The Motion also omitted driver licenses or other forms of identification that could be used to compare Wilson and her mother to the physical description of the person Lamb claimed to serve.

Instead, Wilson's counsel attacked the process server's (Lamb) credibility.  Counsel pointed out that Lamb had been sued for allegedly engaging in "sewer service" over a decade ago.  (FAC, Ex. BB [Aff. of Matthew Schendler]).  Counsel also submitted a series of Google Maps

printouts that purportedly undermined affidavits of service Lamb signed in **other** cases.  (FAC at ¶ 141, Ex. BB).

On or about January 10, 2024, S&S opposed the Motion to Dismiss on behalf of Synchrony, citing established case law that a process server's affidavit of service constitutes *prima facie* evidence of proper service.  (FAC, Ex. CC).

On April 26, 2024, the Civil Court issued an order granting the Motion solely to the extent of scheduling a traverse hearing.  (FAC, Ex. EE).  Wilson asserts that the prospect of a traverse hearing distressed her.  (FAC at ¶ 146).

## IV.    The Parties Stipulate to Discontinue the Collection Action

On June 3, 2024, Wilson and Synchrony stipulated, through counsel, to discontinue the Collection Action without prejudice.  (Marshall Decl., Exhibit "3").

## V.    The Instant Action

Wilson commenced this action on May 30, 2024.  Her Amended Complaint asserts five (5) causes of action in all, including the following four (4) against S&S: (1) violation of Sections 1692e and 1692f of FDCPA; (2); violation of GBL § 349; (3) violation of Judiciary Law § 487; and (4) gross negligence and negligence.  (FAC at ¶¶ 177-191, 196-206).

The parties previously exchanged pre-motion letters summarizing their contentions.  (ECF Docs. 62, 63, 64, 65, 66, 67).  A pre-motion conference was held on March 13, 2025, during which this Court ordered the defendants to focus their motions on Wilson's claims and defer briefing on the dismissal of cross-claims.  (ECF Doc. 71).

## ARGUMENT

## LEGAL STANDARD

"When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action." Morrell v. WW Int'l, Inc., 2021 WL 3185608, at *2 (S.D.N.Y. Jul. 27, 2021) (citing, *inter alia*, Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Id. Moreover, while a court presented with a motion to dismiss pursuant to Rule 12(b)(1) generally must accept the material factual allegations in the complaint as true, the court does not draw all reasonable inferences in the plaintiff's favor. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). And "where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists." Morrell, 2021 WL 3185608, at *2 (citing APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. (quoting Twombly, 550 U.S. at 556). Although a court must accept the factual allegations of a complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST S&S FOR LACK OF SUBJECT MATTER JURISDICTION

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of New York Mellon Trust Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021) (citation omitted). "'To demonstrate an injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical.'" Id. at 62 (citation omitted).

"[W]hether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'" Maddox, 19 F.4th at 63 (quoting TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021)) (cleaned up). "[P]hysical and monetary harms, along with other traditional harms, readily qualify as concrete[.]" Ibid. "'Intangible harms also may be concrete, provided they satisfy the 'close relationship' analysis, in which the 'inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury.'" Kola v. Forster & Garbus LLP, 2021 WL 4135153, at *4 (S.D.N.Y. Sept. 10, 2021) (quoting TransUnion, 594 U.S. at 424).

"[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" TransUnion, 594 U.S. at 431.

Wilson argues that she suffered "intangible" harm by being subjected to litigation conduct

analogous to "'common-law unjustifiable litigation torts such as civil malicious prosecution, abuse of process, and wrongful use of civil proceedings.'" (ECF Doc. 65 at p. 1) (citation omitted). Wilson also asserts that she sustained "tangible" harms in the form of lost time and money retaining CAMBA and filing the Motion to Dismiss.  (Id. at pp. 1, 2).

A.    **Wilson's Intangible Harm Lacks a Common Law Analogue**

Contrary to Wilson's assertion, the facts alleged bear no resemblance to the common law torts of malicious prosecution or abuse of process.[3]  A claim for malicious prosecution requires, inter alia: (1) the defendant's commencement or continuation of a prior lawsuit against the plaintiff without probable cause; (2) actual malice; and (3) termination of the lawsuit in the plaintiff's favor on the merits.  Castro v. East End Plastic, Reconstructive & Hand Surgery, P.C., 47 A.D.3d 608, 609 (2d Dep't 2008); Wilhelmina Models, Inc v. Fleisher, 19 A.D.3d 267, 269 (1st Dep't 2005). Defective service can never form the basis of a malicious prosecution claim because personal jurisdiction has nothing to do with the actual merits of the prior lawsuit.  See Castro, 47 A.D.3d at 609 (no malicious prosecution where prior action was dismissed for lack of personal jurisdiction).

A claim for abuse of process requires, inter alia: (1) regularly issued process; (2) an intent to do harm; and (3) use of the process in a perverted manner to obtain a collateral objective. Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984).  "[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused."  Id.  Nor is an attempt to enter a default judgment.  Fox v. Issler, 77 A.D.2d 860 (2d Dep't 1980); see Family Media, Inc. v. Printronic Corp. of Am., Inc., 140 A.D.2d 151, 152 (1st Dep't 1988) (abuse of process "cannot be based on the service of a summons and complaint or the entry of a default judgment.") (internal citations omitted).

---

[3] The term, "wrongful use of civil proceedings," is a synonym for civil malicious prosecution.  See Restatement (Third) of Torts: Liab. for Econ. Harm § 24, cmt. b.

Here, the merits of Synchrony's claim in the Collection Action were not addressed in Wilson's Motion to Dismiss let alone adjudicated in her favor by the Civil Court. (FAC at ¶¶ 139, 146, Exs. BB, EE). Wilson has not even denied that she owed the Debt. (FAC at ¶¶ 18, 60). Moreover, while Wilson decries S&S's "negligent" choice of process servers and S&S's decision to oppose her Motion to Dismiss, the fact remains that S&S never applied for a default judgment before Wilson served her Answer on August 21, 2023 or derived any other advantage from Lamb's Affidavit of Service.

The cases cited in Wilson's pre-motion letter only underscore the flaws in her analogy. (See ECF Doc. 65 at pp. 1-2). In Onfroy v. Law Offices of Geoffrey T. Mott P.C., 2024 WL 4350489 (E.D.N.Y. Sept 30. 2024), the plaintiff was a tenant whose landlord sued her twice for the same debt, at the same time, using the same counsel. Id. at *1-2. Thus, the alleged impropriety in Onfroy related to the second collection lawsuit's lack of *substantive merit*. Id. at *4. The plaintiffs in Seaman v. Nat'l Collegiate Student Loan Tr., 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023) likewise attacked the merits of the collection cases against them, alleging the defendants used false affidavits concerning the debts to procure improper *default judgments* that the plaintiffs then "fought back" to vacate. Id. at *10, 14.

The facts before this Court are different. As alleged, Wilson admits that she received actual notice of the Collection Action via the Notice Form shortly after commencement and chose to invoke a waivable procedural defense to obtain dismissal of a lawsuit that she could not defeat on the merits.

## B.    **Wilson's Tangible Harms are Unrelated to S&S**

The travel costs and time associated with Wilson's retention of CAMBA and the preparation of the Motion to Dismiss do not support Article III standing either. As an initial matter, the Amended

Complaint nowhere asserts that Wilson would have proceeded *pro se* if she had been served with the Collection Complaint. Moreover, it was Lamb who allegedly failed to serve the Collection Complaint – not S&S. Thus, even if costs and time relating to the retention of CAMBA and preparation of the Motion to Dismiss are traceable to Lamb, they are not traceable to S&S.

**C.    Wilson's Allegations of Emotional Distress are Irrelevant**

Lest Wilson argue otherwise, her allegations of emotional distress do not provide an alternative basis for standing.[4]

First, Wilson's supposed distress was not caused by S&S, but rather the Civil Court's Notice Form, which she would have received pursuant to CPLR § 306-D regardless of whether Lamb effectuated proper service. (See FAC at ¶¶ 5, 8, 134-35).

Second, "[a] perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 66 (2d Cir. 2021). Here, there is no plausible claim asserted as to how Wilson could be worried about how to respond to the Collection Action or being arrested when the Notice Form instructed her on how to respond to the Collection Complaint and expressly stated that she could not be arrested. (FAC, Ex. II). Moreover, the notion that Wilson was distressed by the prospect of a traverse hearing makes no sense given her position that she was never served with the Collection Complaint. (FAC at ¶ 139).

Accordingly, Wilson's claims against S&S should all be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

---

[4] Wilson did not cite emotional distress when discussing standing in her pre-motion letter. (ECF Doc. 65 at pp. 1-2). We are addressing the issue out of an abundance of caution.

## POINT II

### THE FDCPA CLAIM SHOULD BE DISMISSED AGAINST S&S
### FOR FAILURE TO STATE CLAIM

Wilson asserts that all defendants violated 15 U.S.C. § 1692e (which prohibits deceptive conduct) and 15 U.S.C. § 1692f (which prohibits "unfair" and "unconscionable" conduct) by: (1) failing to lawfully effectuate service of process; (2) preparing and signing a false affidavit of service; (3) filing a false affidavit of service with the court; (4) filing a false affidavit of service without meaningful attorney review; and (5) in bad faith, unduly prolonging legal proceedings and continuing to preset the false affidavit of service as valid.  (FAC at ¶ 180).

First, it was Lamb who signed the "false" Affidavit of Service and J&E who filed it with the Civil Court – not S&S.  (Id. at ¶¶ 2, 57, 61).  Though Wilson characterizes Lamb as "a notorious perpetrator of sewer service," she concedes that Lamb was never hired or instructed to fake service in this or any other case handled through J&E.  Rather, "J&E regularly contracted Lamb **to effect** service."  (Id. at ¶ 2).  Also significant is the fact that the DWCP was aware of Lamb's record and chose not to revoke his license.  (FAC at ¶¶ 51-56, Exs. "E", "F", "G", "H", "I", "J", "K").

Second, contrary to Wilson's assertion, the FDCPA does not require a "meaningful attorney review" of an affidavit of service before it is first filed with a court.  The statute merely "prohibits debt collectors from making the 'false representation or implication that any individual is an attorney or that any communication is from an attorney,' [15 U.S.C.] § 1692e(3), where an attorney has not conducted a 'meaningful review' of the individual's account."  Felberbaum v. Mandarich Law Group, LLP, 2023 WL 1943107, at *1 (2d Cir. Feb. 13, 2023).  Critically, Wilson

appeared in the Collection Action before it became necessary to evaluate whether she had defaulted in responding to the Collection Complaint.[5]

Third, the FDCPA does not apply where an attorney is interposed as an intermediary between a debt collector and a consumer.  Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 94 (2d Cir. 2012) ("'Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.'") (citation omitted); White v. Fein, Such, & Crane, LLP, 2023 WL 1767159, at *4-5 (W.D.N.Y. Feb. 3, 2023) (collecting cases). As discussed above, Wilson retained counsel shortly after learning of the Collection Action and was represented throughout the proceedings in Civil Court.  (FAC, Ex. BB).  Moreover, because Wilson was certain that she had not been served, neither S&S's opposition to Wilson's Motion to Dismiss nor the Affidavit of Service itself had "the potential to affect the decision-making process of the least sophisticated [consumer]" in her position.  Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 85 (2d Cir. 2018).

Fourth, the accusation that S&S acted "in bad faith" by opposing the Motion to Dismiss is nonsensical.  As noted, Wilson never produced even rudimentary evidence that she and her mother were at the hospital on the date of service.  (FAC, Exs. BB, DD).  No attorney could reasonably be expected to "throw in the towel" on the word of the opposing party.  Regardless, the Civil Court's April 26, 2024 order forecloses this theory of FDCPA liability.  If the Motion to Dismiss had been unassailable, as Wilson opines, then the Civil Court would have dismissed the Collection

---

[5] Wilson's reliance on Guzman v. Mel S. Harris & Assocs., 2018 WL 1665252, at *8 (S.D.N.Y. Mar. 22, 2018) is misplaced as Wilson concedes that Guzman concerned the enforcement of a default judgment.  (ECF Doc. 65 at p. 2).

Action outright rather than directing a traverse hearing to further investigate whether service had been effectuated.  (FAC, Ex. EE).

Accordingly, Wilson's cause of action under the FDCPA should be dismissed against S&S for failure to state a claim.

## POINT III

### THE GBL § 349 CLAIM SHOULD BE DISMISSED AGAINST S&S FOR FAILURE TO STATE CLAIM

To state a claim under GBL § 349, "[a] plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception."  Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP v. Matthew Bender & Co., Inc., 37 N.Y.3d 169, 176 (N.Y. 2021).

Wilson's GBL § 349 claim against S&S fails for substantially the same reasons as her FDCPA claim.  In addition, "conduct that is improper but does not mislead the plaintiff in a material way do not constitute "deceptive acts" within the meaning of GBL § 349.  Varela v. Investors Ins. Holding Corp., 81 N.Y.2d 958, 960 (1993); Scarola v. Verizon Communications, Inc., 146 A.D.3d 692 (1st Dep't 2017) ("[D]efendant's continuing to bill plaintiff for telecommunications services, and harassing him for payment, after the relevant account was closed" was not "'likely to mislead a reasonable consumer acting reasonably under the circumstances.'").  Thus, even if Wilson was offended by S&S's decision to oppose the Motion to Dismiss on behalf of Synchrony, such conduct is not actionable under GBL § 349.

### POINT IV

### THE JUDICIARY LAW § 487 CLAIM SHOULD BE DISMISSED AGAINST S&S FOR FAILURE TO STATE CLAIM

To state a claim under Judiciary Law § 487, a plaintiff must allege that the defendant intentionally deceived the plaintiff or the court in a pending litigation, causing the plaintiff damages.  Jean v. Chinitz, 163 A.D.3d 497 (1st Dep't 2018); Doscher v. Mannatt, Phelps & Phillips, LLP, 148 A.D.3d 523, 524 (1st Dep't 2017).  "A cause of action under the statute 'requires a showing of 'egregious conduct or a chronic and extreme pattern of behavior' on the part of the defendant attorneys that caused damages.'"  Remler v. Cona Elder Law, PLLC, 2022 WL 4586243, at *6 (E.D.N.Y. Sept. 29, 2022) (quoting Facebook, Inc. v. DLA Piper LLP (US), 134 A.D.3d 610, 615 (1st Dep't 2015)).  "Moreover, plaintiff's allegations of deceit or the intent to deceive must be pled with particularity."  Ibid.

First, Wilson has not alleged the sort of egregious conduct targeted by the statute.  Again, there is no allegation that S&S instructed J&E or Lamb to fake service on Wilson.  (See FAC at ¶ 2).  In opposing Wilson's Motion to Dismiss in the Collection Action, S&S argued the law – which is not actionable under Judiciary Law § 487.  See Bill Birds, Inc. v. Stein Law Firm, P.C., 35 N.Y.3d 173, 180 n.3 (N.Y. 2020) ("Judiciary Law § 487 does not encompass the filing of a pleading or brief containing nonmeritorious legal arguments, as such statements cannot support a claim under the statute.");  Remler, 2022 WL 4586243, at *7 ("Even assuming that Cona's underlying state court litigation was a frivolous lawsuit intentionally pursued for the purpose of obtaining legal fees, the New York Court of Appeals has recently confirmed that plaintiff cannot invoke sanctions under Judiciary Law § 487, given that other curative mechanisms are available to address the filing of frivolous lawsuits, such as litigation sanctions, attorney misconduct proceedings, and legal malpractice actions.").

Second, Wilson fails to allege specific facts demonstrating that S&S acted with the intent to deceive her or the Civil Court.

Third, the Amended Complaint pleads no cognizable actual damages.  A Judiciary Law § 487 claim requires ""**pecuniary** damages resulting from the alleged wrong." Jaroslawicz v. Cohen, 12 A.D.3d 160, 161 (1st Dep't 2004) (emphasis added); Dupree v. Vorhees, 153 A.D.3d 601, 603 (2d Dep't 1017).  Here, the travel costs Wilson allegedly incurred in retaining counsel and preparing the Motion to Dismiss were not caused by S&S.

Accordingly, Wilson's cause of action under Judiciary Law § 487 should be dismissed for failure to state a claim.

## POINT V

### THE NEGLIGENCE CLAIMS SHOULD BE DISMISSED AGAINST S&S FOR FAILURE TO STATE CLAIM

"'Under New York law … a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on the defendant's part to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof."" Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 177 (2d Cir. 2013) (citation omitted).  A claim for gross negligence additionally requires that the defendant's conduct 'evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing.'" Remler, 2022 WL 4586243, at *8 (quoting Am. Tel. & Tel. Co. v. City of New York, 83 F.3d 549, 556 (2d Cir. 1996)).

First, as counsel for Synchrony in the Collection Action, S&S owed Wilson no duty.  "[I]t is well settled 'that any attorney may not be held liable for negligence in the provision of professional services adversely affecting one with whom the attorney is not in contractual privity.'" Ilkowitz v. Durand, 2018 WL 1595987, at *12 (S.D.N.Y. Mar. 27, 2018) (quoting Natl. Westminster Bank USA v. Weksel, 124 A.D.2d 144, 145 (1st Dep't 1987)).

Second, the Amended Complaint fails to allege even ordinary negligence on the part of the S&S, let alone recklessness. It is "ordinary practice in the legal field" to "trust[] a sworn affidavit" of service from a licensed process server. <u>Shad v. Zachter PLLC</u>, 2024 WL 2061703, at *6 (S.D.N.Y. May 3, 2024). Lamb was a licensed process server. (FAC at ¶ 23). Moreover, even during the Motion to Dismiss, Wilson failed to proffer conclusive evidence refuting Lamb's Affidavit of Service.

Third, Wilson cannot show proximately caused damages. The Collection Action was dismissed pre-judgment. She was never held liable for a single dollar.

Accordingly, Wilson's cause of action for negligence and gross negligence should be dismissed against S&S for failure to state a claim.

## <u>CONCLUSION</u>

For all the foregoing reasons, S&S respectfully requests that this Court grant its motion and dismiss the Amended Complaint against S&S under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Dated: Woodbury, New York
August 8, 2025

**KAUFMAN DOLOWICH LLP**

By: _____
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendant*
*Selip & Stylianou, LLP*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

16