UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA WILSON, ,<br><br>　　　　　　Plaintiff,<br><br>　　　-against-<br><br>SELIP & STYLIANOU, LLP; J & E PROCESS SERVERS; and BENJAMIN LAMB, ,<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-4108-ALC |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT J&E PROCESS SERVERS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

　　　　　　　　　　　　　　　　　WOOD, SMITH, HENNING & BERMAN LLP

　　　　　　　　　By:　Garry T. Stevens Jr., Esq.
　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　J & E Process Servers
　　　　　　　　　　　5 Waller Avenue, Suite 200
　　　　　　　　　　　White Plains, New York 10604
　　　　　　　　　　　(914) 353-3877
　　　　　　　　　　　stevens.g@wshblaw.com

## TABLE OF CONTENTS

I.   Plaintiff Fails to Establish Article III Standing Because She Cannot Allege that Her Injuries are Fairly Traceable to J&E ............................................................. 1

II.  Plaintiff's Claims Against J&E All Suffer from the Same Defect – Plaintiff Cannot Allege a Cognizable Breach or Violation ............................................... 3

III. Conclusion ............................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Ergas v. Eastpoint Recovery Grp., Inc.*,
　No. 20-CV-333S, 2022 WL 1471348 (W.D.N.Y. May 10, 2022).............................................. 3

*Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 144 S.Ct. 1540, 219 L.Ed.2d
　121 (2024)................................................................................................................................ 1

*Guzman v. Mel S. Harris & Assocs.*, LLC,
　No. 16 CIV. 3499 (GBD), 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018) ................................ 4

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*,
　37 N.Y.3d 169, 171 N.E.3d 1192 (2021)................................................................................. 4

*M&T Mortg. Corp. v. White,*
　*No*. 04-CV-4775-NGG-VVP, 2006 WL 47467 (E.D.N.Y. Jan. 9, 2006) .................................. 1

*Maddox v. Bank of New York Mellon Tr. Co.*,
　N.A., 19 F.4th 58 (2d Cir. 2021)............................................................................................ 2, 3

*Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*,
　710 F.3d 71 (2d Cir. 2013)....................................................................................................... 1

*Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2*,
　No. 18-cv-1781-PGG-BCM, 2023 WL 6290622 (S.D.N.Y. Sept 27, 2023)............................. 2

Similarly in *Onfroy v. Law Offices of Geoffrey T. Mott, P.C.*,
　751 F.Supp.3d 195 (E.D.N.Y. 2024) ....................................................................................... 2

*Spokeo, Inc. v Robins*,
　578 US 330, 136 S Ct 1540, 194 L Ed 2d 635 (2016), as rev (May 24, 2016) ........................ 1

*Sykes v Mel S. Harris and Assoc. LLC*,
　780 F3d 70 (2d Cir 2015)......................................................................................................... 3

**Statutes**

15 U.S.C. § 1692a(6)(D)................................................................................................................ 4

15 U.S.C.A. § 1692e ...................................................................................................................... 4

15 U.S.C.A. § 1692f ....................................................................................................................... 4

NYC Admin. Code § 20-409.2 ...................................................................................................... 5

Defendant J & E Process Servers ("J&E"), submits this reply in support of its motions to dismiss Plaintiff Erika Wilson's ("Plaintiff") Complaint.

## I. Plaintiff Fails to Establish Article III Standing Because She Cannot Allege that Her Injuries are Fairly Traceable to J&E

Plaintiff cannot show the alleged injuries are fairly traceable to J&E's conduct. To establish standing under Article III, a plaintiff must show an injury in fact that is fairly traceable to the challenged conduct of the defendant. *Spokeo, Inc. v Robins*, 578 US 330, 136 S Ct 1540, 194 L Ed 2d 635 (2016), as rev (May 24, 2016). Courts assess whether a causal connection exists between the injury and the actions of the defendant, requiring a clear line of causation that is not speculative or attenuated. *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin*., 710 F.3d 71, 84 (2d Cir. 2013); *Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 383, 144 S.Ct. 1540, 219 L.Ed.2d 121 (2024). Plaintiff's pleading must show that her injury "would not have occurred 'but for' the defendant's action" allegations. *M&T Mortg. Corp. v. White, No*. 04-CV-4775-NGG-VVP, 2006 WL 47467, at *5 (E.D.N.Y. Jan. 9, 2006).

Plaintiff claims injuries such as monetary and emotional damages. These include travel costs to CAMBA and emotional stress related to court proceedings. However, it is pure speculation to allege that these damages stem directly from J&E's misconduct, and not from the underlying Collections Action. Plaintiff's claims of incurred travel costs and time spent consulting counsel are typical (and necessary) expenses of litigation and insofar as Plaintiff was the defendant in a meritorious case, Plaintiff cannot reasonably allege or establish that such expenses were solely the result of J&E's alleged improper service. Similarly, Plaintiff cannot reasonably allege that the purported stress she experienced would not have occurred "but for" J&E's misconduct. Plaintiff does not and cannot contend that the underlying claims against her lacked merit or that but for

J&E's conduct, she would have been spared the anxiety of litigation. There is no "clear line of causation that is not speculative or attenuated" between J&E's alleged conduct and the claimed harm.

Plaintiff cites to *Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-cv-1781-PGG-BCM, 2023 WL 6290622 at *14 (S.D.N.Y. Sept 27, 2023) for the proposition that "the cost of a few dollars incurred by wrongful debt collection litigation" can confer standing. But Plaintiff does not allege a wrongful debt collection litigation, which was the lynchpin of the decision in *Seaman. Id.* (upholding Magistrate Judge's Report and Recommendation found standing where "every named Plaintiff 'was subjected to a wrongful lawsuit in which an adverse default judgment was entered'"). Similarly in *Onfroy v. Law Offices of Geoffrey T. Mott, P.C.*, 751 F.Supp.3d 195 (E.D.N.Y. 2024), also relied upon by Plaintiff, the issue turned on duplicative proceedings filed against the plaintiff in various forums all related to the plaintiff's failure to pay rent. *Id.* at 200. In both instances, Plaintiffs could viably allege that "but for" the defendants' alleged misconduct, they would not have incurred the expense. The same cannot be said here.

Plaintiff's alleged intangible injury fails to satisfy Article III's traceability requirement. The mere assertion of a statutory violation under the FDCPA cannot establish standing unless the alleged injury is fairly traceable to the defendant's conduct. As the Second Circuit stated in *Maddox v. Bank of New York Mellon Tr. Co.*, N.A., 19 F.4th 58, 64 (2d Cir. 2021), an injury in law must also show injury in fact under Article III. The Plaintiff must demonstrate that a statutory violation led to concrete harm, regardless of whether the rights violated were procedural or substantive. This point is further reinforced by the Seventh Circuit, which has rejected the idea that a statutory violation of the FDCPA that presents a threat to the interests Congress aimed to protect as constituting a concrete injury for standing. *Ergas v. Eastpoint Recovery Grp., Inc.*, No.

20-CV-333S, 2022 WL 1471348 at 9 (W.D.N.Y. May 10, 2022), *modified on reconsideration*, No. 20-CV-333S, 2022 WL 2128029 (W.D.N.Y. June 14, 2022)(Finding debtors alleging FDCPA violations must demonstrate that the statutory breach caused them to take detrimental actions that resulted in a mishandling of their debt).

Plaintiff's alleged harms—such as travel expenses, emotional distress, and abuse of process—do not constitute a concrete injury in fact because they stem from defending a valid Collections Action rather than from any improper service by J&E. Plaintiff cannot point to any legal authority to establish that litigation costs and emotional strain incurred in a meritorious lawsuit establish standing. Nor does the alleged lack of notice create a traceable injury. Unlike in *Sykes v Mel S. Harris and Assoc. LLC*, 780 F3d 70 (2d Cir 2015), where improper service led to wrongful default judgments, no comparable harm exists here. Consistent with *Maddox v. Bank of N.Y. Mellon Trust Co, NA.,* 19 F. 4th 58 (2nd Cir. 2021) and *Ergas*, *supra*, a mere procedural violation without concrete injury is insufficient for Article III standing; thus, Plaintiff's claims fail to demonstrate a traceable or cognizable injury.

## II. Plaintiff's Claims Against J&E All Suffer from the Same Defect – Plaintiff Cannot Allege a Cognizable Breach or Violation

J&E has moved for dismissal on the grounds that Plaintiff has failed to allege facts to knowing and intentional misconduct to support her claims against the process server. In particular, J&E points to the litany of unfounded suppositions in Plaintiff's complaint concerning the google-calculated drive times between locations and the purportedly impossible to travers distance between various locations visited by Lamb on the date he served Plaintiff in the underlying action as insufficient to establish J&E's knowledge of Lamb's alleged misconduct.

In opposition, Plaintiff first contends that knowledge is not necessary to establish liability

under the FDCPA because the FDCPA is a strict liability statute. But that is not the case where the entire basis for Plaintiff's claims relies on allegations of a fraudulent enterprise orchestrated between the debt collector, the process serving company and the process server to deprive Plaintiff of notice. Otherwise, J&E's conduct would appear to fall squarely within the process server exemption of the FDCPA. 15 U.S.C. § 1692a(6)(D).

Plaintiff points out that Ms. Wilson brings her claims under two overlapping sections of FDCPA, 15 U.S.C.A. §§ 1692e, 1692f. But those claims, too, hinge on the purported knowledge, by J&E, that Lamb would "likely never serve Ms. Wilson, but would deliver an affidavit of service and clear the way for a default judgment." Opp., p. 23, FAC, ¶ 2. But as argued in J&E's motion papers, J&E's purported knowledge is based on a retrospective, very particularized (and arguably biased) reading of google maps travel times.  Plaintiff cannot identify any rule or precedent requiring process server companies to undertake that type of analysis to ascertain the accuracy of their contractors' representations, nor are the travel times represented in the Amended Complaint so unreasonable as to support such allegations of knowledge.

Plaintiff argues in the opposition to Defendants' motion that the allegations of the Amended Complaint also satisfy each of the elements under NY Gen. Bus. Law § 349. But the Complaint alleges no facts to support the conclusion that J&E's conduct was "consumer-oriented" – the first element of a §349 claim. *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 171 N.E.3d 1192 (2021). Plaintiff only contend that defendants "conduct was directed towards consumers at large because they filed consumer collection suits in bulk and engage in sewer service on a regular basis as a part of a scheme to obtain default judgments." (quoting, *Guzman v. Mel S. Harris & Assocs*., LLC, No. 16 CIV. 3499 (GBD), 2018 WL 1665252, at *3 (S.D.N.Y. Mar. 22, 2018)). *Guzman* turned on Southern District precedent

holding "that the persistent filing of fraudulent debt collection lawsuits against New York consumers does fall within the scope of Section 349." To meet its pleading burden under §349, Plaintiff must allege conduct substantiating a fraud claim – but again, beyond the conclusory allegations in her complaint, she simply does not adequately allege fraudulent (intentional) conduct on behalf of J&E.

Plaintiff's negligence claim against J&E rests on its claim that J&E breached its obligations under the FDCPA. As noted above, because Plaintiff fails to state a claim under FDCPA, it's negligence claim must also fail. Similarly, Plaintiff's claim under NYC Admin. Code § 20-409.2 is derivative of its other claims, and requires a failure to comply with standards applicable to process servers.

**III.     Conclusion**

For the foregoing reasons, the Court should grant J&E's motion to dismiss in its entirety. Plaintiff fails to establish Article III standing because her alleged harms are not fairly traceable to any conduct by J&E. Rather, they stem from defending a valid collections action, not from any purported defect in service, rendering the alleged injuries speculative and attenuated under controlling standing principles. Moreover, Plaintiff's reliance on cases involving wrongful debt collection actions or default judgments is misplaced, as no comparable wrongful litigation or adverse judgment exists here. Accordingly, Plaintiff cannot establish the requisite causal connection to support standing.

Independently, each of Plaintiff's claims fails on the merits. They rely on conclusory allegations of a fraudulent scheme and speculative assertions imputing knowledge to J&E based on post hoc Google travel-time suppositions. Such allegations are insufficient to overcome the process server exemption or to establish liability under §§ 1692e and 1692f of the FDCPA without

plausible facts showing J&E's knowledge, participation, or noncompliance with applicable process server standards. Likewise, Plaintiff's GBL § 349 claim fails because the alleged conduct is not consumer-oriented and lacks particularized allegations of intentional, fraud-like behavior. Plaintiff's negligence and NYC Admin. Code § 20-409.2 claims are derivative of these same deficient fraud theories and therefore also fail.

DATED: November 7, 2025

        WOOD, SMITH, HENNING & BERMAN LLP

By: _____
    Garry T. Stevens Jr.
    *Attorneys for J & E Process Servers*
    5 Waller Avenue, Suite 200
    White Plaint, New York 10601
    914.353.3877
    gstevens@wshblaw.com