UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERIKA WILSON,

                                 Plaintiff,                Case No.: 1:24-cv-4108-ALC

     - against -

SELIP & STYLIANOU, LLP; J & E PROCESS
SERVERS; and BENJAMIN LAMB.

                                Defendants.
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BENJAMIN LAMB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

**GORDON REES SCULLY MANSUKHANI, LLP**

*Attorneys for Defendant Benjamin Lamb*

Sarah Prager, Esq.
Joseph Salvo, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
sprager@grsm.com
jsalvo@grsm.com

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT .................................................................................................................. 1

    POINT 1 PLAINTIFF'S FAC MUST BE DISMISSED AGAINST LAMB FOR LACK OF SUBJECT MATTER JURISDICTION ................................................. 1

        A.    Plaintiff's Alleged Intangible Harm Lacks a Common Law Analogue...... 2

        B.    Plaintiff's Alleged Tangible Harm is Not Traceable to Lamb .................... 5

CONCLUSION ............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baptiste-Elmine v. Richland & Falkowski, PLLC*,
  2025 WL 974346 (E.D.N.Y. Apr. 1, 2025) ...............................................................................3

*Food & Drug Admin. v. All. For Hippocratic Med.*,
  602 U.S. 367 (2024) ..................................................................................................................2

*Kola v. Forster & Garbus LLP*,
  2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021) ..........................................................................2

*M&T Mortg. Corp. v. White*,
  2006 WL 47467 (E.D.N.Y. Jan. 9, 2006) ...............................................................................2, 6

*Maddox v. Bank of N.Y. Mellon Trust Co.*,
  19 F.4th 58 (2d Cir. 2021) .........................................................................................................2

*Makhnevich v. Bougopoulos*,
  2022 WL 939409 (E.D.N.Y. Mar. 29, 2022) ............................................................................4

*Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*,
  710 F.3d. 71 84 (2d Cir. 2013) ..............................................................................................2, 6

*Onfroy v. Law Offices of Geoffrey T. Mott, P.C.*,
  751 F. Supp.3d 195, 2024 WL 4350489 (E.D.N.Y. Sept. 30, 2024) ................................4, 5, 6

*Seaman v. Nat'l Collegiate Student Loan Tr.*,
  2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023) .....................................................................4, 5, 6

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ..................................................................................................................2

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ..................................................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................................7

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................7

Defendant Benjamin Lamb ("Lamb"), by and through his attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits this reply memorandum of law in further support of his motion to dismiss Plaintiff Erika Wilson's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") 12(b)(1) and (6).

## PRELIMINARY STATEMENT

Plaintiff's FAC must be dismissed against Lamb based on Plaintiff's failure to plead a concrete injury-in-fact. In contrast to the "sewer service" cases relied upon by Plaintiff in her failed attempt to manufacture a claim, a judgment in the debt collection action, entitled *Synchrony Bank v. Erika N. Wilson*, Index No. CV-005361-23/BX (the "Underlying Action"), was never entered against Plaintiff. Moreover, Synchrony Bank ("Synchrony"), the plaintiff in the Underlying Action, never sought a default judgment against Plaintiff, Plaintiff interposed an answer, and the Underlying Action was discontinued before it became necessary to evaluate whether Plaintiff had defaulted. Noticeably absent from the FAC is any allegation that Synchrony's claims in the Underlying Action were frivolous, or that she suffered any adverse harm, other than the general stress that accompanies a lawsuit and travel expenses.

For the reasons set forth herein and in Lamb's memorandum of law in support, Plaintiff's FAC must be dismissed.

## LEGAL ARGUMENT

### POINT 1
### PLAINTIFF'S FAC MUST BE DISMISSED AGAINST LAMB FOR LACK OF SUBJECT MATTER JURISDICTION

As demonstrated in Lamb's underlying memorandum of law, Plaintiff's FAC must be dismissed as Plaintiff does not have standing under Article III of the United States Constitution.

"Article III standing requires plaintiffs to show (1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed

1

by a favorable decision." *Maddox v. Bank of N.Y. Mellon Trust Co.*, 19 F.4th 58, 62 (2d Cir. 2021) (internal citations and quotations omitted).

"[W]hether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Maddox*, 19 F.4th at 63 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "[P]hysical and monetary harms, along with other traditional harms, readily qualify as concrete[.]" *Id*. "Intangible harms also may be concrete, provided they satisfy the 'close relationship' analysis, in which the 'inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury.'" *Kola v. Forster & Garbus LLP*, 2021 WL 4135153, at *4 (S.D.N.Y. Sept. 10, 2021) (quoting *TransUnion*, 594 U.S. at 424).

Further, to establish standing under Article III, a plaintiff must show an injury in fact that is fairly traceable to the challenged conduct of the defendant. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 (2016). Courts assess whether a causal connection exists between the injury and the actions of the defendant, requiring a clear line of causation that is not speculative or attenuated. *See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d. 71 84 (2d Cir. 2013); *Food & Drug Admin. v. All. For Hippocratic Med.*, 602 U.S. 367, 383 (2024). A plaintiff must sufficiently plead that her injury "would not have occurred 'but for' the defendant's action." *M&T Mortg. Corp. v. White*, 2006 WL 47467, at *5 (E.D.N.Y. Jan. 9, 2006).

Here, Plaintiff cannot and has not demonstrated that she has suffered an injury in fact that is traceable to Lamb's alleged conduct. Therefore, the FAC must be dismissed.

**A.     Plaintiff's Alleged Intangible Harm Lacks a Common Law Analogue**

Plaintiff argues that she suffered "intangible injury because the harms she experienced— lost time, being denied notice of the lawsuit against her through purposeful improper service, and

2

being in default in the lawsuit—have a close relationship to harms that are a basis for redress under common law unjustified litigation torts." *See* ECF Doc. 101, at pp. 2-3. Yet, the cases relied upon by Plaintiff in support of the proposition that she sustained "intangible injury" by being subject to litigation conduct analogous to torts such as malicious prosecution and abuse of process are entirely inapposite.

For instance, Plaintiff incorrectly asserts that *Baptiste-Elmine v. Richland & Falkowski, PLLC*, 2025 WL 974346 (E.D.N.Y. Apr. 1, 2025) bears resemblance to the instant matter and supports the notion that Plaintiff suffered intangible injury analogous to unjustified litigation torts. *See* ECF Doc. 101, at pp. 11, 16. To the contrary, in *Baptiste-Elmine*, the plaintiffs alleged that the defendants attempted to collect debts for which the statute of limitations had expired, without disclosing that debts were time-barred. *Baptiste-Elmine*, 2025 WL 974346, at *1-2. The court held that the plaintiffs adequately pleaded intangible injuries, such as emotional distress, out-of-pocket expenses, and lost time, which can amount to concrete injury for the purposes of establishing standing under Article III. *Id.* at *5. Additionally, the court explained that emotional distress related to a risk of future injury is recognized as a harm that can form the basis for Article III standing, provided it is of such intensity or duration that no reasonable person could be expected to endure it. *Id.* at *6. The Court also recognized that out-of-pocket expenses and lost time associated with mitigating a risk of future harm can satisfy the concrete-injury requirement. *Id.* However, these expenses and lost time must foreseeably arise from a material risk of future harm to independently support standing. *Id.* The plaintiffs in *Baptiste-Elmine* plausibly alleged that they incurred such expenses and lost time due to the threat of foreclosure, which involved false or misleading claims about time-barred debt. *Id.* at *7.

Unlike in *Baptiste-Elmine*, the nature of Plaintiff's allegations are entirely dissimilar.

3

Indeed, Plaintiff's allegations are premised upon the alleged falsified service in a debt collection action, not any alleged impropriety related to the lawsuit's lack of merit as in *Baptiste*-Elmine. Further, the alleged falsified service had no impact on the Underlying Action's ultimate discontinuance, which occurred prior to any traverse hearing. Plaintiff interposed an answer in the Underlying Action before it became necessary to evaluate whether she had defaulted in responding to the Underlying Action Complaint. It was her choice to file a motion to dismiss and incur the costs associated therewith. Plaintiff was unharmed by any alleged defective service of process as no default judgment was ever entered, nor was a motion for default judgment filed. Accordingly, Plaintiff's reliance on *Baptiste-Elmine* fails to demonstrate that she suffered a concrete injury in fact sufficient to confer standing.

Similarly, Plaintiff's erroneous reliance upon *Makhnevich v. Bougopoulos*, 2022 WL 939409 (E.D.N.Y. Mar. 29, 2022) does not support Plaintiff's assertion that she suffered an intangible injury with a common law analogue. In *Makhnevich*, Plaintiff failed to demonstrate a genuine issue of material fact as to whether sewer service actually occurred. The Court's determination that the plaintiff had established Article III standing was based on the Defendants' alleged misconduct during the civil court action and not based on the plaintiff's allegations of sewer service. The Court's holding that Plaintiff's claims shared a "close relationship" with "common-law unjustifiable-litigation torts" was not, as Plaintiff suggests, based on the plaintiff's allegations of sewer service. *Id.* at *5, n. 7. Accordingly, Plaintiff's claims and allegations are entirely dissimilar from *Makhnevich* and do not support Article III standing.

Furthermore, *Onfroy v. Law Offices of Geoffrey T. Mott, P.C.*, 2024 WL 4350489 (E.D.N.Y. Sept. 30, 2024) and *Seaman v. Nat'l Collegiate Student Loan Tr.*, 2023 WL 6290622 (S.D.N.Y. Sept. 27, 2023), which Plaintiff also cites in opposition to Defendants' respective

4

motions to dismiss, are distinguishable and fail to demonstrate that Plaintiff sustained intangible injury analogous to unjustified litigation torts. In *Onfroy*, the plaintiff was a tenant whose landlord sued her twice for the same debt, at the same time, using the same counsel. The *Onfroy* court specifically held that duplicative litigation constituted an "unfair or conscionable means of debt collection" and that having to appear for the second litigation, *i.e.*, incurring expenses and missing work days was sufficiently concrete. *Id.* at *3-4. The plaintiffs in *Seaman* also attacked the merits of the collection cases against them, alleging the defendants used false affidavits concerning the debts to procure improper default judgments that the plaintiffs then "fought back" to vacate. *See Seaman*, 2023 WL 6290622, at *10, 14. Like in *Makhnevich* and *Baptiste-Elmine*, the alleged impropriety in *Onfroy* and *Seaman* related to the lawsuit's lack of substantive merit. Here, Plaintiff does not allege that the Underlying Action was frivolous or lacked merit. In contrast, Plaintiff admits that she received notice of the Underlying Action via the Notice Form shortly after commencement and chose to invoke a waivable procedural defense to obtain dismissal of a lawsuit that she could not defeat on the merits.

In light of the foregoing, it is abundantly clear that Plaintiff's alleged intangible injury bears no common law analogue. As such, Plaintiff has not and cannot demonstrate a concrete injury-in-fact to confer Article III standing.

**B.    Plaintiff's Alleged Tangible Harm is Not Traceable to Lamb**

Plaintiff's contention that she suffered "tangible" harms in the form of lost time and money retaining CAMBA and filing the motion to dismiss in the Underlying Action also do not support Article III standing. First, Plaintiff does not allege that she would have proceeded *pro se* if she had been served with the Complaint in the Underlying Action. Second, the costs incurred in filing a motion to dismiss in the Underlying Action was her choice, as she timely interposed an answer

5

and was otherwise unharmed by any defective service of process. Defending the Underlying Action was an expense that would be incurred regardless of process. Ultimately, no default judgment was ever entered in the Underlying Action against Plaintiff.

It is entirely speculative to assert that such monetary damages stem directly from Lamb's conduct, and not from the Underlying Action. Plaintiff's incurrence of travel costs and time spent consulting counsel are typical and necessary expenses of litigation. Insofar as Plaintiff was the defendant in a meritorious action, she cannot reasonably allege or establish that such expenses were solely the result of Lamb's conduct. There simply is no "clear line of causation that is not speculative or attenuated," as required in order to confer standing. *See Nat. Res. Def. Council*, 710 F.3d at 84. Likewise, Plaintiff's allegations are insufficient to demonstrate that her alleged tangible harm suffered would not have occurred but for Lamb's allegedly improper service. *See M&T Mortg. Corp.* 2006 WL 47467, at *5.

Plaintiff's reliance on *Seaman* and *Onfroy* also do not support the notion that Plaintiff's alleged monetary harm in retaining CAMBA and filing a motion to dismiss confer Article III standing. Unlike in *Seaman*, Plaintiff does not allege wrongful debt collection litigation, which was the lynchpin of the court's holding in *Seaman*. *See Seaman*, 2023 WL 6290622, at *14 (upholding the Magistrate Judge's Report and Recommendation where "every named Plaintiff 'was subjected to a wrongful lawsuit in which an adverse default judgment was entered'"). Similarly, in *Onfroy*, the issue turned on duplicative proceedings filed against the plaintiff in various forums regarding the plaintiff's failure to pay rent. *See Onfroy*, 2024 WL 4350489. In both *Seaman* and *Onfroy*, the plaintiffs could viably allege that but for the defendants' alleged misconduct, they would not have incurred the expense. No comparable harm or traceability exists here.

6

Ultimately, there is no causation between an alleged falsified affidavit of service and Plaintiff's alleged damages, thereby warranting dismissal of the FAC.

## **CONCLUSION**

Based upon the foregoing, Lamb respectfully requests that this Court dismiss Plaintiff's FAC, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dated: New York, New York
November 7, 2025

                          **GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s/ *Sarah Prager*
       Sarah Prager, Esq.
       Joseph Salvo, Esq.
       *Attorneys for Defendant*
       BENJAMIN LAMB
       One Battery Park Plaza, 28th Floor
       New York, NY 10004
       (212) 269-5500
       sprager@grsm.com
       jsalvo@grsm.com