UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
ERIKA WILSON,                                                       :   Index No.: 1:24-cv-04108-ALC
                                                                    :
                              Plaintiff,                            :
                                                                    :   **NOTICE OF**
                                                                    :   **SUPPLEMENTAL**
                                                                    :   **AUTHORITY**
           – against –                                              :
                                                                    :
SELIP & STYLIANOU LLP; J & E PROCESS                                :
SERVERS; INTER COUNTY JUDICIAL SERVICES;                            :
and BENJAMIN LAMB.                                                  :
                                                                    :
                              Defendants.                           :
                                                                    X
-----------------------------------------------------------------------

      Plaintiff Erika Wilson respectfully submits this notice of supplemental authority regarding *Calixto v. A. Balsamo & Rosenblatt, P.C.*, No. 2022-03787, 000 N.Y.S.3d ----, 2025 WL 3466767, at *1 (N.Y. App. Div., 2d Dep't Dec. 3, 2025), in connection with Defendant Selip & Stylianou's ("S&S") pending Motion to Dismiss (ECF No. 96), Plaintiff's Consolidated Opposition (ECF No. 101), and S&S' Reply (ECF No. 108). The decision is attached hereto as Exhibit 1.

      The Appellate Division, Second Department's decision in *Calixto* directly addresses Defendant Selip & Stylianou LLP's ("S&") argument in its motion to dismiss that Ms. Wilson failed to state a claim under N.Y. Judiciary Law § 487. S&S contended that it merely "argued the law" in the underlying collection action against Ms. Wilson, which it claims is not actionable under the statute. (ECF No. 96, S&S MTD, at 14.) In support, S&S cited to *Remler v. Cona Elder Law, PLLC*, 2022 WL 4586243, at *6 (E.D.N.Y. Sept. 29, 2022), which rejected a plaintiff's claim under Judiciary Law § 487 about the defendant's filing of a frivolous state court

lawsuit because "other curative mechanisms are available" to address such conduct. (*Id.*; *see also* ECF No. 108, S&S Reply at 9.)

*Calixto*, however, held that the plaintiff there had stated a claim under Judiciary Law § 487 where:

> [T]he complaint alleged that the attorney defendants continued to litigate against the plaintiff despite having knowledge that the building defendants had misrepresented the amount owed and had misrepresented that the building was properly registered under rent-stabilization laws. The complaint further alleged that the attorney defendants were engaged in similar lawsuits against additional tenants.

2025 WL 3466767, at *3. The opinion thus confirms that a Judiciary Law § 487 claim is available against attorneys who pursue baseless litigation against consumers with the intent to deceive, (*see also* ECF No. 101, Pl.'s Consolidated Opp. at 35–37), and makes clear that *Remler*'s categorical holding was incorrect.

Dated: January 7, 2026

                                                Respectfully submitted,

By: <u>Divya Subrahmanyam, Esq.</u>
CAMBA LEGAL SERVICES, INC.
Naomi Young, Of Counsel
Matthew Schedler, Of Counsel
Elizabeth Miller, General Counsel
20 Snyder Ave.
Brooklyn, NY 11226
Phone: (718) 940-6311
Divya.Subrah@camba.org

LAW OFFICE OF AHMAD KESHAVARZ
Ahmad Keshavarz, Esq.
16 Court St., #2600
Brooklyn, NY 11241
Phone: (718) 522-7900
ahmad@NewYorkConsumerAttorney.com

*Attorneys for Plaintiff*